academic credits; and that the J.D. and LL.M degrees conferred by said institutions were duly valued by objective bodies as having a much higher market value than degrees conferred by Quinnipiac University;

6. That Plaintiff, both as a Quinnipiac student and a Visiting Student, consistently demonstrated academic ability at a sufficiently high level to assure successful completion of the curriculum required by the proposed transferee institutions, all top-tier law schools; and was attested to by two Quinnipiac faculty members.

7. That by reason of Defendant King's slanderous and libelous publications, Plaintiff's applications for transfer were suspended; and unnecessarily protracted; resulting in Plaintiff's inability to complete, in due course, the degree program of her academic program of choice, with accompanying loss of earnings and status;

8. That, as direct and proximate result of Defendant King's wrongful acts, Plaintiff was subjected to contempt and ridicule; and incurred damage to reputation; and has suffered great pain and mental anguish, all to Plaintiff's damage.

## COUNT ONE - COMMON LAW DEFAMATION

In order to sustain a defamation claim against Defendant King and Defendant Quinnipiac University, Plaintiff must plead and prove five (5) elements: (1) that Defendant King and/or Defendant Quinnipiac University made the alleged statement; (2) that it was defamatory; (3) that it was published to someone other than Plaintiff; (4) Plaintiff was injured; and (5) Plaintiff's injuries were caused by Defendant's defamatory statements.

5

When statements cast aspersions upon a plaintiff's professional competence, reputation, or standing, defamation is *per se*, and damages need not be proved; the presumption is that the plaintiff was injured by the statement.

Minnesota law, in common with that of Connecticut and New Jersey, has a broad definition of "defamatory", which reflects the high value placed upon reputation and good name, and relies upon the defenses of truth and privilege to prevent hardships or inequities to the speaker. A defamatory statement has been uniformly defined as any statement which tends to harm a plaintiff's reputation, and thereby lower him in the opinion of others, in either social or business respects.

As and for her defamation claim against Defendant King and Defendant Quinnipiac University, Plaintiff states as follows:

1. That on or about May 24, 2000, Defendant King published to Quinnipiac employee Mary Ellen Durso, and other persons not known to Plaintiff, the fact that Plaintiff was not in good standing as a Quinnipiac University student as of May 24, 2000;

2. That on or about May 24, 2000, Defendant King published this same statement to employees of the University of Minnesota and Georgetown University.

3. That the statements by Defendant King as to Plaintiff's standing were false on the basis that, in accordance with Plaintiff's contract with Cogan, Plaintiff withdrew from Quinnipiac University on or about May 8, 2000 to transfer to another institution, with Cogan's knowledge and approval, and further supported by two letters of recommendation by Quinnipiac faculty;

6

4. That defamatory statements published by Defendant King operated to disparage Plaintiff's academic fitness and fitness to practice the law and to pursue her chosen profession within the financial services industry, and are defamatory *per se*.

5. That, as a direct and proximate result of Defendant King's statements, Plaintiff was injured in that her academic progress was delayed and unduly prolonged, resulting in damage to Plaintiff's progression in her chosen career.

6. That Defendant King and Defendant Quinnipiac University acted maliciously and recklessly in breaching its contract and in making defamatory statements against Plaintiff, with reckless disregard for the interests of Plaintiff.

WHEREFORE, Plaintiff prays and demands judgment against Defendant in an amount in excess of $75,000 that will fairly and adequately compensate her for her injuries and losses, together with interest thereon and her costs of this action, and for such other relief as the court deems just and proper, including, but not limited to:

Compensatory damages, including consequential, special, and incidental damages accruing to Defendants' breach of contract and injury to Plaintiff's general reputation and good name in her community; emotional and psychological harm; physical harm and suffering; loss or earnings and prospective economic injury; and damages from republication or repetition by third persons that was foreseeable by Defendants' publication;

Punitive damages, and for other such relief as the court deems just and proper.

JURY TRIAL DEMAND

DATED: May 22, 2002

BY: *[signature]*

Barbara R. Burns

7