FILED

2003 NOV -3 P 12: 39

U.S. DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barbara R. Burns : | CIVIL ACTION |
| Plaintiff : | |
| : | NO: 302CV 00897(RNC) |
| V. : | |
| : | |
| David S. King : | October 31, 2003 |
| Defendant : | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND OBJECTION TO PLAINTIFF'S SEPTEMBER 20, 2003 AFFIDAVIT**

On June 12, 2003, the defendant, David King, moved for a protective order in response to the plaintiff's effort to propound interrogatories beyond the Court ordered (Martinez, U.S.M.J.) deadline of May 30, 2003 and the plaintiff's effort to conduct depositions after this court ordered deadline. The Court has not yet ruled upon the defendant's motion for protective order. Now, over three months after that motion was filed, the plaintiff has filed an Affidavit, but has not indicated to which objection or motion it allegedly supports. Given the fact that this Court (Chatigny, U.S.D.J) on September 29, 2003, endorsed the September 2, 2003 Recommended Ruling of Magistrate Judge Martinez on the various outstanding discovery motions, there appear to be only four outstanding motions pending before this Court: the defendant's Motion for Protective Order dated June 12, 2003, the defendant's Motion for Summary Judgment dated May 19, 2003, the defendant's Motion to Dismiss dated May 19, 2003, and the defendant's Objection to the Plaintiff's Motion for Extension of Time dated June 19, 2003 (filed in response to the

1

plaintiff's motion dated June 4, 2003). Given the substance of the plaintiff's September 20, 2003 affidavit, it is assumed that the plaintiff is submitting it in opposition to the Motion for Protective Order. As a preliminary matter, this affidavit is filed long after the federal and local rules regarding dates for responding to motions. Nevertheless, in the interest of clarifying a variety of misstatements and factual inaccuracies, the defendant hereby responds to the plaintiff's affidavit, via this supplemental memorandum.

First of all, in paragraph four of her affidavit, the plaintiff asserts, "[t]hat on or about April 1, 2003, Plaintiff served upon defense counsel **Plaintiff's Second Request for Admissions to Defendant**, appended hereto as Exhibit A, and to which, in more than five months, the Defendant has never responded." This excerpt from the plaintiff's sworn affidavit is factually inaccurate in at least two substantial ways. First, the plaintiff did not, on or about April 1, 2003, serve upon defense counsel **Plaintiff's Second Request for Admissions**. (See attached Conway Affidavit). Nor has **Plaintiff's Second Request for Admissions** ever been served by plaitniff upon defense counsel at any other time (See attached Conway Affidavit). In fact, the actual exhibit appended to the plaintiff's affidavit is entitled **Plaintiff's Second Set of Interrogatories to Defendant**. As such, it is an entirely different document than the one that she refers to in her affidavit, and was not received by defense counsel until on or after June 4, 2003, when it was forwarded by the plaintiff via fax and e-mail. (See attached Conway Affidavit). It was not properly served upon the defendant via regular mail until on or after June 9, 2003. Regardless of whether the actual date of service was June 4th or June 9th, **Plaintiff's Second Set of Interrogatories to Defendant**, was not propounded upon the defendant until after the Court-

2

mandated deadline for discovery. The plaintiff's divergent and factually inaccurate account of this matter is curious in that it operates to both conceal her untimely service of discovery upon the defendant, and to create the false impression that the defendant has failed to comply with discovery.

To summarize, defense counsel has never been served by the plaintiff with any document entitled **Plaintiff's Second Request for Admissions to Defendant**. Further, **Plaintiff's Second Set of Interrogatories to Defendant,** which the plaintiff appended to her affidavit, was not served upon the defendant until on or after June 9, 2003. For this reason, as well as the reasons stated in the defendant's motion for protective order dated June 12, 2003, the defendant requests that his motion be granted.

DEFENDANT,
DAVID S. KING,

By: _____
Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
(860) 525-1191 fax

**CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 31st day of October, 2003 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Matthew G. Conway

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO:302CV00897(RNC) |
| V. | : | |
| David S. King | : | October 31, 2003 |
|     Defendant | : | |

### AFFIDAVIT OF MATTHEW G. CONWAY

I, Matthew G. Conway, being over the age of eighteen (18) years and believing in the obligation of an oath, hereby state as follows:

1. I am counsel to David S. King in the above matter.

2. Plaintiff Barbara R. Burns has never served upon me a document entitled "Plaintiff's Second Request for Admissions to Defendant."

3. On June 4, 2003, I received "Plaintiff's Second Set of Interrogatories to Defendant" from the plaintiff via facsimile and electronic mail.

4. On June 9, 2003, I was served by the plaintiff via first-class mail with "Plaintiff's Second Set of Interrogatories to Defendant."

                                                                      Matthew G. Conway

Subscribed and sworn to before me this 31 day of October, 2003.

                                                          Notary Public/
                                       Commissioner of Superior Court
                                           My Commission expires: