UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV 17 P 4: 04

DISTRICT COURT
HARTFORD CT

Barbara R. Burns,

    Plaintiff                                    CIVIL ACTION

v.

David S. King,                           302CV00897 (RNC)

    Defendant

---

**PLAINTIFF'S MOTION TO VACATE OCTOBER 1, 2003 ORDER OF UNITED STATES DISTRICT COURT JUDGE ROBERT N. CHATIGNY**

**FACTS AND PROCEDURAL HISTORY**

This action was filed by Connecticut attorney Earle Giovaniello on behalf of Plaintiff on May 25, 2002, and scheduled for trial on or about September 30, 2003. Plaintiff, a Minnesota resident, invoked the federal-question and diversity jurisdiction of the United States District Court for the District of Connecticut, and a choice-of-law election, specifying that Minnesota substantive law applies with respect to Plaintiff's contract and tort claims, with procedural issues governed by the law of the forum state, Connecticut.

On September 2, 2003, Magistrate Donna Martinez issued an order denying Plaintiff's Motion to Compel Discovery. The order effectively determines the action and prevents a judgment from which an appeal could otherwise be taken; and is also injunctive in nature. It is well settled that, in the case of actions in which declaratory or injunctive relief are sought, the final judgment rule has never been construed to mean that the underlying litigation must be concluded in all respects before the time for appeal begins to run. In this case, Plaintiff's right to obtain discoverable evidence that the Defendant has admitted, under oath in deposition, that he possesses clearly involves a right whose legal and practical value would be destroyed if not vindicated before trial.

Plaintiff timely appealed the September 2, 2003 order of Magistrate Donna Martinez to the United States Court of Appeals for the Second Circuit on September 29, 2003. The

1

Notice of Appeal was received by the office of the Clerk of the United States Court of Appeals for the Second Circuit prior to October 1, 2003, at which time the Chatigny order, endorsing the appealed Martinez order, was filed. Under Federal Rule of Civil Appellate Procedure 4, the appeal is deemed filed on the date that it was received by the Clerk of the Circuit Court. Thus, at the time the Chatigny order was filed on October 1, 2003, the district court was without jurisdiction to proceed with regard to the issues encompassed by Magistrate Martinez' order, which underlie the appeal. This Motion to Vacate follows.

## STANDARD FOR GRANT OF MOTION TO VACATE

A motion to vacate is proper when a district court has been divested of jurisdiction by an appeal and the authority and jurisdiction of a trial court has been suspended with respect to matters involved in the appeal. Phillips-Klein Companies v. Tiffany Partnership, 474 N.W. 2d 370 Minn. App. Ct. 1991. The Minnesota Supreme Court has held that a trial court is without jurisdiction to reconsider the merits of issues that have been raised on appeal. Spaeth v. City of Plymouth, 344 N.W. 2d 815, 824 Minn. 1984. A motion to vacate is proper in cases where a trial court order is issued without jurisdiction and/or is otherwise void. Federal Rule of Civil Procedure 60.

## ARGUMENT

In this case, Plaintiff timely appealed the September 2, 2003 Martinez order prior to entry of the October 1, 2003 Chatigny order that Plaintiff herein moves to vacate. Plaintiff's appeal expressly stated that Plaintiff invoked appellate review of the same discovery issues that underlie the Chatigny order. The October 1, 2003 Chatigny order expressly states that United States District Court Judge Chatigny reviewed and reconsidered the merits of the appealed September 2, 2003 Martinez order. The Chatigny order is therefore without jurisdiction and is properly attacked by a Motion to Vacate. Furthermore, any denial of Plaintiff's motion to vacate the order of a judicial officer duly challenged under 28 U.S.C. 455, namely, Magistrate Donna Martinez, should be

construed on appeal as an abuse of discretion. Payne v. Lee, 24 N.W. 2d, 259, 263 Minn. 1948.[1]

## CONCUSION

Since the trial court was divested of jurisdiction by Plaintiff's timely perfected appeal to the Second Circuit as of September 30, 2003, Plaintiff's instant motion to vacate the October 1, 2003 order of United States District Court Judge Robert N. Chatigny should be granted. The court should further deny as moot all motions filed by the Defendant, including, but not limited to, Defendant's Motion for Protective Order.

DATED: November 14, 2003                BY: _____
                                            Barbara R. Burns

## CERTIFICATION OF MAILING

I hereby certify that on November 14, 2003, a copy of Plaintiff's Motion to Vacate the October 1, 2003 Order of United States District Court Judge Robert N. Chatigny was mailed via United States first-class mail to Kevin Rowe, Clerk, United States District Court for the District of Connecticut at 450 Main Street, Hartford, CT 06103; and to Matthew G. Conway, Attorney of Record for Defendant David S. King, at 201 Ann Street, Hartford, CT 06103.

DATED: 11-14-03                         BY: _____
                                            Barbara R. Burns

---

[1] Stating, in pertinent part, that "a judge's failure to recognize bias as a ground for disqualification is an abuse of discretion and a violation of the Bill of Rights", which guarantees that "every person ought to be able to obtain justice freely and without purchase, completely and without denial."

3