02cv897 obj MTvac



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns<br>Plaintiff | : | CIVIL ACTION |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| David S. King<br>Defendant | : | December 8, 2003 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO VACATE**

The defendant, David S. King, hereby objects to the plaintiff's Motion to Vacate on the grounds that it is based entirely on misapplication of the applicable federal and local rules of procedure and a factually inaccurate account of the procedural history of the case. For these reasons, the plaintiff's Motion to Vacate should be denied. A brief review of the relevant procedural history follows.

**Procedural History**

On September 2, 2003, the Court (Martinez, M.J.), issued its "Recommended Ruling on Plaintiff's Discovery Motions." On or about September 18, 2003, the plaintiff filed a motion entitled "Plaintiff's Motion for Rule 72 De Novo Review and to Renew Plaintiff's Discovery Motion." On September 29, 2003, the Court (Chatigny, J.), over objection of the plaintiff, adopted the recommended ruling of Magistrate Martinez as to plaintiff's discovery motions. On October 1, 2003, the plaintiff filed a Notice of Appeal "of the September 2, 2003 order of Magistrate Donna Martinez." On November 17, 2003, the plaintiff filed "Plaintiff's Motion to

Vacate October 1, 2003, Order of the United States District Court Judge Robert N. Chatigny." It is to this latter filing by the plaintiff that the defendant hereby objects.

**Legal Authority and Analysis**

**1. The Plaintiff has Fundamentally Mischaracterized the Nature of the Recommended Ruling of the Magistrate.**

As a preliminary matter, the plaintiff has clearly misinterpreted the operative rules regarding the issuance of a recommended ruling by a magistrate judge. Specifically, FRCP 72(b) establishes that "[a] magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim . . . shall promptly conduct such proceedings as are required." Upon completion of the proceedings, "[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate." FRCP 72(b) further empowers the presiding district judge to "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." As such, the recommended ruling of the magistrate is not, standing alone, a judgment; rather, it operates merely as a recommendation of a ruling which the presiding judge may ratify, or not, depending upon the result of that judge's full and independent review of the record.

FRCP 72 (b) also provides a mechanism by which a party may object to the recommended ruling issued by the magistrate. It states that, "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." FRCP 72(b) further mandates that

the judge take any duly filed written objection into account in issuing a final determination on the recommended ruling. Specifically, FRCP 72(b) states that "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."

Rule 2(a) of the Local Rules For Magistrate Judges further specifies that a party may, within 10 days of being served with a copy of the magistrate's advisory ruling, file an objection with the Court. Rule 2(b) provides that "In the event of such objection, in matters acted on by the Magistrate in an advisory capacity under Rule 1(C)(1) or (3), supra, the Judge ultimately responsible shall make a de novo determination of those portions of the proposed decision in which objection is made, and may accept, reject or modify the recommended ruling in whole or in part."

Here, pursuant to FRCP 72 (b) and Rule 2 of the Local Rules for Magistrates, Magistrate Martinez, on September 2, 2003, issued a recommended ruling relating to a number of discovery motions filed by the plaintiff. Standing alone, this recommended ruling was neither final nor binding upon the parties. Rather, Judge Chatigny was free to accept, reject or modify the proposed ruling, based upon a full and independent review of the record. Moreover, pursuant to FRCP 72 (b) and Rule 2 of the Local Rules for Magistrates, the plaintiff had full opportunity to assert an objection to the September 2, 2003, recommended ruling of the Magistrate, and in fact did so object in her September 18, 2003, motion entitled, "Plaintiff's Motion for Rule 72 De Novo Review and to Renew Plaintiff's Discovery Motion." The Court (Chatigny, J.) expressly

recognized the plaintiff's filing of an objection in its Ruling of September 29, 2003, which reads, "After full, independent review ***and over objection***, the Magistrate Judge's recommended ruling is hereby approved and adopted in its entirety…." (emphasis added). Thus, the plaintiff both exercised and exhausted the opportunity to object to the recommended ruling of the magistrate allotted to her under the federal rules of procedure and the local rules.

Furthermore, the plaintiff's Motion to Vacate has not been properly brought because the appeal upon which it is based is without merit. This is so because the plaintiff has attempted to appeal a recommended ruling that is by its very nature neither a "final decision" qualifying for appellate jurisdictional authority under 28 U.S.C. 1291, nor can it be characterized as an "interlocutory" decision meriting appellate jurisdictional authority under 28 U.S.C. 1292. The plaintiff, in an apparent attempt to obscure this reality, asserts – without explanation or citation to a single supporting legal authority – that the Magistrate's Recommended Ruling of September 2, 2003, is "injunctive in nature." Clearly, the Court's ruling on discovery matters cannot reasonably be characterized as such. Thus, the plaintiff's appeal is void for lack of appellate jurisdiction. As such, the plaintiff's subsequent Motion to Vacate is equally flawed and invalid.

**2. The Plaintiff's Motion to Vacate is Predicated on a Misstatement of Procedural History of the Case.**

Finally, even if the plaintiff's motion to vacate were otherwise valid, it is defective to the extent that it is grounded on a factual manipulation. Specifically, the plaintiff wrongly ascribes the Order of Judge Chatigny as having been issued on October 1, 2003, which also happens to be the same date upon which the plaintiff admits that her appeal was filed with the clerk of the

District Court. The plaintiff bases her motion to vacate on her assertion that the authority of the district court to issue its order ratifying the recommended ruling of the magistrate was superceded by the plaintiff's filing of her appeal on the same day. However, one need only take a cursory glance at the actual written order of Judge Chatigny in order to see that it was issued on September 29, 2003, and not on October 1, 2003, as the plaintiff contends. Thus, Judge Chatigny's order which operated to ratify the recommended ruling of the magistrate was entered two full days prior to the plaintiff's filing of her defective appeal. As such, there exists no basis whatsoever for her present motion to vacate. For all the foregoing reasons, the plaintiff's motion to vacate should be denied.

DEFENDANT,
DAVID S. KING,

By: ______________________

Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

**CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 8th day of December, 2003 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

Matthew G. Conway