United States District Court

District of Connecticut

FILED
2003 DEC 15 P 2: 39
US DISTRICT COURT
HARTFORD CT

Barbara R. Burns,

    Plaintiff

v.

David S. King,

    Defendant

CIVIL ACTION

Case No. 302CV000897 (RNC)

PLAINTIFF'S OBJECTION TO DEFENDANT'S
"OBJECTION TO PLAINTIFF'S MOTION TO
VACATE" DATED DECEMBER 8, 2003

Plaintiff Barbara R. Burns hereby objects to Defendant David S. King's "Objection to Plaintiff's Motion to Vacate" Dated December 8, 2003 on the basis that Defendant, through counsel, has misstated key facts and mischaracterized others; and has inaccurately recounted applicable procedural rules governing filing of district court orders and appeal documents. Plaintiff notes that Defendant has not offered a single authority in support of his legally inaccurate statements that (1) appellate jurisdiction did not vest until the Notice of Appeal was processed by the U.S. District Court; and (2) the order of U.S. District Court Judge Robert N. Chatigny became of record on the date that, by Defendant's determination, Judge Chatigny prepared it and not the date—October 1, 2003—that the Clerk of the U.S. District Court filed it.

## FACTS AND PROCEDURAL HISTORY

Plaintiff appealed the September 2, 2003 order of U.S. Magistrate Donna Martinez on September 29, 2003 by timely serving upon the Clerk of the United States Court of Appeals for the Second Circuit a Notice of Appeal of the Martinez order. The appellate court transmitted the appeal documents to the district court for processing. The district court processed the appeal documents and returned them to the appeals court. It is undisputed by both the district court and the circuit court that appellate jurisdiction

vested as of the date—September 29, 2003—the Notice of Appeal was received by the appellate court, as provided by FRAP 3.

## ARGUMENT

### THE RECORD IS UNEQUIVOCAL THAT APPELLATE JURISDICTION VESTED AS OF SEPTEMBER 29, 2003 AND THAT, AS A CONSEQUENCE, THE DISTRICT COURT IS WITHOUT JURISDICTION TO PROCEED

Both the Circuit court and the district court have confirmed that appellate jurisdiction vested as of the date—September 29, 2003—that the notice of appeal was received by the circuit court, not the date that the documents were processed by the district court, as Defendant inaccurately states. The docket submitted to the appellate court by the Clerk of the U.S. District Court further substantiates that the Order of U.S. District Court Judge Robert N. Chatigny, which addresses the same issues raised on appeal, was not filed until October 1, 2003, two days after jurisdiction was transferred to the Second Circuit. The Federal Rules of Civil Procedure and the Federal Rules of Civil Appellate Procedure clearly state that a filing becomes operative when it is docketed by the Clerk, and not on the date that the party prepares it, signs it, or mails it.

In this case, the district court was divested of jurisdiction on September 29, 2003 as a consequence of Plaintiff's Notice of Appeal, tendered and received by the Clerk of the United States Court of Appeals for the Second Circuit on that date. As set forth by Plaintiff's Motion to Vacate, a motion to vacate is proper when a district court has been divested of jurisdiction. Furthermore, in consideration of the district court's inability to proceed, Defendant's motions are properly denied as moot.

## CONCLUSION

In consideration of the foregoing and of the court file, including the court docket, the court must conclude that Plaintiff's appeal of the September 2, 2003 Order of Magistrate Donna Martinez was filed by the Clerk of the United States Court of Appeals for the Second Circuit on September 29, 2003. The court should vacate the October 1, 2003 order of United States District Court Judge Robert N. Chatigny and should deny Defendant's motions as moot.

DATED: 12-10-03          BY: _____
                              Barbara R. Burns