UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|    Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | December 24, 2003 |
|    Defendant | : | |

**DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR FAILURE TO COMPLY WITH A DISCOVERY ORDER OF THE COURT**

The defendant, David S. King, hereby moves for sanctions against the plaintiff, pursuant to FRCP 37, on the grounds that she has failed to comply with court ordered discovery.

**Procedural History**

On March 27, 2003, the defendant, David King, propounded upon the plaintiff, Barbara Burns, interrogatories and requests for production. The plaintiff failed to comply substantially with this discovery within the 30-day time frame set forth in FRCP 33 (b). On May 28, 2003, the defendant, having fulfilled his obligations under the Federal Rules of Procedure and Locale Rules to attempt in good faith to resolve the matter without involvement of the Court, moved for an order or the Court compelling the plaintiff to respond fully to the written interrogatories and produce a number of requested documents. On August 29, 2003, the Court (Martinez, U.S.M.J.) denied the defendant's motion in part, without prejudice, for failure to comply with D.Conn.L.Civ.R. 37. However, the Court granted the defendant's motion to compel insofar as it requested the Court issue an order compelling the plaintiff to produce "any letter which she

1

possesses from Dean Cogan or his staff members issued on or after May 24, 2003." The defendant notes that the plaintiff has twice on the record stated that she has in her possession a copy of the letter at issue, namely during the deposition of David King on February 7, 2003[1] and also during her own deposition on April 7, 2002.[2] The plaintiff has had over three months time in which to produce a copy of the letter as required by the August 29, 2003, order of the Court (Martinez, U.S.M.J.). However, she has failed to do so. As such, the defendant herein moves for sanctions against the plaintiff based on her failure to comply with court-ordered discovery.

## Legal Authorities and Analysis

L.Civ.R. 9 (d) 5 provides that "Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made **within ten (10) days of the filing of the**

---

[1] King Deposition ¶ 99-100 "Q- If you represented to Dean Cogan that Plaintiff had an outdated letter, but, in fact, Dean Cogan himself gave that letter to Plaintiff on May 24 would that change your position? A – My position – Q – You stated that plaintiff was not in good standing. If plaintiff went to Dean Cogan office. And Dean Cogan said Judy reissue that letter, give it to Ms. Burns, plaintiff got it from Dean Cogan that same day, would that change the position you took? A – I believe, I understand your question. You said that Dean Cogan reissued the January 4, letter. That is another copy of it. Q – No, he actually issued several originals told the plaintiff to give it to Dean Sullivan? Mr. Conway: You want to show him the document you are talking about. Q – It is that letter? A – This letter is dated January 4. Q – He reissued it on May 24? Mr. Conway: You have a May 24 date on that document. Ms Burns: It is the same letter. Mr. Conway: Where is the May 24 date on it? The Witness: It was – Ms. Burns: It was reissued on May 24. Mr. Conway: Show us the reissue. Ms. Burns: This is only a copy. Mr. Conway: **You have the copy with May 24**? Ms. Burns – **I have it, but it is not with me**.

[2] Burns Deposition ¶ 133-5 "Q – Did you see the date May 24, 2000, on the letter you're referring to as being issued on May 24, 2000. A – I believe I did. Q – You believe you did? A – Yes. Q – And where is that letter? A – I think it's been produced. Q – No, it hasn't. A – At the defendant's deposition. Q – Absolutely not. You have all the exhibits from the defendant's deposition right in front of you. Where is it? A – How is that relevant? Q – Where is the letter? A – The letter is in the hands of Dean Sullivan. Q – You just said that it was produced at the defendant's deposition. A – Yes, a copy of it. Q – Where is it? A – The original of the letter is in my file. Q – Show me the copy. You have the exhibits right in front of you. Show me the copy. (Discussion off the record). A – I just see these two, this one about – let's see. Q – Refer to them by exhibit numbers, please. A – I just see exhibits 9 and 10, which appear to be the only letters from Dean Cogan. Q – And those letters are dated January 4, 2000, correct? A – They both are, correct. Q – And they're both dated January 4, 2000? A – Yes. Q – And neither is dated May 24? A – As I stated, one was issued to me May 24, 2000, and transmitted to Dean Sullivan. Q – And you don't have that today? A – Not in my possession. Q – Do you have it in your possession? A – I don't think it's in my possession right now. Q – **I don't mean physically in this room. I mean do you have it at your home in New Jersey or Minnesota**. A – Yes, it's in my possession. It's also in Dean Sullivan's possession and your client's possession. Q – **I will assume that it will be produced with your interrogatories**. A - Yes.

2

**Court's order** [emphasis added]." FRCP 37 provides the following in regards to sanctions against a party who "fails to obey an order to provide or permit discovery...":

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> **(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;**
>
> **(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;**
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination. [emphasis added].

FRCP 37 further provides that "[i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

In this case, to the extent that the array of sanctions provided for under paragraphs (a), (d) and (e) above appear inapplicable here, the defendant moves for sanctions based on paragraph (b) or (c) above. Specifically, the defendant requests that the Court sanction the plaintiff as

3

provided for by paragraph (b) by issuing an order refusing to allow that the plaintiff to support claims based on the a letter issued by Dean Cogan or his staff on or after May 24, 2000, or prohibiting the plaintiff from introducing into evidence copies of any letter issued by Dean Cogan or his staff on or after May 24, 2000. In the alternative, the defendant moves the court to issue an order based upon paragraph (c) by striking out the plaintiff's pleadings or parts thereof relating to the letter, or staying further proceeding until the letter is produced, or dismissing the action, or by rendering a judgment by default against the plaintiff for her failure to comply with the order.

DEFENDANT,
DAVID S. KING,

By: *[signature]*
Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

**CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 24th day of December, 2003 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Matthew G. Conway

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | December 24, 2003 |
|     Defendant | : | |

## DEFENDANT DAVID KING'S MOTION FOR SANCTIONS

    Pursuant to Federal Rule of Civil Procedure 37, the defendant David King hereby moves this Court for sanctions against the plaintiff for failing to comply with the Court order (Martinez U.S.M.J.), dated August 29, 2003, requiring that plaintiff produce to the defendant a copy of "any letter which she possesses from Dean Cogan or his staff members issued on or after May 24, 2003." The plaintiff has had over three months time in which to comply with the Court order, but has failed to do so. A Memorandum of Law in support of this motion is attached herewith.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1

DEFENDANT,<br>
DAVID S. KING

By: _____
Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 24th day of December, 2003 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Matthew G. Conway

2