UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| David S. King | : | January 25, 2004 |
| Defendant | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S DECEMBER 30, 2003 DATED**

**MOTION FOR SANCTIONS AND REPLY TO PLAINTIFF'S OBJECTION TO**

**DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR FAILURE**

**TO COMPLY WITH A DISCOVERY ORDER OF THE COURT**

The defendant herein objects to the plaintiff's Motion for Sanctions dated December 30,

2003 and replies to the plaintiff's Objection to defendant's Motion for Sanctions Against the

Plaintiff for Failure to Comply with Discovery.  In Section II below, the defendant sets forth the

grounds of his objection to the plaintiff's latest motion for sanctions.  In Section III below, the

defendant addresses the plaintiff's various responses regarding her failure to comply with an

order of the court.  As will be shown, the explanation offered by the plaintiff is simply not

credible.  In Section IV below, the defendant offers individual objections to the various,

collateral fabrications and misrepresentations contained within the plaintiff's brief, which serve,

ultimately, to strengthen the case for sanctions against the plaintiff, including possible dismissal,

1

along with the denial of plaintiff's requested sanctions.

## I.    **PROCEDURAL HISTORY**

On March 27, 2003, the defendant, David King, propounded upon the plaintiff, Barbara

Burns, interrogatories and requests for production.  The plaintiff failed to comply substantially

with this discovery within the 30-day time frame set forth in FRCP 33 (b).  On May 28, 2003, the

defendant, having fulfilled his obligations under the Federal Rules of Procedure and Local Rules

to attempt in good faith to resolve the matter without involvement of the Court, moved for an

order or the Court compelling the plaintiff to respond fully to the written interrogatories and

produce a number of requested documents.

On August 29, 2003, the Court (Martinez, U.S.M.J.) denied the defendant's motion to

compel in part, without prejudice, for failure to comply with D.Conn.L.Civ.R. 37.  However, the

Court granted the defendant's motion to compel insofar as it requested the Court issue an order

compelling the plaintiff to produce "any letter which she possesses from Dean Cogan or his staff

members issued on or after May 24, 2003."  The plaintiff has had over three months time in

which to produce a copy of the letter as required by the August 29, 2003, order of the Court

(Martinez, U.S.M.J.).  However, she has failed to do so.  On December 24, 2003, the defendant

moved for sanctions against the plaintiff for failure to comply with court-ordered discovery.  On

January 5, 2004, the plaintiff filed her objection intertwined with her own motion for sanctions.

It is to this objection/motion by the plaintiff to which the defendant now responds.

2

## II.    THE DEFENDANT OBJECTS TO THE PLAINTIFF'S MOTION FOR SANCTIONS ON THE GROUNDS THAT IT IS MERELY A REHASH OF HER PREVIOUS, UNFOUNDED ALLEGATIONS WHICH HAVE ALREADY BEEN REJECTED BY THE COURT

In her present brief, the plaintiff moves for sanctions against the defendant. The crux of her motion is an allegation that the defendant has engaged in discovery abuses, including the destruction of evidence. (Plaintiff's brief at 1). However, the plaintiff has offered no evidence whatsoever in support of her allegation that defendant or defense counsel engaged in the destruction of documents, or otherwise abused the discovery process. In fact, the Court (Martinez, U.S.M.J.), in its Recommended Ruling dated September 2, 2003, issued an order denying the plaintiff's motion for protective order, indicating that the defendant and defense counsel submitted affidavits attesting that they have not engaged in any document destruction and thus, denying the plaintiff's motion. (See Ruling of 9/2/03 at 6). Likewise, the plaintiff's present motion for sanctions is merely a rehash of her previous allegations which have already been rejected by the Court.

## III.   THE PLAINTIFF HAS FAILED TO PROVIDE A CREDIBLE OR COHERENT GOOD FAITH JUSTIFICATION AS TO WHY SHE SHOULD NOT FACE SANCTIONS FOR HER FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY

In her brief, the plaintiff employs at least two distinguishable strategies in challenging the defendant's motion for sanctions. First, she attempts to cast doubt upon the issue of whether the letter is now, or has ever been, in her possession. Second, she provides various rationalizations

3

as to why, even if the letter is in her possession, she need not produce it.  Each of these themes

will be addressed separately below.  As will be shown, however, the plaintiff's approaches are at

best ineffective, and at worst, an explicit attempt at deception and they ultimately serve to

strengthen, rather than weaken, the defendant's position regarding sanctions.

