UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2004 MAY 24 P 4:30

U.S. DISTRICT COURT
HARTFORD, CT.

BARBARA BURNS,

    Plaintiff,

V.

DAVID S. KING,

    Defendant.

CASE NO. 3:02CV897 (RNC)

NOTICE AND ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

On May 19, 2003, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal and Local Rules of Civil Procedure [Doc. # 55], a supporting memorandum of law [Doc. #56], and a Local Rule 56(c)1 Statement with supporting affidavits [Doc. #57]. In cases involving pro se parties, a district court must undertake to ensure that they understand the "nature, procedures and consequences of a motion for summary judgment." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). "[A]bsent a clear indication that the pro se litigant understands the nature and consequences of Rule 56 . . . he or she must be so informed by the movant in the notice of motion or, failing that, by the district court." McPherson v. Coombe, 174 F.3d 276, 282 (2d Cir. 1999). In this case, defendant's motion and supporting memorandum do not provide the necessary information, see id., 174 F.3d at 282, and plaintiff's responses to the motion reflect an incomplete understanding of applicable requirements, for she has failed to file any counter-affidavits, see Fed. R. Civ. P. 56(e), memorandum of law in opposition, or Local Rule 56(c)2 Statement. See D. Conn. L. Civ. R. 56(a) and (c). Accordingly, before ruling on the pending motion,

the court issues this notice and order to the pro se plaintiff.

Defendant seeks summary judgment on the grounds that there is no genuine issue of material fact for a jury to decide and he is entitled to prevail as a matter of law. Applicable rules of procedure (described below) require you to respond to the factual and legal assertions in defendant's moving papers (listed above) with certain documents and evidence.  PLEASE NOTE that your responses must be filed and served on or before June 14, 2004.  If you fail to respond as required, summary judgment--if appropriate-- may be entered against you, which means that your case will be dismissed and there will be no trial.

*Rule 56 of the Federal Rules of Civil Procedure*

Under Federal Rule of Civil Procedure 56(e), you must file one or more affidavits (or other materials that would be admissible in evidence) showing that there is a genuine issue of material fact for trial.  Any factual assertions in defendant's affidavits will be accepted as true unless you submit counter-affidavits, deposition transcripts, or other documentary evidence contradicting defendant's assertions.

*Rule 56 of the Local Rules of Civil Procedure for the United States District Court of the District of Connecticut*

Local Rule of Civil Procedure 56(a) requires you--as the party opposing summary judgment--to file a memorandum of law in opposition.  Failure to file a responsive memorandum may be deemed sufficient cause to grant the motion.  In addition, you are required to file a Local Rule 56(c)2 Statement consisting of two sections.

The first section must state--in separately numbered paragraphs corresponding to the paragraphs contained in defendant's Local Rule 56(c)1 Statement [Doc. #57]--whether each of the facts asserted by defendant is admitted or denied. The second section must include a list of each issue of material fact as to which you contend there is a genuine issue to be tried. PLEASE NOTE that if you fail to file a Local Rule 56(c)2 Statement as just described, the court must accept as true the material facts contained in defendant's Local Rule 56(c)1 Statement.

### *Issues To Address*

In light of defendant's assertions, your affidavits, Local Rule 56(c)2 Statement and memorandum of law must address the following issues:

(1) Whether you were in good standing with Quinnipiac University when defendant made the alleged defamatory statements. See Def.'s Mem. Summ. J. [Doc. #56] at 6-7, 9.

(2) Whether you had an outstanding balance of $11,810 with the University when defendant made the alleged defamatory statements. See id. [Doc. #56] at 6-7, 9.

(3) Whether "good standing" refers only to academic standing and not to financial standing with the University. See id. [Doc. #56] at 7, 10. And,

(4) Precisely what damages you suffered as a result of the allegedly defamatory statements.

Again, to be timely, the foregoing papers must be filed and served on or before June 14, 2004.

It is so ordered.

Dated at Hartford, Connecticut this 24th day of May, 2004.

                                            Robert N. Chatigny
                                     United States District Judge