United States District Court

District of Connecticut

Barbara R. Burns,

      Plaintiff             Civil Action

v.

David S. King,

      Defendant            Case No. 3-02-CV-897 (RNC)

### PLAINTIFF'S COUNTER-AFFIDAVIT

Barbara Burns, upon oath, deposes and says:

1. That I am the Plaintiff in the above-entitled matter.

2. That I make this Affidavit in support of my Motion for Leave to Take the Deposition of Neil H. Cogan; and my Motion and Memorandum in Opposition to Defendant's Motion for Summary Judgment.

3. That on May 25, 2002, I filed this action, asserting claims for common-law defamation, breach of contract, detrimental reliance, and violations of the federal Family Educational Rights and Privacy Act (FERPA) and the Connecticut Unfair Trade Practices Act, as set forth in Plaintiff's Local Rule 56 (c)(2) Statement and Defendant's Local Rule 56(c) (1) statement, appended to Plaintiff's Motion and Memorandum as Exhibit C and Exhibit D.

4. That at various times between January 5, 1999 and July 1, 2000, I was a law student at Quinnipiac University School of Law, Hamden, CT; and that, prior to matriculation, I attended a mandatory informational session hosted by Quinnipiac School of Law at which time all entering 1-L students were given a copy of the

1

Quinnipiac Student Handbook that we were required to acknowledge and sign, and that we were further told that this Handbook would govern our matriculation at Quinnipiac School of Law.

5. That, in approximately March, 1999, I applied for "cross-over" financial aid in the approximate amount of $10,000 available to me as a mid-year matriculants and which would have paid my 1999 Quinnipiac tuition in full, with a residual credit balance; and that, at that time I was told by Anne Traverson, Financial Aid Office, Quinnipiac School of Law that, although I was eligible for this aid under Title IV, Ms. Traverso would not process my application, thereby forfeiting the funds.

6. That on or about April 11, 1999, I requested and obtained from Mrs. Phyllis Andreas, secretary to Defendant David S. King a Letter of Good Standing to attend Summer Session at the University of Minnesota Law School; and that, at the time that the Letter of Good Standing was issued, I had an accounting balance of approximately $3000, pending disbursement of financial aid. Exhibit 1.

7. That I completed Summer Session with a transcripted grade of B, and earned transfer credit for this coursework, at the same time completing all required Quinnipiac first-year coursework, with a ranking in the top half of my class.

8. That, in August, 1999, I requested and obtained from the Defendant, as associate dean, a second Letter of Good Standing, permitting me to visit at the University of Minnesota Law School for Fall, 1999; and that, at the time of issuance of this Letter of Good Standing, I had an student account balance of approximately $2000. Exhibit 2.

9. That in approximately early September 1999, I was told by the Office of the Bursar, Quinnipiac School of Law, that, due to a Bursar Office "error", I was being late-billed an additionally $2800 that was due and payable immediately; and that I paid the $5500 balance in full on or about September 15, 1999.

10. That, in approximately early November, I learned that Anne Traverso had unilaterally and without my authorization returned approximately $6700 in Title IV Stafford loan proceeds, payable to Quinnipiac University, to be applied to my Fall, 1999 and Spring, 2000 tuition through the Quinnipiac University Financial Aid office, which would have resulted in a $3700 credit balance; and that, notwithstanding Traverso's assertion that I rejected the funds and "did not want them", I did accept the funds and negotiate the check on or about November 18, 1999 and this is provable by records maintained by the issuer, Firstar Bank, Cincinnati, OH.

11. That, in approximately December, 1999, I was told by Firstar Bank student loan representatives that the Defendant and certain of his employees had falsely represented to Firstar personnel that I was not eligible for Title IV aid because I did not make "satisfactory academic progress" during Summer and Fall, 1999, when, in fact, I earned transfer credit for all law school coursework that I attempted, a total of 22 credits.

12. That on or about December 17, 1999, I was told by Quinnipiac Registrar Mary Ellen Durso and other persons within the Registrar's office that Dean Neil Cogan had ordered Registrar personnel to issue official transcripts and Good Standing Letters to CPA Examination Services and the University of Minnesota Law

School, respectively, thereby overruling a determination by the Defendant that I

was not in good standing and could not obtain the transcripts.

