```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| BARBARA BURNS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.  3:02CV897(RNC) |
| DAVID S. KING, | : | |
| Defendant. | : | |

**RULING ON PENDING MOTIONS**

In May 2002, the plaintiff, Barbara Burns, commenced this defamation action against the defendant, David A. King.  Pending before the court are the defendant's motion "for sanctions against plaintiff for failure to comply with a discovery order of the court" (doc. #88) and the plaintiff's motion "for sanctions against the defendant" (doc. #90).[1]  For the reasons set forth below, defendant's motion for sanctions (doc. #88) is granted in part and denied in part, and plaintiff's motion for sanctions against the defendant (doc. #90) is denied.

I.  Defendant's motion for sanctions (doc. #88)

Defendant requests that the court impose sanctions upon the plaintiff for her failure to comply with the court's August 29, 2003 order.[2]  On August 29, 2003, the undersigned granted in part

---

[1] On September 3, 2003, this case was referred to the undersigned by Chief Judge Chatigny for all purposes except trial.

[2] Defendant requests that the court "sanction the plaintiff, pursuant to FRCP 37(b) by issuing an order precluding the plaintiff from introducing into evidence copies of any letter allegedly

the defendant's motion to compel, and ordered the plaintiff to produce "any letter which she possesses from Dean Cogan or his staff members issued on or after May 24, 2000."[3] Defendant states that, despite twice testifying under oath that she possessed such a document, the plaintiff has not complied with the court's August 29, 2003 discovery order by producing it.

Plaintiff, in response, states that defendant's motion for sanctions should be denied because (1) defendant's motion "is procedurally deficient and untimely," (2) the August 29, 2003 discovery order was appealed by the plaintiff on September 29, 2003 and the appeal "operates to divest the district court of jurisdiction," (3) plaintiff is either not in possession of the requested documents or discovery of them should be had through "less burdensome means, including defendant's own records," and (4) the discovery referred to in the defendant's motion has "no probative value in determining the controversy in defendant's favor."

---

issued by Dean Cogan or his staff on or after May 24, 2000. In the alternative, the defendant requests that the Court issue an order based upon paragraph FRCP 37(c) by striking out the plaintiff's pleadings or parts thereof relating to the letter, or staying further proceedings until the letter is produced, or dismissing the action, or by rendering a judgment by default against the plaintiff for her failure to comply with the order." See doc. #92.

[3]It appears that the defendant seeks specifically a copy of a letter that the plaintiff claims to have received on May 25, 2000 from the former Dean of Quinnipiac Law School, Dean Cogan, indicating that the plaintiff was a student in good standing at the law school.

With regard to the plaintiff's first objection, the court finds that the defendant's motion for sanctions is neither procedurally deficient nor untimely.  As to the second objection, the appeal which the plaintiff claims "divests this court of jurisdiction" was taken with regard to a recommended ruling issued by the undersigned on September 2, 2003.  No appeal was taken from the August 29, 2003 endorsement order requiring the plaintiff to produce the May 2000 "Good Standing" letter.  Moreover, the appeal which was taken by plaintiff was dismissed by the United States Court of Appeals for the Second Circuit on February 17, 2004.  See doc. #93.  As to the third objection, the plaintiff's argument that she is not in "possession" of the requested documents is implausible.  Plaintiff has, on at least two occasions, testified at deposition that she possessed the requested document. Plaintiff's current assertion that she does not "possess the copies of the May 25, 2000 Cogan letter and envelope because they were stored at [her] house in Minnesota" has no bearing on her obligation to produce responsive documents, so long as they are in her "custody or control."  Fed. R. Civ. P. 34(a).  Lastly, plaintiff's argument that the documents sought by defendant would have no "probative value in determining the controversy in defendant's favor" misses the mark.  This court already has ordered the plaintiff to produce the document.  The scope of discovery is broad, and is normally allowed into any matter that bears upon the

issues or reasonably could lead to relevant information. See Oppenheimer Fund Inc. v. Sanders, 473 U.S. 340, 351 (1978). Information need not be admissible as evidence in order to be discoverable. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 29-30 (1984). "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the Second Circuit, "[t]his obviously broad rule is liberally construed." Daval Steele Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing Oppenheimer, 437 U.S. at 351). The document(s) sought by the defendant bears on the issues, or could reasonably lead to the discovery of admissible evidence in this case.[4]

Because the plaintiff has failed and/or refused to comply with this court's August 29, 2003 order, the court must determine what sanction, if any, is appropriate under the circumstances. If a party fails to provide discovery or to comply with a court's discovery orders, Rules 37(b) and 37(d) of the Federal Rules of Civil Procedure provide for the entry of such orders "as are just," including any of several sanctions enumerated in Rule 37(b). Among

---

[4] Plaintiff also adds that she does not believe she is obligated to produce the May 25, 2000 letter from Dean Cogan because she will not need it "to prevail at trial." In addition, because the court has not yet set a trial date in this matter, plaintiff asserts that "no obligation to produce trial exhibits and evidence has been triggered by Rule 26(a)(3)." Both arguments are without merit.

4

these are an order that designated facts shall be taken to be established for purposes of the action, <u>see</u> Rule 37(b)(2)(A); an order preventing the disobedient party from introducing certain documents, or supporting or opposing designated claims or defenses, <u>see</u> Rule 37(b)(2)(B); the entry of dismissal or default, <u>see</u> Rule 37(b)(2)(C); the striking of the pleadings of the offending party, <u>see</u> Rule 37(b)(2)(C); and the award of reasonable expenses, including attorney's fees, <u>see</u> Rule 37(b)(2).  There is no indication in Rule 37 that this list of sanctions was intended to be exhaustive.

Based on the facts before the court, an order consistent with Rule 37(b)(2)(B) is appropriate.  The court orders that, unless the plaintiff produces the requested document(s) in response to the undersigned's August 29, 2003 order within ten (10) days of the date of this order, the plaintiff shall be precluded from using such documents to support or oppose any of her claims or defenses at trial or otherwise in this action.  To the extent that the defendant requests any sanctions in the alternative, those requests are denied.

II.  <u>Plaintiff's motion for sanctions (doc. #90)</u>

Plaintiff's motion for sanctions is based on the assertion that "defendant has persistently and extensively engaged in abusive motion practice throughout the course of this litigation, which operates to acutely prejudice plaintiff." Plaintiff's statement is

based largely on her belief that defendant's current motion for sanctions (doc. #88) is "frivolous." In addition, plaintiff makes general claims that the defendant abused the discovery process by destroying evidence. As a result, plaintiff not only seeks monetary sanctions, but also "renews [her] motion for judgment against the Defendant, or, in the alternative, for a protective order."

The defendant's motion for sanctions was not frivolous. Therefore, the motion cannot be a basis to support an award of sanctions against the defendant. Turning to the assertion that defendant or defense counsel engaged in the destruction of documents, or otherwise abused the discovery process, the plaintiff has offered no evidence to support her conclusory allegation. For these reasons, the plaintiff's motion is unsupported, and her request for sanctions is denied.

III. Conclusion

Accordingly, defendant's motion for sanctions against plaintiff for failure to comply with a discovery order of the court (doc. #88) is GRANTED IN PART, DENIED IN PART, and plaintiff's motion for sanctions against defendant (doc. #90) is DENIED.

SO ORDERED at Hartford, Connecticut this 27th day of

September, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge