UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 29 P 2: 41

U.S. DISTRICT COURT

BARBARA R. BURNS,

    Plaintiff,

V.

DAVID S. KING,

    Defendant.

CASE NO. 3:02-CV-00897(RNC)

## RULING AND ORDER

Plaintiff Barbara Burns, a resident of Minnesota and former student at Quinnipiac University Law School ("Quinnipiac"), brings this diversity action against defendant David King, a Connecticut resident and associate dean at Quinnipiac, seeking damages for defamation. The action arises from defendant's statements to third parties that plaintiff was not in good standing at the law school. Defendant has filed a motion for summary judgment invoking the defense of substantial truth. He has failed to demonstrate that there is no genuine issue of material fact concerning the truth of his statements. Accordingly, the motion is denied.

BACKGROUND

Plaintiff alleges the following facts as the basis for her complaint. She attended law school at Quinnipiac from January 1999 until May 2000, when she sought to transfer to other law schools. She applied to several and Neil Cogan, acting in his capacity as Dean of Quinnipiac, issued a letter stating that she was in good standing. On May 24, 2000, defendant told several

Quinnipiac employees that plaintiff was not in good standing and later made the same statement to the Dean of the University of Minnesota Law School and persons at the Georgetown University Law Center. As a result of defendant's statements, plaintiff's applications for transfer were suspended and she suffered emotional distress.

DISCUSSION

Summary judgment may be granted only if there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The court must review the record as a whole, credit all evidence favoring the plaintiff, resolve all ambiguities in her favor, and give her the benefit of all reasonable inferences. In addition, the court must disregard evidence favoring the defendant that a jury would not have to believe. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000). Only if reasonable minds could not differ is summary judgment proper. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The issue of which state's law should be applied in a case involving multistate defamation has not been taken up by the Connecticut Supreme Court.[1] However, I agree with the judges in this District who have predicted that the Connecticut Supreme

---

[1] In a diversity case, a federal court determines which state's law to apply by looking to the choice of law rules of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

Court would apply the law of the plaintiff's domicile. See, e.g., Dale Sys., Inc. v. Time, Inc., 116 F. Supp. 527, 530 (D. Conn. 1953).

Under Connecticut choice of law rules, a court applies the substantive law of the state with "the most significant relationship to the occurrence and the parties." O'Connor v. O'Connor, 201 Conn. 632, 648-50 (1986).[2] "[T]he law of defamation is designed to protect a person's interest in reputation. Injury is suffered, if at all, at the place in which the plaintiff enjoys a reputation, usually the place where he or she is domiciled. Therefore, in a defamation case, the place of the plaintiff's domicile typically has the 'most significant relationship' to the occurrence and the parties." Robert D. Sack, Sack on Defamation § 15.3.2 (3d ed. 2003) Vol. II.[3]

---

[2] "'Contacts to be taken into account in applying the principles of § 6 [of the Restatement (Second) of Conflicts of Law]s to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.'" Dugan v. Mobile Med. Testing Services, Inc., 265 Conn. 791, 802 (2003), quoting Restatement (Second) of Conflicts of Laws, § 145(2), p.414.

[3] Multistate defamation usually arises in the context of mass publication. The same reasons that have persuaded courts in those cases to apply the law of the plaintiff's domicile are also applicable in this more limited context. Even though there was no mass publication, this case involves repeated publication of the same statement to different persons in different jurisdictions, one of which is the plaintiff's domicile.

3

Under Minnesota law, a plaintiff seeking damages for defamation must "prove that a statement was false, that it was communicated to someone besides the plaintiff, and that it tended to harm the plaintiff's reputation and to lower him in the estimation of the community." Richie v. Paramount Pictures Corp., 544 N.W.2d 21, 25 (Minn. 1996). Truth is an absolute defense to a defamation claim. Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 255 (Minn. 1980). In evaluating the truth of a statement, the test is whether the statement is substantially true. "A statement is substantially accurate if its gist or sting is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced." Jadwin v. Minneapolis Star and Tribune Co., 390 N.W.2d 437, 441 (Minn. App. 1986) (citation omitted). "If the statement is true in substance, inaccuracies of expression or detail are immaterial." Id.

The defense of substantial truth protects a speaker who utters a statement that is subject to multiple interpretations. Hunter v. Hartman, 545 N.W.2d 699, 707 (Minn. App.), rev. denied, 1996 Minn. LEXIS 415 (Minn. 1996). "A commentator who advocates one of several feasible interpretations of some event is not liable in defamation simply because other interpretations exist." Id.

Defendant contends that his statements concerning the plaintiff's standing at Quinnipiac were substantially true because they could be interpreted to refer to either academic

standing or financial standing and in fact she owed the law school money. Defendant is not entitled to summary judgment on this basis. Even assuming his statements concerning the plaintiff could be interpreted to refer to her financial standing, she denies that she owed the law school money and the evidence in the record does not compel a finding that she did.

CONCLUSION

Accordingly, defendant's motion for summary judgment is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 29th day of September 2004.

　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　Robert N. Chatigny
　　　　　　　　　　　　　　　　United States District Judge