UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | November 4, 2004 |
|     Defendant | : | |

## DEFENDANT'S OBJECTION TO THE PLAINTIFF'S MOTION FOR DE NOVO REVIEW

Defendant David King herein objects to the plaintiff's "Motion For and Memorandum In Support of Rule 72(b) De Novo Review of the September 29, 2004 Order of Magistrate Donna N. Martinez" ("Plaintiff's 72(b) Motion"), which is comprised of two separate motions, namely: (1) a Motion for De Novo Review; and, (2) a "renewed" Motion for Disqualification of Magistrate Martinez. Below, the defendant offers objections to each of these motions. The defendant further notes that the plaintiff, in her present brief, continues her tactic of systematically misrepresenting the facts and record before the Court.[1] Once again, the defendant is obliged to respond, selectively, to the most egregious of these misrepresentations, and does so via objection, infra. The defendant will not address the assortment of rehashed discovery issues raised by the plaintiff

---

[1] Conduct by the plaintiff such as this is by no means unique to this case. Indeed, Barbara Burns has been sanctioned and assessed fees by at least one other Court for engaging in what it described as "abusive, frivolous and improper conduct." Specifically, in Burns, et al. v. Ungerman, et al, (Jan. 2004) (Fourth Dist. Minn.) Judge Burke, Chief Judge of the 4th Judicial District of Minnesota, wrote that "the decision to impose significant sanctions against a pro se litigant should be done in a rare instance...This is such an instance" and sanctioned the plaintiff for improper conduct **"including, but not limited to, her abusive conduct toward court personnel, repeated and blatant failure to comply with Minnesota Rules of Civil Procedure, improper *ex parte* communications, intentional disregard for court directives and orders, making false allegations and lying by misstating conversations with court staff and breaches of security by entering judges' chambers without prior authorization."** (emphasis added). See also: Jones, Barbara L. Litigious Pro Se Plaintiff Sanctioned, Assessed Fees, *Minnesota Lawyer* (01/26/04). Copy Attached.

1

in her latest motion, since these matters have already been briefed at length by the parties in this case and have been ruled upon by the Court.

## I. OBJECTION TO PLAINTIFF'S RULE 72(B) MOTION FOR DE NOVO REVIEW

### A. The Plaintiff's Citation to F.R.C.P. 72(b) is Faulty because the Magistrate's Order of September 27, 2004 is not Dispositive

The defendant objects to the plaintiff's request for FRCP 72(b) De Novo review on the grounds that the September 27, 2004, Ruling on Pending Motions[2] of the Court (Martinez, USMJ) is a non-dispositive order rather than a dispositive order as the plaintiff describes it.[3] It is therefore not subject to the plaintiff's present request for FRCP 72(b) De Novo Review. FRCP 72(a)[4] expressly establishes the authority of a Magistrate Judge to issue rulings upon non-dispositive matters. Moreover, Rule 72.1(C)(1) of the Local Rules for Magistrate Judges resolves any possible ambiguity by defining discovery matters as being non-dispositive. It provides that "The Magistrate Judge shall have authority to review non-dispositive motions, including, but not limited to discovery and other matters of procedure." Local Rule 72.1(C)(1).

The plaintiff has fundamentally mischaracterized the nature of the Court's Ruling of September 27, 2004. For this reason, her motion for De Novo Review should be denied.

---

[2] Although the word "recommendation" appears nowhere within the September 27, 2004 Ruling of Magistrate Martinez, the plaintiff mischaracterizes the Ruling as being a mere "Report and Recommendation." She also mischaracterizes the operative date of the Ruling as being September 29, 2004. (Plaintiff's 72(b) Motion at 1).
[3] Plaintiff's 72(b) Motion at 6.
[4] **(a) Nondispositive Matters**: A magistrate judge to whom a pretrial matter not **dispositive** of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. FRCP 72(a) (emphasis added).

## II. OBJECTION TO PLAINTIFF'S RENEWED MOTION FOR DISQUALIFICATION

**A. The Plaintiff's Claim for Disqualification for Bias is Unsupported by Law or Fact.**

The defendant objects to the plaintiff's motion for disqualification of Magistrate Martinez based on bias on the grounds that the plaintiff's motion is not timely made, is not in proper form, lacks legal and factual basis, and the plaintiff has already exhausted her sole opportunity to make such a challenge.

The procedure by which a party may move for disqualification is set forth in 28 U.S.C. § 144. It states that "[w]henever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." (italics added). Additionally, the affidavit filed by the moving party must "state the facts and the reasons for the belief that the bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard…**A party may file only one such affidavit in any case**" (emphasis added). The plaintiff's present motion is not in the required affidavit form, does not contain a certification that it is made in good faith, and has been filed nearly two full years beyond the deadline required for a timely filing.

Perhaps more importantly, the plaintiff filed her first Motion for Disqualification of Magistrate Martinez on or about October 10, 2002. On October 25, 2002, Judge Chatigny denied the motion on the grounds that the plaintiff "…has shown no reason to question the Magistrate Judge's impartiality."[5] On or about April 21, 2003, the plaintiff filed a second Motion for

---

[5] In her present motion, the plaintiff falsely asserts that "Judge Chatigny otherwise did not appear to consider or rule upon the merits of the plaintiff's motion for disqualification." (Plaintiff's 72(b) Motion at 3).

