UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | November 12, 2004 |
|     Defendant | : | |

**DEFENDANT'S COMPLIANCE PRETRIAL ORDER**

Pursuant to Court's (Chatigny, J.) Pretrial Order dated September 30, 2004, the defendant, David S. King, ("King"), hereby submits his trial memorandum.

**1. List of Defendant's Witnesses**

a) Defendant's Witnesses:

1.  Dean David S. King
    Quinnipiac University School of Law
    275 Mount Caramel Avenue
    Hamden, CT 06518-1908

    This witness is expected to testify as to his dealings with the plaintiff since the time of her enrollment with the University, including the circumstances surrounding her visiting at other schools, the circumstances surrounding issuance of letters of good standing, the plaintiff's payment or non-payment of tuition, the issue of ranking of students in relation to the overall class, issues regarding scholarships, as well as the responsibilities of his position, his authority under Dean Neil Cogan, and his discretion in interpreting University policy. Estimated total time needed for testimony is one day.

2.  Barbara Burns
    13684 Harmony Way
    Apple Valley, Minnesota

1

    The plaintiff is expected to testify as to her allegations against the defendant and her alleged injuries. Estimated total time needed for testimony is one day.

  3.  Ann Traverso
     Director of Financial Aid
     Quinnipiac University School of Law
     275 Mount Caramel Avenue
     Hamden, CT 06518-1908

    This witness is expected to testify as to communication with the plaintiff relating to the claims in her complaint, the plaintiff's status as a student at the law school, financial aid issues involving the plaintiff, instructions from the plaintiff regarding cancellation of student aid, and law school policies and procedures relating to the handling of administration of student aid. Estimated total time needed for testimony is four hours.

  4.  Mary Ellen Durso
     Law School Registrar
     Quinnipiac University School of Law
     275 Mount Caramel Avenue
     Hamden, CT 06518-1908

    This witness is expected to testify as to issues regarding class rank, the plaintiff's attendance and status at the Quinnipiac University School of Law, the plaintiff's payment and nonpayment of tuition and the administration of the law school. Estimated total time needed for testimony is one hour.

  5.  John Bennett
     Quinnipiac University School of Law
     275 Mount Caramel Avenue
     Hamden, CT 06518-1908

    This witness is expected to testify as to the claims made by the plaintiff in her complaint and the administration of the Office of Academic Affairs. Estimated total time needed for testimony is one hour.

6.    Dr. Kathleen McCourt
Quinnipiac University School of Law
275 Mount Caramel Avenue
Hamden, CT 06518-1908

This witness is expected to testify as to communication with the plaintiff regarding the claims made in her complaint, and the administration of the Office of Academic Affairs. Estimated total time needed for testimony is one hour.

7.    Valerie Carbone
University BursarQuinnipiac University School of Law
275 Mount Caramel Avenue
Hamden, CT 06518-1908

This witness is expected to testify as to the payment or nonpayment by plaintiff of tuition amounts owed to Quinnipiac University School of Law and the schools policies regarding the same. Estimated total time needed for testimony is one hour.

## 2. Exhibits

The defendant reserves the right to amend the following exhibit list to include documents in the possession of the plaintiff but not yet produced by the plaintiff, along with any additional documents made pertinent by plaintiff's production.

|    | **Date**     | **Description**                                               |
|----|--------------|---------------------------------------------------------------|
| 1. | 04/26/98     | Application for Financial Aid                                 |
| 2. | 06/19/98-99  | NSLDS Loan Detail                                             |
| 3. | 03/05/99     | Letter from Financial Aid to Plaintiff                        |
| 4. | 04/27/99     | Application for Financial Aid (98-99)                         |
| 5. | 05/03/99     | NSLDS Summary – Outstanding balance & Pending disbursements   |
| 6. | 05/03/99     | Letter from Traverso to plaintiff re: no income disclosed     |
| 7. | 05/03/99     | Letter from Quin. to MET State re: FAT for plaintiff          |

| | | |
|---|---|---|
| 8. | 05/11/99 | Letter from Fin. Aid to plaintiff re: max. loan already taken, not eligible for additional amounts |
| 9. | 07/27/99 | Financial Aid Application (99/00) |
| 10. | 08/09/99 | E-mail from plaintiff to Traverso re: crossover funds |
| 11. | 08/11/99 | Financial aid verification worksheets |
| 12. | 07/26/99 | Letter from plaintiff to Traverso re: living rent free in New Jersey |
| 13. | 1999 | Class ranking summary indicating that plaintiff's GPA rank is 27 of 39 |
| 14. | 08/11/99 | Letter from plaintiff to Financial Aid re: consortium agreement |
| 15. | 08/25/99 | E-mail from plaintiff to defendant re: consortium agreement |
| 16. | 08/25/99 | E-mail from King to plaintiff re: unpaid balance/not in good standing |
| 17. | 08/25/99 | Consortium Agreement between Quin. & William & Mary |
| 19. | 08/30/99 | E-mail from plaintiff to Cogan re: complaint about financial aid issues |
| 20. | 08/31/99 | E-mail from plaintiff to Cogan re: interpretation of "good standing" |
| 21. | 10/04/99 | Financial Aid Award & letter from Traverso to plaintiff re: disbursement |
| 22. | 10/12/99 | Financial Aid Transcript |
| 23. | 10/13/99 | Promissory note/notes from financial aid office re: ssn error |
| 24. | 10/13/99 | Memo to file re: communications with Great Lakes |
| 25. | 11/10/99 | Letter from Zelanakas to Nelson re: loan check |
| 26. | 11/18/99 | E-mail from plaintiff to Traverso re: loan issues |
| 27. | 11/18/99 | E-mail from Traverso to plaintiff re: loan issues |
| 28. | 11/19/99 | E-mail from plaintiff to Bennett re: loan & scholarship issues |

