UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | November 12, 2004 |
|     Defendant | : | |

**DEFENDANTS PROPOSED JURY INSTRUCTIONS**

The Defendant asks the Court to instruct the jury as follows:

**I.     GENERAL INSTRUCTIONS**

    **A.     Introduction**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law; you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments to you. If, however, any difference appears to you between the law as stated by

1

counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

E.J. DeVitt and C.B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Section 71.01.

### B.  All Persons Equal Before The Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

E. J. DeVitt and C. B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Section 71.04.

### C.     Statements Of Attorneys Not Evidence

The evidence in this case consists of (1) the sworn testimony of the witnesses, regardless of who may have called them; (2) all exhibits received into evidence, regardless of who may have introduced them; and (3) all facts which may have been admitted or stipulated.  When the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must accept the stipulation and regard that fact as proved.

Other than stipulations agreed to by counsel, the statements and arguments of the attorneys/parties are not evidence in this case.

In your deliberations, you must not consider objections made by the attorneys/parties, whether those objections were sustained or overruled.  Counsel not only have the right, but the duty to make objections when, in their opinion, the introduction of any evidence or the following of any procedure would be contrary to legal rules.

Any testimony as to which an objection was sustained by the Court, and any testimony ordered stricken by the Court, must be entirely disregarded.  You may not draw any inference from an unanswered question, or speculate as to what the answer would have been.  Likewise, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

The plaintiff in this case has appeared pro se, which means that she has represented herself during trial without an attorney.  She has also appeared as a witness.  It is very important for you to bear in mind that any statements made by the pro se plaintiff, except those made by

her during testimony as a witness, are not evidence in this case. Likewise, any arguments made by the pro se party are not to be considered evidence.

E. J. DeVitt and C. B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Sections 70.01 & 70.03.

### D.   Credibility of Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more

persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

E. J. DeVitt and C. B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Section 73.01.

### E. **Burden of Proof**

In this case, the plaintiff has made certain claims and she therefore has the responsibility to prove each essential element of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

The plaintiff must prove each element of her claim by a "preponderance of the evidence" which simply means an amount of evidence which is enough to persuade you that a claim or

5

contention is more likely true than not true. If you find that the plaintiff has failed to sustain her burden of proof with respect to even one element of any claim, then your verdict must be for the defendant on that claim.

See *Pattern Jury Instruction, Civil Cases* (11th Circuit 1990) Section 6.2.

## II.  PLAINTIFF'S CLAIMS

### A.  Claim One – Defamation Under Minnesota Law

#### 1.  Elements of Claim

The plaintiff's second claim against the defendant is also based on defamation, but involves the application of Minnesota Law. Under Minnesota Law, "…in order for a statement to be considered defamatory it must be communicated to someone other than Plaintiff, it must be false, and it must tend to harm Plaintiff's reputation and to lower him in the esteem of the community." See Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 255 (1980). Thus, a defamation claim brought under Minnesota law requires the plaintiff to prove three elements, namely: (1) communication to someone other than the plaintiff; (2) falsity, and; (3) that the statement was harmful to the plaintiff's reputation and lowered her in the esteem of the community. The plaintiff has the burden of proving each of these elements separately in order to proceed with her claim.

The first element involves publication. More specifically, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant's written statements were

communicated to someone other than the plaintiff herself. <u>Stuempges v. Parke, Davis, & Co.</u>, N.W.2d 252, 255 (Minn.1980). If the plaintiff is unable to establish, by a preponderance of the evidence, that such a communication took place then you must rule in favor of the defendant in regards to claim two.

The second element to be considered in a defamation claim under Minnesota law involves falsity. A true statement, or even a substantially true statement, is incapable of being defamatory under the law. See <u>Hunter v. Hartmann</u>, 545 N.W.2d 699, 707 (1996). As I stated in connection with the instructions on claim one, truth is an absolute defense to a claim of defamation. Thus, the plaintiff must establish by a preponderance of the evidence that the defendant's statements were false in order to maintain her defamation claim. If the plaintiff has not proven, by a preponderance of the evidence, that defendant's written statements were neither true nor substantially true, but in fact false, then you must rule in favor of the defendant in regards to count two of the plaintiff's complaint.

The third element that the plaintiff must establish by a preponderance of evidence is that the statement made was harmful to the plaintiff's reputation and lowered her in the esteem of the community. As was the case with the first two elements, if the plaintiff has failed to establish, by a preponderance of the evidence that the written statement made by the defendant was harmful to the plaintiff's reputation and lowered her in the esteem of the community, then you must rule in favor of the defendant as to claim two.

