## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | November 12, 2004 |
| Defendant | : | |

FILED 2004 NOV 15 A 11: 48 U.S. DISTRICT COURT HARTFORD, CT.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff asks the Court to instruct the jury as follows:

### I.    GENERAL INSTRUCTIONS

####     A.    Introduction

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments of parties and counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you. You are required to apply that law, as I give it to you, to the facts as you find them from the evidence given in this case.

The relationship and the legal dispute of these parties has been construed to be governed by Minnesota law. Counsel have quite properly referred to some of the governing rules of law in their arguments to you. If, however, any difference appears to you between the law as stated by

1

counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Section 71.01.

### B.    All Persons Equal Before The Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. You are not to be influenced by the fact that a party has or has not elected to be represented by counsel.

### C.    Statements Of Attorneys Not Evidence

The evidence in this case consists of (1) the sworn testimony of the witnesses, including the parties themselves, regardless of who may have called them; (2) all exhibits received into evidence, regardless of who may have introduced them; and (3) all facts which may have been admitted or stipulated or previously found by the Court, based upon the pleadings or statements of the parties to be true.

When the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must accept the stipulation and regard that fact as proved. Other than stipulations agreed to by counsel, the statements and arguments of the attorneys/parties at trial are not evidence in this case.

2

In your deliberations, you must not consider objections made by the attorneys/parties, whether those objections were sustained or overruled. Counsel not only have the right, but the duty to make objections when, in their opinion, the introduction of any evidence or the following of any procedure would be contrary to legal rules.

Any testimony as to which an objection was sustained by the Court, and any testimony ordered stricken by the Court, must be entirely disregarded. You may not draw any inference from an unanswered question, or speculate as to what the answer would have been. Likewise, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

The plaintiff in this case has appeared pro se, which means that she has represented herself during trial without an attorney. She has also appeared as a witness. It is very important for you to bear in mind that any statements made by the pro se plaintiff, except those made by her during testimony as a witness, are not evidence in this case. Likewise, any arguments made by the pro se party are not to be considered evidence.

**D.    Credibility of Witnesses**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may

find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### E.    Burden of Proof

In this case, the plaintiff has made certain claims and she therefore has the responsibility to prove each essential element of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

The plaintiff must prove each element of her claim by a "preponderance of the evidence" which simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true. If you find that the plaintiff has failed to sustain her burden of proof with respect to even one element of any claim, then your verdict must be for the defendant on that claim.

## II.    PLAINTIFF'S CLAIMS

### A.    Understanding Choice of Law

Before you begin to consider whether the plaintiff has satisfied her burden in proving each of her legal claims against the defendant, it is important that you understand the choice of law concept. Choice of law rules dictate which state's laws are to be applied to the legal claims raised by the parties in a case. As a preliminary matter, it is important to bear in mind that venue does not automatically determine which state's laws are applicable in a given case. Venue means the physical or geographical location where the trial is taking place. In this case, Connecticut is the venue state. Yet under choice of law rules, it is possible for a Connecticut court to apply the

laws of an entirely different state in deciding the claims of the parties. Moreover, the Court in some cases may determine that it is appropriate to apply the law of one state to some of the claims brought by a party, while applying the laws of a different state to other claims within the same case.

It is the role of the Court, and not the jury, to determine which state's laws are to be applied to a given case. Understanding how choice of law rules work is important for you in this case because you will be asked to apply the law of Minnesota to the plaintiff's claims. The Court has found that the Defendant stated to Mary Ellen Durso and other persons not known to Plaintiff that she was not in good standing as a Quinnipiac University student as of May 24, 2000; and that, on May 24, 2000, the defendant published the same statement to employees of the University of Minnesota and Georgetown University, where Plaintiff, in accordance with a prior discussion with Quinnipiac Dean Neil H. Cogan, had applied for transfer.

### B.    Claim One – Defamation Under Minnesota Law

**1.    Elements of Claim**

In order to prevail on a cause of action for defamation under Minnesota law, a plaintiff must prove that the defendant published false statements that must "**tend** (emphasis added) to harm the [plaintiff] and lower the plaintiff in the estimation of the community." Stuempages v. Parke, Davis, and Co., 297 N.W. 2d, 252, 255, 256 (Minn. 1980). Thus, defamation under Minnesota law includes three elements, namely: (1) publication; (2) of false statements; (3) that tend to harm the plaintiff and which tend to lower the plaintiff in the estimation of the

community. Id, at 255. When statements impugn the Plaintiff's honesty, personal integrity, and/or Plaintiff's business or professional reputation, defamation is per se and actual damages need not be proved, as the presumption is that such statements have damaged the Plaintiff's reputation.

Under Minnesota law, a defendant may not claim that a defamatory statement was privileged if it is not made "on a proper occasion, from a proper motive, and based upon reasonable or probable cause." Stuempages, supra, 297 N.W. 2d (Minn. 1980), at 256-57. To be privileged, the statements in question must be made in good faith and for a legitimate purpose. Id, at 257. A qualified privilege may be lost if it is abused. The question of whether the Defendant's statements were maliciously actuated and therefore not privileged is a question of fact for the jury.

Minnesota recognizes the doctrine of compelled self-defamation, wherein the element of publication is satisfied if it is reasonably foreseeable that Plaintiff herself was, or could be, compelled to publish the defamatory statement to a third person. Lewis v. Equitable Life Assurance Society of the U.S., 389 N.W. 2d 871 (Minn. 1986). Under Minnesota law, statements and representations contained in a handbook, such as the Quinnipiac University School of Law handbook, rise to the level of a binding unilateral contract. Lewis, supra, 389 N.W. 2d, 876 (Minn 1986), at 879.