     As a preliminary matter, the defendant notes that the plaintiff has grounded a substantial

facet of her objection upon an erroneous description of the record before the Court.  Specifically,

the plaintiff asserts that "the Martinez discovery order cited by Defendant was timely appealed

by Plaintiff on September 29, 2003 and the appeal, which operates to divest the district court of

jurisdiction with regard to the issues raised on appeal, is still pending." (Plaintiff's 12/30/03

Brief at 1)  Later in her brief, the plaintiff elaborates on this theme, stating that "[i]n early

September 2003, Magistrate Donna Martinez issued and filed an order which, by Defendant's

account, authorizes Defendant to renew his unfounded motion for discovery sanctions against

Plaintiff." (Plaintiff's Brief at 5).  Finally, the plaintiff asserts that the "Defendant's contention

that he is authorized to renew his motion pursuant to the September 2, 2003, order of Magistrate

Donna Martinez is inaccurate and his reliance upon the Martinez order is misplaced because the

order has been appealed." (Plaintiff's Brief at 6).

     However, the defendant based its motion for sanctions for failure to comply with

discovery on the Order of Magistrate Martinez issued on **August 29, 2003**, and not, as the

plaintiff insists, on the **September 2, 2003** Recommended Ruling of the Magistrate which is the

subject of the plaintiff's defective appeal.  As such, the plaintiff's jurisdictional challenge to the

defendant's motion for sanctions is founded upon a mischaracterization of the record, and should

therefore be disregarded by the Court.

**A. Plaintiff's Deceptive and Evasive Representations Regarding her Possession of "any letter addressed by Dean Cogan or his staff on or after May 24, 2000" lack credibility and consistency.**

In her brief, the plaintiff makes a number of representations regarding her possession of the letter that, to date, she has failed to produce. Viewed together, they make clear the length to which the plaintiff is willing to go in order to confound the issue of whether she possesses a copy of a letter allegedly issued to her by Dean Cogan or his staff on or after May 24, 2000. In order to place the motion for sanctions against the proper factual backdrop, the defendant reiterates that **the plaintiff has on at least two separate occasions, on the record, expressly stated that she possesses the letter at issue.** The plaintiff first made this representation during the deposition of David King on February 7, 2003[1]; thereafter, she repeated this representation on April 7, 2002.[2]

Despite these previous statements, the plaintiff, in the introductory paragraph to her objection/motion, states that the plaintiff cannot be required to produce "documentary evidence that **(1) is not in Plaintiff's possession; and/or** [sic] **(2) is available to Defendant through other, less burdensome means…**" (Plaintiff's Brief at 1)(emphasis added). Later, the plaintiff

---

[1] King Deposition ¶ 99-100 "Mr. Conway: You have a May 24 date on that document. Ms Burns: It is the same letter. Mr. Conway: Where is the May 24 date on it? The Witness: It was – Ms. Burns: It was reissued on May 24. Mr. Conway: Show us the reissue. Ms. Burns: This is only a copy. Mr. Conway: **You have the copy with May 24**? Ms. Burns – **I have it, but it is not with me**. (emphasis added)

[2] Burns Deposition ¶ 133-5 " Q – And you don't have that today? A – Not in my possession. Q – Do you have it in your possession? A – I don't think it's in my possession right now. Q – **I don't mean physically in this room. I mean do you have it at your home in New Jersey or Minnesota.** A – **Yes, it's in my possession**. It's also in Dean Sullivan's possession and your client's possession. Q – **I will assume that it will be produced with your interrogatories.** A – **Yes**. (emphasis added)

overtly misrepresents her own deposition testimony, by stating that, during said deposition

"Plaintiff further testified truthfully that **she did not currently possess** the copies of the May 25,

2000 Cogan letter and envelope **because they were stored at Plaintiff's house in Minnesota.**"[3]

(Plaintiff's Brief at 4)(emphasis added).  In a footnote on the same page, the plaintiff suggests

that, although the document was in her possession at one time, it has since been misplaced by

contractors during renovations to her home.  The plaintiff then offers utterly unsupported

statements of fact that she, Kevin Burns, and Paul Wynes all diligently attempted to locate the

letter, without success.  (Plaintiff's Brief at 4, footnote 3).  Not a single affidavit has been offered

in support of the plaintiff's novel assertion[4] that the letter is no longer in her Minnesota house.