13. That at approximately this same time, the Defendant sent to me several emails,

the substance of which was that I was not in "financial good standing" and could

not obtain transcripts, Good Standing Letters, or register for spring classes.

14. That, on January 4, 2000, I met with Dean Neil Cogan in the Dean's Suite, at

which time Dean Cogan overruled the Defendant, and ordered the Registrar's

office to register me for spring classes and also to issue Good Standing Letters to

facilitate my application for transfer, at my option; and that at this same time,

Dean Cogan stated to me that Quinnipiac University School of Law would

facilitate my transfer applications, if transfer was what I wanted. Exhibit 3.

15. That I satisfactorily completed all Spring, 2000 Quinnipiac coursework, and

obtained two letters of recommendation from two Quinnipiac professors with

first-hand knowledge of my academic performance, namely Leonard Long and

Marilyn Ward Ford, appended hereto as Exhibits 4 and 5.

16. That on May 25, 2000, after speaking with Dean Cogan several times on the

telephone, I met with Dean Cogan in the Dean's Suite at Quinnipiac University

for the stated purpose of discussing my transfer application; and that, in response

to my request, Dean Cogan directed his assistant, Mrs. Judith Larson, to issue

multiple originals of a Letter of Good Standing, one of which was enclosed with a

pre-printed envelope, addressed to Dean Thomas Sullivan, University of

Minnesota Law School and which was given to me by Dean Cogan with the

understanding that I would deliver it to Dean Sullivan; and that, by Defendant's

account at deposition on February 7, 2003, archived Quinnipiac computer records accessible to Defendant and upon which Defendant stated he would rely, support my account of relevant events, as set forth in Paragraph 16 of this Affidavit; that I duly served Defendant with a supplemental Interrogatory, demanding production of the archive; that, on or about April 1, 2003, Defendant stated through counsel that the archived records did not exist or could not be found, whereupon I moved to compel production of the hard drive or, alternatively, proof of destruction of the archived data.Exhibit 6 and 7.

17. That, pursuant to Dean Cogan's Good Standing determination and certification, I was admitted to Georgetown University School of Law for Summer 2000 Session in Florence, Italy; that, in reliance of Dean Cogan's certification, I incurred costs of approximately $6,000, for which I did not receive promised financial aid because the Defendant attempted to unilaterally and retroactively revoke my Good Standing status, conferred by Dean Cogan, in June 2000, after I had changed my position in reliance upon Dean Cogan's certification and incurred substantial costs; and that I satisfactorily completed both Georgetown courses for which I was registered, which, under the Cogan certification, were required to be transcripted by Quinnipiac and never were transcripted, in breach of the education contract.

18. That I attended the University of Minnesota Law School and Carlson School of Business, both nationally-ranked programs during Fall 2000 and Winter 2001 Session, during which time I took MBA/JD Tax Law classes; that I earned a grade of A in a course taught by John Bedosky, a leading Twin Cities tax/estates

attorney, who recommended me to the New York University (NYU) LL.M program in Spring, 2001. Exhibit 8.

19. That at approximately this same time, I presented one of the Good Standing Letters given to me by Dean Cogan, stating that Quinnipiac would accept a total of 11 transfer credits, which, to that date, I had not exceeded, to the University of Connecticut School of Law, which accepted me for June Term 2001; and that I completed a 3-credit course, Uniform Commercial Code, with a grade of B+. Exhibit 9.

20. That at approximately this same time, I applied for transfer admission to the University of Minnesota and, at that time, presented the Good Standing Letter that Dean Cogan had given to me to give to Dean Sullivan; and that I was told by Admissions Office personnel at that time that the Defendant had unilaterally revoked the Cogan Good Standing Letter on May 24, 000, the day before Dean Cogan gave it to me; and that, as a result of Defendant's May 24, 2000 faxed communication, University of Minnesota personnel did not believe that I satisfactorily completed required coursework and requirements to remain in good standing, by ABA standards; and that, further, University of Minnesota personnel believed that I did not acquire the May 25, 2000 Good Standing Letter from Cogan, which, in fact, I did; and, moreover, that University of Minnesota personnel would view my application less favorably, and even negatively, on the basis of Defendant's May 24, 2000 letter, which, in fact, was superceded by the May 25, 2000 certification issued by Neil Cogan.