3

Disqualification of Magistrate Martinez. On August 28, 2003, the Court (Chatigny, J) denied the plaintiff's second Motion for Disqualification.

As was stated above, a party may file only one such motion in any case. The plaintiff's present motion for disqualification should be denied, pursuant to 28 U.S.C. § 144, on the grounds that it represents the third such Motion for Disqualification filed by the plaintiff. The plaintiff has clearly exhausted her sole opportunity to bring such a motion; she should not be permitted a third bite at the apple.

In addition to being legally defective, the plaintiff's motion once again fails to establish a sufficient factual basis[6] for her assertion of personal bias on the part of Magistrate Martinez. In fact, the plaintiff's present Motion for Disqualification appears to be based upon little more then the Magistrate's issuance of rulings involving discovery matters in favor of the defendant. The plaintiff simply cannot establish bias on these grounds alone.

In sum, Plaintiff's instant motion for disqualification has not been properly brought, is barred by her previous Motions for Disqualification which were properly denied by the Court, and lacks factual basis. For these reasons, it should be denied.

---

[6] The plaintiff has utilized similar tactics in at least one other case. Specifically, in Burns v. Michael Mayer, et al., unpublished opinion (Minn. App.)(1998) the Minnesota Appellate Court (Davies, J) found no error in the decision of the trial judge to deny the plaintiff's notice of removal based upon judicial prejudice. The Appellate Court based its decision on part on the observation that "Burns makes only conclusory allegations of prejudice against the judge in question." Copy attached.

4

## III. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S LATEST FACTUAL MISREPRESENTATIONS

### A. The Defendant Objects to the Plaintiff's Jurisdictional Challenge to the Court's Authority to Rule as to Discovery Matters

Inexplicably, the plaintiff continues to deny[7] that her appeal was dismissed by the Second Circuit Appellate Court, despite the fact that she has been placed on notice of the dismissal by Court in the Ruling and Order of May 27, 2004 (Martinez, USMJ). Operating under the fantasy that her appeal is still pending, the plaintiff asserts erroneously that the district court was without jurisdiction to issue a ruling on the discovery matters referenced within the plaintiff's brief. The plaintiff's latest jurisdictional challenge is therefore without merit.

### B. The Plaintiff Mischaracterizes the Procedural History Regarding the Deposition of Neil Cogan

The plaintiff alleges that she "noticed the Deposition of Neil H. Cogan on or about May 8, 2003, specifying a date of June 30, 2003." (Plaintiff's 72(b) Motion at 3, footnote 4). This assertion is patently false. The plaintiff did not notice the deposition of Neil H. Cogan until June 1, 2003, beyond the May 30, 2003 deadline for <u>completing</u> discovery in this matter. The Court, (Chatigny, J), in granting the defendant's Motion for Protective Order of June 12, 2003, expressly based its decision to grant the Order, in part, on the fact that the plaintiff's notice of deposition was not filed until June 1, 2003. The plaintiff apparently seeks now to obscure the untimely nature of her initial filing by misstating her deposition notice date by three full weeks, despite the Court's cognizance of the correct date.

The plaintiff also accuses Magistrate Martinez of refusing to allow her to reschedule the June 30, 2003 deposition of Neil Cogan "upon the plaintiff's statement that the plaintiff's father had

---

[7] Plaintiff's 72(b) Motion at 4.

5

died that weekend." (Plaintiff's Rule 72(b) Motion at 3-4). However, as was noted above, the plaintiff failed to notice the referenced deposition prior to the deadline of May 30, 2003. *Subsequent* to the plaintiff's late filing of the notice of deposition, her father apparently passed away. Her allegation that Magistrate Martinez callously refused to permit her to re-notice the Cogan deposition must be viewed within this context. In fact, any deposition re-notice filed by the plaintiff suffered from the same deficiency as the initial notice; namely, it was submitted past the court-mandated deadline. The plaintiff's personal tragedy has no bearing on her failure to comply with the Court Order. The defendant objects to the plaintiff's rather transparent attempt to obscure key facts relating to the deposition of Neil H. Cogan.

### C. Defendant's Objection to Plaintiff's Allegations of Misconduct on the Part of Defense Counsel

The plaintiff also seeks to resuscitate her previously discredited allegation that defense counsel purposefully refused to permit the plaintiff an opportunity to inspect a Quinnipiac University Handbook in defense counsel's possession. This utterly unsupported allegation was addressed in length by the defendant in his Objection dated 07/31/2003, and the accompanying affidavit of Attorney Matthew G. Conway. To date, the plaintiff has refused to accept defense counsel's outstanding offer to permit her to view the handbook at the office of defense counsel or have a copy sent to the plaintiff at plaintiff's cost. Instead, she insists on launching baseless allegations of misconduct on the part of the defendant and defense counsel. The defendant objects to the plaintiff's continued use of abusive motion practice in this matter.

## IV. CONCLUSION

The plaintiff's Motion for De Novo Review is based upon a faulty analysis of the law and a mischaracterization of the record before the Court. Further, the plaintiff's Motion for Disqualification is procedurally deficient and is unwarranted by the facts in the present case.

For the foregoing reasons, the plaintiff's present motions should be denied.

DEFENDANT,
DAVID S. KING,

By: _____
Sean Nourie
Fed. No. ct26205
Matt Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

7

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 4th day of November, 2004 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Sean Nourie