| | | |
|---|---|---|
| 29. | 11/19/99 | E-mail from plaintiff to Traverso (cc:Bennett) canceling financial aid |
| 30. | 11/22/99 | E-mail from plaintiff to Ann Traverso indicating that she has other arrangements for financial aid file |
| 31. | 11/23/99 | E-mail from plaintiff to Traverso re: withholding of scholarship |
| 32. | 11/23/99 | E-mail from Traverso to plaintiff re: responsibility of bursar |
| 33. | 11/23/99 | E-mail from Traverso to plaintiff re: cancellation of financial aid |
| 34. | 12/02/99 | Memo from plaintiff to Bennett re: Traverso |
| 35. | 12/03/99 | Letter to Great Lakes from Traverso re: checks endorsed to both parties |
| 36. | 11/23/99 | E-mail from J. Nelson of William Mitchell to plaintiff re: cancellation of aid |
| 37. | 12/28/99 | Letter from plaintiff to Bennett re: Traverso |
| 38. | 01/04/00 | Cogan letter of good standing, without addressee, with contingency reference to second letter of same date. |
| 39. | 01/04/00 | Cogan letter, without addressee, describing conditions of good standing letter. |
| 40. | 05/08/00 | Memo from plaintiff to Cogan |
| 41. | 05/11/00 | Memo from King to Cogan re: summary of plaintiff's May 8 Memo |
| 42. | 05/12/00 | Letter from King to Burns re: unpaid balance & revocation of scholarship |
| 43. | 05/24/00 | Letter from King to Sullivan re: no longer in good standing |
| 44. | 05/24/00 | Memo from Burns to Cogan re: transfer certification |
| 45. | 05/11/01 | Letter from plaintiff to Quin. re: refusal to pay |
| 46. | 06/14/02 | E-mail from McCourt to King re: FERPA |

| | | |
|---|---|---|
| 47. | 06/20/02 | Loan History (Barbara R. Burns) |
| 48. | undated | Handwritten notes on Citibank notepad re: Georgetown |
| 49. | 11/25/98 | Scholarship offer letter with terms |
| 50. | 12/09/98 | Plaintiff's acceptance letter |
| 51. | 08/03/99 | Letter to plaintiff from King re: permission to visit based on changed circumstances. |
| 52. | 08/17/99 | E-mail from plaintiff to King re: enrollment at Univ. of Minnesota |
| 53. | 08/17/99 | E-mail from King to plaintiff re: contacting Prof. Long |
| 54. | 08/20/99 | E-mail from plaintiff to King re: partial transcript submission |
| 55. | 08/21/99 | E-mail from King to plaintiff re: assistance from staff |
| 56. | 08/25/99 | E-mail from King to plaintiff re: unpaid balance/not in good standing |
| 57. | 08/25/99 | Handwritten note to Cogan re: plaintiff's request for phone conf. |
| 58. | 08/30/99 | E-mail from plaintiff to Cogan re: visiting program, transfer |
| 59. | 08/31/99 | E-mail – Dean will respond following response from Dir. Ed. |
| 60. | 08/31/99 | E-mail from plaintiff to Cogan re: good standing, loan proceeds |
| 61. | 09/01/99 | Document packet from King to Lois DeAngeles |
| 62. | 09/03/99 | Wire transfer funds from Summit Bank |
| 63. | 12/06/99 | Letter from plaintiff to Bennett re: payment of $2,646.16 |
| 64. | 12/13/99 | Letter from Bennett to plaintiff re: amount due/misdirected inquiry |
| 65. | 01/04/99 | Good Standing letter from Cogan to Univ. of Minn. |
| 66. | 08/30/00 | Letter from plaintiff to Durso requesting QU accept credits |

| | | |
|---|---|---|
| 67. | 08/30/00 | Durso response – needs official transcript |
| 68. | 09/04/00 | Memo from plaintiff to Durso re: original transcript issue |
| 67. | 07/21/01 | Plaintiff letter to Durso re: request for records |
| 68. | 0726/01 | Response from Durso – no records while balance due |
| 69. | 08/02/01 | Plaintiff to Durso requesting file, and reporting grades from Georgetown |
| 70. | 08/02/01 | Durso response: no transfer credits accepted when not in good standing |
| 71. | 08/03/01 | Letter from plaintiff to Durso questioning authority |
| 72. | 08/04/01 | Letter from plaintiff to McCourt re: transcript request |
| 73. | 08/08/01 | Memo from King to McCourt re: FERPA |
| 74. | 08/14/01 | Letter from McCourt to plaintiff re: right to inspect file |
| 75. | 09/05/02 | Plaintiff's Official Transcript from Quinnipiac University |
| 76. | 05/24/00 - 05/25/00 | Any letter of good standing issued by Quinnipiac which plaintiff currently has in her possession but has not yet produced |

**3. Jury Instructions**
See attached Requests to Charge

> DEFENDANT,
> DAVID S. KING,
>
>
> BY_____
> Matthew G. Conway
> Fed. No. ct09612
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT 06103
> (860) 525-5529
> fax (860) 525-1191

**CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 12th day of November, 2004 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Matthew G. Conway