Even if each of the above elements is satisfied, and the statement is therefore deemed to be defamatory, the defendant may still be subject to what is referred to as a qualified privilege. Lewis v. Equitable Life Assurance Soc'y, 389 N.W. 2d 371, 374 (Minn. 1986). The existence of a qualified privilege is a determination to be made by the Court. "To be privileged, a statement must be made upon a proper occasion, from a proper motive, and based upon reasonable or probable cause." Id. A qualified privilege may be lost if it is deemed to have been abused via actual malice on the part of the speaker of the alleged defamatory words. Actual malice under Minnesota law means statements made from "ill will and improper motive, or carelessly or wantonly for the purpose of injuring the plaintiff." Stuempges v. Parke, Davis, & Co., N.W.2d 252, 257 (Minn.1980). "Malice may be shown by extrinsic evidence of personal ill will, or by intrinsic evidence such as the exaggerated language of the statement or the extent of the statement's publication." Frankson v. Design Space Int'l, 394 N.W.2d 140, 144 (Minn.1986).

To summarize, as to claim two, the plaintiff has the initial burden under Minnesota law of proving by a preponderance of the evidence the following elements: (1) communication by the defendant to someone other than the plaintiff; (2) falsity of the statement, and; (3) that the statement was harmful to the plaintiff's reputation and lowered her in the esteem of the community. If you find that the plaintiff has failed to meet her burden of proof as to any or all of these, then you must find for the defendant. If, on the other hand, the plaintiff succeeds in meeting her burden as these three elements, then the court will determine whether the statements made by the defendant were subject to a qualified privilege. If the court does so find, then you

8

will be asked to find whether the defendant abused this privilege by acting in malice. If you not determine that the defendant's statements were made with malice, then you must find for the defendant on the basis of qualified privilege.

Maloney v. Conroy, 208 Conn. 392, 398 (1988); Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A. 2d 1180 (1978); Urban v. Hartford Gas Company, 139 Conn. 301, 307 (1952).

### III.   DAMAGES

### A.   Introduction

If you find that plaintiff has failed to meet her burden of proving her claims, then your verdict must be for the defendant, and you will not reach the question of damages. On the other hand, if you find that plaintiff has satisfied her burden of proving the essential elements of her claims by a preponderance of the evidence, then you should determine what amount of money would compensate the Plaintiff in this case. You should find as damages to be awarded in favor of the plaintiff the amount of money that will compensate her for the injuries suffered. The fact that I have instructed you as to damages, however, is not an indication that I believe that you should award damages. I have instructed you as to the measure of damages so that you may determine how much to award if you find that the plaintiff has proven all of the elements of her claims as I previously instructed. If she has not, you should not consider damages. Rather, you must return a verdict for the defendant.

E. J. DeVitt and C. B. Blackman, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Section 107.08.

E.J. DeVitt and C.B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) at Section 71.01.

### B. <u>Actual and Consequential Damages</u>

Under Minnesota law, actual damages must be proved in order to be recovered unless the defamation in question is determined to be per se defamation. See <u>Stuempges v. Parke, Davis, & Co.</u>, N.W.2d 252, 259 (Minn.1980). Actual damages include items such a medical expenses attributed to the conduct of the defendant in a case, and pecuniary losses such as lost earnings or other lost income, and other out-of-pocket expenses. Compensatory damages mean an amount of damages necessary to fairly compensate the plaintiff for all of her injuries. You should consider whatever financial loss she has been shown to have suffered, and may reasonably be expected to suffer in the future, on account of the defendant's actions and also what monetary award is necessary to compensate her for any emotional distress, pain or suffering which you find she has established that she suffered on account of the defendant's alleged defamatory statements.

### C. General Damages/Per Se Defamation

If, however, a finding of defamation per se is made as to the plaintiff's complaint, then the plaintiff may be entitled to recovery of general damages. See also <u>Stuempges v. Parke, Davis, & Co.</u>, N.W.2d 252, 259 (Minn.1980). A general damages award does not involve a tallying of actually proved damages; instead, the jury may simply award to the plaintiff an amount in presumed damages.

### IV.    <u>**VERDICT**</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of facts. Your sole interest is to seek the truth from the evidence in the case.

E. J. Devitt and C. B. Blackmar, *Federal Jury Practice and Instructions*, (4th ed. 1987) Section 74.01.

                                      DEFENDANT,
                                      DAVID S. KING,

BY_____
        Matthew G. Conway
        Fed. No. ct09612
        Conway & Stoughton, LLP
        201 Ann Street
        Hartford, CT 06103
        (860) 525-5529
        fax (860) 525-1191

## **CERTIFICATION**

      This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 12th day of November, 2004 to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

                                  _____
                                  Matthew G. Conway