In order for the plaintiff to succeed in her claim for damages, she must prove each of the above-stated elements by a preponderance of the evidence.

The first element that the plaintiff must establish by a preponderance of evidence is that of publication.    In the context of an action for defamation, publication includes "any communication by the defendant to a third person." Stuempages, supra, 297 N.W. 2d (Minn. 1980), at 252, 256. In this case, the parties have stipulated and the Court has found that the element of publication has been satisfied.

.      Falsity is the second element of defamation under Minnesota law. Id. Minnesota does not recognize the doctrine of substantial truth in cases of private-figure defamation. Plaintiff has the burden of proving by a preponderance of the evidence that the statements made by the defendant were false. This means that if the defendant is unable to show that his statement was true, then the any defamation claim that the plaintiff has brought against him must be upheld. Plaintiff need prove only by preponderance of the evidence, and not to an absolute certainty that the statement is false. Thus, if you find that the statements made by the defendant were either false or substantially false, then you must rule in favor of the Plaintiff as to the defamation claim.

  Harm is the third element of a defamation claim that must be proven by the plaintiff in order to prevail in a claim for defamation under Connecticut law only in cases where defamation is not asserted by the Plaintiff and deemed by the Court as per se. Otherwise, in order for the plaintiff to proceed with count one of her claim, she must establish by a preponderance of the evidence that she was harmed by the verbal statements made by the defendant to, among others, Mary Ellen Durso, the University of Minnesota, and the University of Connecticut.

In this case, the Court has found that the defendant's statements impugned Plaintiff's personal integrity and reputation for honesty and were thus defamatory per se, e.g., Defendant published to the University of Minnesota that Plaintiff had obtained and transmitted to University of Minnesota Dean, Thomas Sullivan, a Good Standing Letter from Quinnipiac Dean Neil Cogan under false pretenses or/or through other duplicitous means; by order dated September 29, 2004, the Court found that Dean Cogan had given the Good Standing Letter to Plaintiff with the intention that Plaintiff would hand-deliver it to Dean Sullivan. Accordingly, the plaintiff does not have the burden of establishing by a preponderance of evidence that she suffered actual damages. See, e.g., Stuempages, supra, 297 N.W. 2d, 252, 256.

Finally, in the event that the plaintiff does meet her burden of proof as to publication, the above mentioned elements of falsity and harm, then the judge will consider whether the defendant's statements were subject to a qualified privilege. Lewis, supra, 389 N.W. 2d 876 (Minn. 1986); see, also Stuempages, supra, 297 N.W. 2d , at 257. The issue of whether qualified privilege exists and applies is a question of law, for the Court. The issue of whether a qualified privilege has been abused, and thereby lost, is a question of fact, for the jury. Id, at 257. In this case, Plaintiff has sued the Defendant as an individual and not as an employee or agent of Quinnipiac University, which is not a party to this lawsuit. Thus, any qualified privilege that accrues to Quinnipiac is not available to the Defendant.

In summary, the parties have stipulated as to publication and there is no qualified privilege available to the Defendant. Accordingly, if you find that the Defendant's statement was false or

9

substantially false and that the statement tended to impugn Plaintiff's reputation for honesty and personal integrity and/or Plaintiff's business or professional reputation, you must uphold Plaintiff's claim of per se defamation.

## III.    DAMAGES

### A.    Introduction

If you find that plaintiff has satisfied her burden of proving the essential elements of her claims by a preponderance of the evidence, then you should determine what amount of money would compensate the Plaintiff in this case. You should find as damages to be awarded in favor of the plaintiff the amount of money that will compensate her for the injuries suffered.

### Actual and Consequential Damages

Under both Connecticut and Minnesota law, actual damages must be proved in order to be recovered unless the defamation in question is determined to be per se defamation. See Stuempges v. Parke, Davis, & Co., N.W.2d 252, 259 (Minn.1980). Actual damages include items such a medical expenses attributed to the conduct of the defendant in a case, and pecuniary losses such as lost earnings or other lost income, and other out-of-pocket expenses. Compensatory damages mean an amount of damages necessary to fairly compensate the plaintiff for all of her injuries. You should consider whatever financial loss she has been shown to have suffered, and may reasonably be expected to suffer in the future, on account of the defendant's actions and also what monetary award is necessary to compensate her for any emotional distress,

pain or suffering which you find she has established that she suffered on account of the defendant's alleged defamatory statements.

## C. General Damages/Per Se Defamation

If, however, a finding of defamation per se is made as to claim one or claim two, then the plaintiff may be entitled to recovery of general damages as to that count. This rule is applicable under both Connecticut and Minnesota law. See <u>Battista v. The United Illuminating Co.</u>, 10 Conn. App. 486, 491-2 (1987); see also <u>Stuempges v. Parke, Davis, & Co.</u>, N.W.2d 252, 259 (Minn.1980). A general damages award does not involve a tallying of actually proved damages; instead, the jury may simply award to the plaintiff an amount in presumed damages.

## IV.    <u>VERDICT</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of facts. Your sole interest is to seek the truth from the evidence in the case.

PLAINTIFF
BARBARA R. BURNS

BY_____
       Barbara R. Burns

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been emailed and Express-Mailed on this 12th day November, 2004 to Kevin F. Rowe, Clerk, U.S. District Court, 450 Main Street, Hartford, CT 06301 and Matthew G. Conway, Conway and Stoughton, 201 Ann Street, Hartford, CT 06301

_____
Barbara R. Burns