Later in her objection/motion, the plaintiff chastises the defendant for seeking "to punish

Plaintiff for failing to produce documentary evidence that **was and is not in Plaintiff's**

**possession**…" (Plaintiff's Brief at 6)(emphasis added).  In the corresponding footnote, the

plaintiff continues "[s]ince the discovery referenced by Defendant's instant motion **has been**

**established as not being in Plaintiff's possession**, custody, and/or control, Plaintiff cannot be

sanctioned for failing to produce it." (Plaintiff's Brief at 6)(emphasis added).  On the very same

page, the plaintiff retreats from her rather forceful assertion that the letter was not and is not in

her possession, by stating that "Defendant can establish no prejudice from the **temporary non-**

**availability of correspondence authored by Cogan**…" (Plaintiff's Brief at 6)(emphasis added).

---

[3] The defendant notes the creative, albeit evasive, definition that the plaintiff attaches to the term "possession," that one does not legally "possess" an item that is stored in one's own home.

[4] The defendant notes that no such argument was proffered by the plaintiff in response to the defendant's initial motion to compel the letter.  Nor did the plaintiff provide such an explanation, via objection, to the letter's apparent disappearance in response to the court order compelling discovery.

Finally, the plaintiff asserts that she "communicated to Defendant on April 7, 2003 and on several occasions thereafter, prior to the filing of Defendant's instant motion, that the requested materials **were not in Plaintiff's possession**; and that **Plaintiff would produce them to Defendant once they were in Plaintiff's possession**." (Plaintiff's Brief at 8)(emphasis added) Once again, the plaintiff has offered a factual assertion - this time regarding alleged communications with the defendant regarding the letter at issue – without supporting the assertion in sworn, affidavit form, much less producing copies of any such correspondence.

The plaintiff has offered a truly diverse range of responses regarding her possession of the letter. She has stated on two previous occasions that **the letter is in her possession**. Now, facing possible sanctions for failure to produce said document, she insists that the letter **it is not in her possession**, and, similarly, **that it has been established as not being in her possession**. In very nearly the same breath, the plaintiff suggests that **perhaps the letter is in her possession, but she need not produce it**. Regarding the issue of whether the plaintiff ever did possess the letter, or expects to possess it, the plaintiff informs us variously that: (1) she **does not currently possess the letter** due to its having been lost by a contractor; (2) that **it was not and is not in the plaintiff's possession**; and (3) that **it is temporarily not in her possession, but may be at some unknown point in the future**. One can only wonder whether the existence of a single piece of documentary evidence has ever received such a variety of explanations at the hands of a single party in a case. As has been shown, the plaintiff's account of her possession of the requested letter is neither coherent nor credible.

**B.** **Plaintiff has rationalized that, even if she does possess the letter, she has no obligation to produce it.**

In her objection/motion, the plaintiff further attempts to obscure the issue of violation of a court order by offering a myriad of rationalizations as to why she need not produce the letter. First, the plaintiff explains that the letter itself is of "no probative value in determining the controversy in Defendant's favor." (Plaintiff's Brief at 1). Second, she explains that the letter itself is "available to the defendant through other, less burdensome means…" (Plaintiff's Brief at 6). Additionally, the plaintiff suggests that the letter itself is "clearly not even [the] 'best evidence'" and that the defendant "himself has possessed and apparently destroyed" the letter, and that the defendant can establish no prejudice from the "temporary non-availability of correspondence authored by Dean Cogan." (Plaintiff's Brief at 6). Finally, the plaintiff states that she has no obligation to produce the letter because "the court has not yet set a trial date" and thus, there is no obligation to produce trial exhibits" (Plaintiff's Brief at 8).

This myriad of rationalizations put forth by the plaintiff can be disregarded as being rehashed arguments already offered by the plaintiff on the issue, or, alternatively, those concocted, at the eleventh hour, in response to the defendant's present motion for sanctions. Regardless, none of the plaintiff's offerings operate to relieve the plaintiff of her obligation to comply with a binding order of the Court. Rather, they appear to have been offered for no other purpose than to divert attention from the real issue here: that the plaintiff has been ordered by the Court to produce documentary evidence in her possession, but has failed to do so.