21. That I have duly disputed that I owe any money to Quinnipiac, for the reasons set forth herein, including negligent processing and conversion of financial aid funds; and that, notwithstanding Defendant's contentions that I allegedly owe Quinnipiac University $11,000 for Spring 2000 tuition, Quinnipiac University has never pursued collection activity with regard to this alleged balance, which, as set forth *supra*, I assert was contrived at the direction of the Defendant for the purpose of creating a false delinquency to support Defendant's pretextual claim that my Good Standing status is forfeit.

22. That on or about June 10, 2003, I communicated with Dean Cogan regarding a proposed deposition; and that he responded by stating that, in accordance with an authorizing order by this court, he would testify truthfully to relevant events, as set forth *supra*. Exhibit 10.

23. That, as a consequence of Defendant's unlawful and tortuous actions, I have been damaged, and prevented from completing my law school education, including LL.M at the law school of my choice, in accordance with the unfilled representations of Dean Cogan, as Dean of Quinnipiac School of Law and as expressly authorized agent of Quinnipiac University Provost John E. Bennett.

Witness my hand this 12th day of June, 2004 at Bloomington, Hennepin County, MN

DATED: 6-12-04                                    BY: _Barbara R. Burns_ (signature)

Barbara R. Burns

Subscribed and sworn to before me.

Witness my hand and seal, this 12th day of June, 2004.

DATED: 6-12-04                                    BY:



TIANA WILSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2007

7

NOTARY



QUINNIPIAC COLLEGE
SCHOOL OF LAW

Office of the Dean

January 4, 2000

To Whom It May Concern:

By this letter, I am certifying that Barbara Burns is a student in good standing and eligible to take up to 11 course credits at another law school for credit toward a degree at Quinnipiac College School of Law, subject to achieving a grade of C or better at such other law school.  I am certifying further that, in the alternative, she may register for the Spring 2000 semester at Quinnipiac College School of Law.

Credit for courses attended at Quinnipiac College School of Law or any other school of law are subject to a condition contained in a separate letter of this date.

Please inform Mrs. Judith Larsen, my assistant, at 203-287-3202, to which school you wish an original copy of this letter to be sent.

Sincerely yours,

Neil H. Cogan

CoPY

TO:     Academic Dean (of Host Law School)
FR:     Professor Leonard J. Long, Quinnipiac College School of Law
DA:     August 27, 1999

### RE: Ms. Barbara Burns

Ms Burns asked me to write a letter of reference to you in support of her being a visiting student this Fall 1999 term.

She was a student in my first-year Torts class last Spring. This course, of forty-four students, was the core substantive course taken by students admitted. I found Ms. Burns to be a solid student. Always in attendance, always prepared, and always asking the right kinds of questions.

Ms. Burns received a 'B' grade in my class. I am not a generous grader, I still grade on the same harsh curve used at the University of Southern California, and it is not uncommon for me to not award a single 'A' range class in even the largest class. Consequently, for me Ms. Burns 'B' reflects my judgment that she is a solidly above average students at this law school.

I think you will find her a good student at any law school.

Respectfully submitted,


Leonard J. Long
Professor of Law
Tel. 203.287.3257
Fax. 203.287.3244
E-mail. long@quinnipiac.edu

cc Ms. Barbara Burns





# QUINNIPIAC COLLEGE
## SCHOOL OF LAW

May 1, 2000

Office of Admissions
University of Connecticut
  School of Law
65 Elizabeth Street
Hartford, Connecticut 06105

To Whom It May Concern:

Ms. Barbara R. Burns, a student enrolled at Quinnipiac College School of Law (the "Law School") has advised me of her desire to transfer to the University of Connecticut School of Law. Ms. Burns has expressed an interest in the Tax and Insurance Law Program offered at the University of Connecticut. I write this letter in support of Ms. Burns and her application for admission as a transfer student.

Since January of this year, Ms. Burns has been a student in my Business Organizations course. I have had ample opportunity to observe and interact with Ms. Burns both inside and outside of the classroom. We have had extensive conversations about her educational and professional goals and the best way to prepare herself to achieve them.