The defendant objects to this attempt by the plaintiff to engage the defendant and the

8

court in a shell game whereby the existence of an evidentiary item materializes into or out of existence via the plaintiff's convoluted interpretations of legal terminology and her consistently changing position. The plaintiff's misleading and evasive tactics in this case, combined with her continued refusal to comply with an order of the Court, serve only to strengthen the defendant's case for sanctions against the plaintiff. Specifically, the defendant requests that the Court sanction the plaintiff, pursuant to FRCP 37 (b) by issuing an order precluding the plaintiff from introducing into evidence copies of any letter allegedly issued by Dean Cogan or his staff on or after May 24, 2000. In the alternative, the defendant requests that the Court issue an order based upon paragraph FRCP 37 (c) by striking out the plaintiff's pleadings or parts thereof relating to the letter, or staying further proceeding until the letter is produced, or dismissing the action, or by rendering a judgment by default against the plaintiff for her failure to comply with the order.

## IV. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MISREPRESENTATIONS OF PROCEDURAL HISTORY

The plaintiff's use of deceptive and misleading tactics is hardly limited to the issue of her failure to comply with this Court Order. Rather, the plaintiff has incorporated within her objection motion numerous other falsifications and misrepresentations. The defendant will address some of the more serious of these below, and does so both in order to provide an accurate record for the Court, and also to illustrate how the plaintiff has distorted the record in this case.

**1.  The Defendant Objects to the Plaintiff's Falsifications Regarding the Defendant's Motion for Protective Order**

In her objection/motion, the plaintiff asserts that "[f]ollowing **two unsuccessful** motions for a protective order by Defendant, which were **undertaken in bad faith** for **no other purpose than to indefinitely postpone** Defendant's deposition, Plaintiff took Defendant's deposition on February 7, 2003."(emphasis added) (Plaintiff's Brief at 3).  Amazingly, the plaintiff has managed to include within this single sentence no less than four falsifications of the record. First, on January 23, 2003, defendant filed **a single** emergency motion for protective order, not two as the plaintiff contends.  Second, the defendant's motion the motion for protective can hardly be describe as unsuccessful, as it was granted by the court on the same day.  Third, the defendant takes issue with the plaintiff's allegation that his motion for protective order was undertaken in bad faith, and for the purpose of indefinitely postponing the defendant's deposition.  Presumably, the Court, in granting the protective order, found that the defendant's desire to attend the funeral services for a deceased colleague as an adequate good faith justification.  Furthermore, as that motion and supporting affidavit demonstrated, prior to filing the motion for protective order, defense counsel contacted the plaintiff via electronic mail for the purpose of rescheduling the deposition during that same timeframe.  Copies of this correspondence with plaintiff were attached as an exhibit to that protective order motion.  As such, the plaintiff cannot substantiate her allegation that the defendant sought to indefinitely postpone his deposition.



**2. The Plaintiff's Statement Regarding the Defendant's Alleged Filing of a Motion for Sanctions Against the Plaintiff for Engaging in an Unnecessarily Long Deposition is a Falsification.**

To date, the defendant has opted not to respond to the plaintiff's repeated references to the length of the depositions in this case. This topic is completely irrelevant to the matters presently before the Court. However, the plaintiff, in her brief, alleges that the defendant moved for sanctions against the plaintiff based, allegedly, on the plaintiff "engaging the defendant in deposition for an unnecessarily lengthy period." (Plaintiff's Brief at 3). In fact, as the Court Record will demonstrate, the defendant has never moved for sanctions on this basis or anything even remotely close. As such, the motion appears to exist solely as a figment of the plaintiff's imagination.