It has been a pleasure to have Ms. Burns in class because she is always extremely well prepared and always makes a valuable contribution to class discussion. She is an intelligent, articulate, and analytical individual who has been recognized as a Dean's Scholar as a result of her academic achievement at the Law School. Based on her level of preparation and superior classroom performance, I anticipate that Ms. Burns will receive one of the highest grades in my course.

Prior to attending the Law School, Ms. Burns received a B.A. in Business Administration and Marketing, an MBA in Accounting and Finance, and completed some course work in the Carlson School Master of Business Taxation program. Her work experience includes service in administrative and managerial positions with various corporations. In addition to her role as a law student, Ms. Burns, an assiduous individual with a high energy level, is currently employed full-time. On a more personal level, she is a pleasant person who exhibits leadership qualities while also demonstrating her ability to be a team player. She also has integrity.

I am confident that if admitted as a transfer student, Ms. Burns will be an asset to the University of Connecticut School of Law. I recommend Ms. Burns without any hesitation whatsoever. If you desire additional information or would like to discuss this matter further, please feel free to call me at (203) 287-3258.

Sincerely yours,

Marilyn Ward Ford
Neil H. Cogan Public Service Professor of Law

275 Mount Carmel Avenue, Hamden, CT 06518-1947    Tel. 203-287-3299    Fax  203-287-3244

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

        Plaintiff                  CIVIL ACTION

v.

David S. King,

        Defendant            CASE NO. 302CV00897 (RNC)

---

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT

1.   State with specificity the names, addresses, telephone numbers and job titles of all persons who have knowledge of institutional information technology accessed or utilized by the Defendant and/or his employer, Quinnipiac University, including, but not limited to the Director of Information Systems.

2.   State with specificity the job duties, responsibilities, authorities, and reporting structure with regard to the Quinnipiac University Department of Information Technology, and/or the department responsible for information technology and computer services, in existence at the University.

3.   State with specificity the name and location of the computer server(s) used to store email and word-processed correspondence created and received within the ordinary course of business at the University.

4.   State with specificity and identify the names and contact information for the persons responsible for managing and maintaining the computer server(s) referenced in Interrogatory #3, above, as well as creating data backups and recovering data from backup archives. (For purposes of these interrogatories, "backup" is defined as a copy or copies of computer data files on magnetic tape, optical disk, or other computer-readable media for archival purposes, including recovery and replacement of those files in the event of their deletion or the mechanical failure or the destruction of the computer equipment or storage media housing the original computer data files).

1

5.    State with specificity what type of archives are maintained with regard to institutional records and correspondence created by University employees within the ordinary course of business, including but not limited to data backup media used, backup time schedules, including variations for weeks/months, and data backup storage policies, as well as specific locations used to store current and archival data backups; and an inventory of the dates of data backups stored in these locations.

6.    State with specificity the institutional policies in effect with regard to records retention and destruction, including, but not limited to, those related to computer data backup media.

7.    State with specificity what records and/or correspondence by and between the Defendant and third parties, inside or outside the University, have been destroyed subsequent to the commencement of this lawsuit.

8.    State with specificity and identify any archived records and/or correspondence to which Defendant objects to production on the basis of attorney client privilege and/or as a revelation of attorney work product.

DATED:                                                        BY: _Barbara R Burns_

                                                                    Barbara R. Burns

(COPY)₂

*(OPY*



### GEORGETOWN UNIVERSITY LAW CENTER

*Office of the Registrar*

TO WHOM THIS MAY CONCERN:

THIS IS TO CERTIFY THAT

Barbara R Burns

was enrolled as a half-time student at
Georgetown University Law Center during our
summer 2000 term in Florence, Italy.

GEORGETOWN UNIVERSITY LAW CENTER

R. SCOTT FOSTER, ACTING REGISTRAR

Done at Washington, D.C.

This 28th day of July, 2000.

NOT VALID WITHOUT THE SEAL OF THE LAW CENTER

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R .Burns,

          Plaintiff               CASE NO. 302CV000897

v.