**3. The Defendant Objects to the Plaintiff's Mischaracterization of the Deposition Testimony of David S. King**

Without actually providing a citation to an actual page of the King Deposition Transcript, the plaintiff alleges that "[a]t the conclusion of his deposition, Defendant stated on the record that Defendant planned to bolster the credibility of Defendant's own statements with Quinnipiac University computer-archived correspondence that, by Defendant's testimony, was accessible to Defendant and within his custody and control." (Plaintiff's Brief at 3). One need only review the actual deposition transcript in order to reveal that the plaintiff has paraphrased the Defendant's testimony to a point of fabrication. In reality, in response to an unfounded allegation by the plaintiff that Dean King had falsely created a May 12, 2000 letter, addressed to

the plaintiff after-the-fact, Dean King offered to check a hard drive in order to prove the date

upon which the letter had been created.[5]  At no time did the defendant state, as the plaintiff

falsely asserts, that he "planned to bolster the credibility of statements."  Nor did he state that

that the computer archives in question were under his custody or control.  As such, the defendant

objects.

## 4.  The Defendant Objects to the Plaintiff's Falsifications Regarding Communications with Defense Counsel

In her brief, the plaintiff asserts that "On February 8, 2003 and, subsequently, Plaintiff

demanded production of the Quinnipiac computer archives, including the Quinnipiac hard drive,

from defense counsel...Defense counsel made no response to the plaintiff's demand.  On or

about April 1, 2003, defense counsel represented to plaintiff that the computer archives to which

the defendant testified as being in existence on February 7, 2003, were no longer in existence."

(Plaintiff's Brief at 3).

The defendant objects on numerous grounds.  First, the plaintiff's reference to

communications with defense counsel is based entirely on inadmissible hearsay and is not

supported by any sworn affidavits.  Second, the statement itself is absurd on its face.

Specifically, the plaintiff's allegation that defense counsel "made no response to the plaintiff's

demand" is directly contradicted by the plaintiff in her next sentence, which purports to contain

---

[5] The colloquy, which relates to page 234 of the deposition transcript of David King, has been the subject of repeated mischaracterizations by the plaintiff.  See DEFENDANT DAVID KING'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO COMPEL AND FOR RULE 37 SANCTIONS, filed July 31, 2003, pages 3-4.  See also September 2, 2003, Recommended Ruling of Magistrate Martinez, pages 3-4.

the very details of the response provided by defense counsel. Third, the allegation contains a mischaracterization of the testimony of David King.[6] Finally, the allegation contains a falsification of the statements of defense counsel. Namely, at no time did defense counsel represent that the records at issue were "no longer in existence." Rather, defense counsel merely informed the plaintiff that the Defendant had made a good faith effort to locate the records, and that they could not be found.[7]

## 5. The Defendant Objects to the Plaintiff's Repeated, Unsupported Allegations that Defense Counsel Attempted to Pierce the Attorney – Client Privilege.

Regarding the plaintiff's continuing and unsupported allegation that defense counsel "improperly sought to pierce the attorney-client privilege between Plaintiff and Attorney Giovanniello[8]..." (Plaintiff's Brief at 4), the Court has already ruled upon this issue,[9] having denied the plaintiff's motion for protective order on the grounds that she failed to specify the manner in which defense counsel allegedly attempted to invade the privilege. The defendant notes that the plaintiff, in her recent brief, has added nothing of substance to her previous allegation, but has instead merely attempted to rehash a matter that has already been ruled upon.

## 6. The Defendant Objects to the Plaintiff's Assertion that she Produced Certain Documents via "Offers of Proof" During her Deposition

---

[6] See 3, above

[7] See September 2, 2003, Recommended Ruling of Magistrate Martinez, pages 3-4.

[8] The defendant notes that, despite the plaintiff's insistence upon invoking his visage in nearly every filing she has made with this Court, she continues to misspell his name as Giovaniello, rather than Giovanniello.

[9] The Court (Martninez, U.S.M.J.) on page 5 of its Recommended Ruling of September 2, 2003, denied the plaintiff's motion for a protective order as to the issue of the plaintiff's assertion of attorney-client privilege on the ground that "The record does not reflect in what manner or context the defendant sought to penetrate the attorney client privilege."

The plaintiff asserts that, during the course of her own deposition, she made "multiple offers of proof" (Plaintiff's Brief at 4). The defendant objects on the grounds that the plaintiff, in making this representation, falsely implies that she provided to defense counsel copies of cell-phone records, computer archives, and date stamped copies of a letter and envelope from the University of Minnesota, and **a copy of the very letter which she has denied having ever possessed, but has failed to produce**! The defendant objects on the grounds that the plaintiff produced no such records during her deposition, and further notes that "offers of proof" have no meaning outside the context of evidentiary disputes which take place before the Court, or during trial itself.