David S. King,

          Defendants         AFFIDAVIT OF BARBARA R. BURNS

---

Barbara R. Burns, upon oath, deposes and says:

1.    That I am the Plaintiff in the above-entitled action, namely Burns v. King, Case No. 302 CV 000897.

2.    That on February 8, 2003, in response to the deposition of the Defendant, David S. King, I served upon defense counsel Matthew G. Conway, a written demand for disclosure to the archived computer records, the existence relevance of which Defendant admitted in deposition on February 8, 2003; and which computer records were specifically referenced and encompassed by Plaintiff's First Set of Interrogatories to Defendant, served upon defense counsel on November 23, 2003 via electronic mail and U.S. Mail.

3.    That defense counsel responded, almost two months later, on or about April 1, 2003 that the computer records, which Defendant testified existed and were available to Defendant in deposition on February 8, 2003 could not be "found", and that Defendant was not required to produce said records, or words of that substance and meaning, based upon the assertions of two secretarial employees, both direct reports of the Defendant.

4.    That on or about April 1, 2003, Plaintiff served upon defense counsel Plaintiff's Second Request for Admissions to Defendant, appended hereto as Exhibit A, and to which, in more than five months, Defendant has never responded.

Witness my hand, this 3rd day of September, 2003, at Edina, Hennepin County, MN.

Subscribed and sworn to before me.

JULIA A. SIGVERTSEN
NOTARY PUBLIC · MINNESOTA
My Commission Expires Jan 31 2005

9/20/03

*Barbara R. Burns*

Subscribed and sworn to before me.

Witness my hand and seal, this 20th day of September, 2003 at Edina, Hennepin County, MN.

DATED: 9/20/03                              BY: *Julia A. Sigvertsen*

NOTARY-PUBLIC-MINNESOTA

JULIA A. SIGVERTSEN
NOTARY PUBLIC • MINNESOTA
My Commission Expires Jan 31, 2005

### Certification

Barbara Burns, upon oath, hereby certifies that on September 20th, 2003, a true and correct copy of the Affidavit of Barbara R. Burns, dated September 20th, 2003, was mailed to defense counsel, Matthew G. Conway, Conway and Stoughton, P.A., 201 Ann Street, Hartford, CT 06301 via United States first-class mail.

DATED: 9/20/03                              BY: *Barbara R. Burns*

*Barbara R. Burns*

Subscribed and sworn to before me.

JULIA A. SIGVERTSEN
NOTARY PUBLIC • MINNESOTA
My Commission Expires Jan 31, 2005



LOWRY HILL

May 31, 2001

**John R. Bedosky**
Principal

90 South Seventh Street, Suite 5300
Minneapolis, Minnesota 55402
Direct: (612) 667-1758
Toll Free: (888) 648-8157
Facsimile: (612) 667-7839
johnb@lowryhill.com

Re:     Recommendation of Barbara R. Burns

Dear Sir or Madam:

Barbara Burns was a student in my Fiduciary Income Tax Class in the Masters in Business Taxation Program at the University of Minnesota's Carlson School of Management in Winter of 2001. She demonstrated academic excellence and an in depth understanding of both the practical and theoretical principles of the federal income taxation of estates, trusts and their beneficiaries.

The course requires: (1) meticulous attention to detail; (2) an ability to think logically and apply concepts within an arbitrary framework dictated by tax law; (3) an appreciation for the practical human aspects of this discipline and the ability to apply these concepts to sophisticated planning problems involving real people; and (4) the ability to communicate effectively in writing. Barbara's work demonstrated high performance in each of these areas.

This is a conceptually difficult course and the grades this year tended to be lower than in previous years. Barbara's raw score was near the top of the class. Therefore, I recommend her for admission to the JD/LLM program.

Sincerely,

*John R. Bedosky* (signature)

# Transcript Report

## Student Information

*Name:*    Barbara Burns
*Former Last Name:*

*Birthday:*          *Stud ID*  1918862
*Sex:*       F          *Ethnic:*  White      *Ssn*  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

## Home Information

*Addr1:*  13684 Harmony Way                    *Phone*  612      327-1133
*Addr2:*                                                          *Email*  barbaraburns002@hotmail.c
*City*  Apple Valley            *State*  MN    *Zip*  55124      *Foreign Country*

## Work Information

*Company Name:*                              *Title:*                    *Phone*  201      390-2134
*Work Addr2:*
*Work Addr3:*                                *Country*
*Work City:*              *Work State:*      *Work Zip*