### 7.  The Defendant Objects to the The Plaintiff's Falsifications Regarding the Contents of her Notice of Appeal

The plaintiff further asserts that "On September 29, 2003, Plaintiff perfected appeal of the magistrate order, citing bias, abuse of discretion, and undue prejudice to the plaintiff..." (Plaintiff's Brief at 5). This appears to be yet another of the plaintiff's falsifications of the record. On its face, the text of the actual notice of appeal makes no reference whatsoever to bias, abuse of discretion, or undue prejudice on the part of Magistrate Martinez in relation to the plaintiff. (copy attached). Moreover, the Court (Chatigny, J.) has denied the plaintiff's two previous challenges to the authority of the magistrate based on bias. The plaintiff, who is apparently of the mind that a showing of bias can be established based on nothing more than issuance of an order or opinions that disfavor her in some way, has offered no additional facts which substantiate her most recent allegation of bias.

**8.  The Defendant Objects to the Plaintiff's Misrepresentation Regarding the Contents of the Scheduling Order dated Dec. 20, 2002.**

The plaintiff contends that "As a preliminary matter, Defendant's instant motion is clearly unauthorized under the terms of this court's December 22, 2002, order..." Without citation to the actual text of the document, the plaintiff contends that the court order states that "any and all motions for sanctions by either party be brought within 30 days of the alleged violation." (Plaintiff's Brief at 6).  This too is a misrepresentation by the plaintiff.  The actual Order Regarding Case Management reads as follows "**Motions to Compel**:  Any motion for an order compelling disclosure pursuant to Fed. R. Civ. P 37(a) must be filed within 30 days after the due date of the alleged response."  Thus, the actual order specifically applies only to FRCP 37 (a) motions to compel.  However, in the hands of the plaintiff, it is transformed to apply to "any and all motions for sanctions by either party."  The defendant notes that the instant motion was not a FRCP 37 (a) motion to compel, but rather it was filed as a motion for sanctions pursuant to FRCP 37 (b), and is thus not subject to the limitation set forth in the Order Regarding Case Management.

**9.  The Defendant Objects to the Plaintiff's Unfounded Allegations of Fraud Against the Defendant.**

The defendant further objects to the plaintiff's unfounded allegation that the defendant has in some way committed "fraud upon the court." (Plaintiff's Brief at 6).  In the course of this case, the plaintiff, perhaps out of a growing sense of desperation, has taken to accusing the defendant, defense counsel, and potential witnesses in this case from criminal conduct ranging

from destruction of evidence, to perjury, and to fraud.[10]  The plaintiff has based each of these allegations on nothing more than pure conjecture and the defendant has duly objected and filed various affidavits and, as stated previously, the Court has upheld the defendant's position regarding the plaintiff's claims of evidence destruction.  The plaintiff's unfounded allegation of fraud against the defendant is ironic to the extent that the plaintiff has continuously misrepresented the record before the Court.

## V.   CONCLUSION

For the aforementioned reasons, the plaintiff's motion for sanctions should be denied, and the defendant's motion for sanctions against the defendant for failure to comply with Court-ordered discovery should be granted.

DEFENDANT,

DAVID S. KING,

By:   _____

Matthew G. Conway

Fed. No. ct09612

Conway & Stoughton, LLP

201 Ann Street

Hartford, CT 06103

(860) 525-5529

---

[10] See Defendant's Objection to Plaintiff's Compliance with Standing Order Regarding Trial Memorandum, at 10.

16

fax (860) 525-1191

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

       Plaintiff

v.

David S. King,

       Defendant             District Court File No. 3-02-CV000897 (RNC)

                             NOTICE OF APPEAL

---

The Plaintiff, Barbara R. Burns, hereby notices appeal of the September 2, 2003 order of Magistrate Donna Martinez as provided and authorized by Rule 3 and as otherwise provided by the Federal Rules of Civil Procedure. Appellant notes request for appellate review of all prior orders issued in this case.

DATED: September 29, 2003              BY: _Barbara R. Burns_

                                   Barbara R. Burns

MAIL TO:

   980 Main Street, Hackensack, NJ 07601

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 26rd day of January, 2004 to the following pro se party:

Barbara R. Burns

980 Main Street

Hackensack, NJ 07601

Matthew G. Conway