## School Information

## Course Information

ACCT-5353        001        Taxation of Fiduciaries          A Spring      2001      A

UNIVERSITY OF MINNESOTA
LAW SCHOOL
GRADE RECORD

Student: Burns, Barbara          Id Number: 143462669

**Key to Grades**

| | | | |
|---|---|---|---|
| 14-16 | :A | H | :Honors (legal writing only) |
| 11-13 | :B | P | :Pass |
| 8-10 | :C | T | :Transfer Credit |
| 5-7 | :D | S | :Satisfactory (non-law courses) |
| 0-4 | :F | N | :Not satisfactory |
| | | R | :Repeated course |

Transcript Notes:

Term: Summer  Year: 1999

| Course | Course Title | Professor | Credits | Grade Let | Num |
|---|---|---|---|---|---|
| LAW 5401 | ENTREPENEURSHIP LAW | Adams | 3.0 | B | 11 |
| | | Total: | 3.0 | | |

Sem. GPA: 11.000

Cum. GPA  11.000
Cum. Credits:    3.0

```
PAGE 01 OF 01              THE UNIVERSITY OF CONNECTICUT
DATE: 08-06-01                   SCHOOL OF LAW
                           HARTFORD, CONNECTICUT 06105
                              UNOFFICIAL TRANSCRIPT
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
```

```
        BURNS,BARBARA R
        980 MAIN ST
        HACKENSACK                    NJ 07601
```

```
JUNE 2000        SCH OF LAW SPECIAL      |

JUNE 2001        SCH OF LAW SPECIAL      |
UNIFORM COMMERCL CDE CULLISON    3   B+  |
  9.9/ 3    GPA 3.300             3.00   |
  ********END OF TRANSCRIPT********      |
```

```
>
> >From: "Neil Cogan" <ncogan@law.whittier.edu>
> >To: <barbara-burns@msn.com>
> >CC: <mconway@conwaystoughton.com>
> >Subject: Re: Notice of Deposition
> >Date: Tue, 10 Jun 2003 10:06:33 -0700
> >
> >Dear Ms. Burns:  As you must be aware, the papers you sent were
> >inadequate under the Federal Rules of Civil Procedure to require my
> >attendance.  Among other inadequacies, the subpoena was not signed by
> >the Clerk of the United States District Court for the District of
> >Connecticut or by an attorney, and it was not served by a non-party
>with
> >the proper tender of fees.  If the attorney for defendant, Mr.
>Conway,
> >and you agree that my deposition comes within the discovery schedule,
>or
> >if the District Court so rules, and if you serve me properly, I will
>be
> >happy to appear at a venue such as the Westin Hotel or even my office
> >for a deposition.  I am not available June 30 and the remainder of
>that
> >week.  I am available the weeks of July 6 and 13, except for Fridays
> >N
> >
> >
> > >>> "Barbara Burns" <barbara-burns@msn.com> 06/09/03 03:23PM >>>
> >Dear Mr. Cogan:
> >
> >    You have acknowledged receipt of a Notice of Taking of Deposition
>on
> >June
> >30, 2003  and a subpoena and subpoena duces tecum issued on behalf of
> >the
> >United States District Court for the District of Connecticut.
> >
> >    Your office has represented that you may have a conflict on June
>30,
> >but
> >that, if there is a conflict with the June 30 date, you would be
> >available
> >on another date. I was told that you would confirm the necessity of
> >rescheduling the noticed deposition on Monday, June 9, 2003.
> >
> >    To date, I have not received confirmation of the necessity of
> >scheduling
> >an alternative date for the noticed deposition. As stated, I am
>willing
> >to
> >accommodate any scheduling request that you might make within reason.
> >At the
> >same time, as I am certain that I do not have to tell you, a subpoena
> >requiring your appearance at a deposition supercedes any personal
>plans
> >or
> >scheduling constraints to which you might otherwise be subject. At
>the
> >
> >present time and absent any agreement to reschedule the deposition,
>you
> >are
> >required to appear for deposition on June 30, 2003 at 10:00 a.m. in
> >Costa
> >Mesa, CA and you are required to produce at deposition the records
>and
> >
> >documents specified by the subpoena duces tecum issued on behalf of
>the
```