UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

    Plaintiff                          CIVIL ACTION

v.

David S. King,

    Defendant                     Case No. 3-02-CV897 (RNC)

PLAINTIFF'S OBJECTION TO DEFENDANT'S

"OBJECTION TO PLAINTIFF'S MOTION FOR DE NOVO REVIEW"

Plaintiff objects to Defendant's "Objection to Plaintiff's Motion for De Novo Review" as set forth infra:

As a preliminary matter, Plaintiff notes that Defendant's Objection to Plaintiff's Motion for Rule 72(b) De Novo Review is untimely. See FRCP 72 (b), stating, in pertinent part, that "a party may respond to another party's objections **within 10 days** (emphasis added) after being served a copy thereof." In this case, Defendant was served with a copy of Plaintiff's Objections on or about October 9, 2004, and his response is at least 28 days late.

Plaintiff further notes that, even if Defendant's Objection was not late-filed, which it was, it offers no substantial objection to Plaintiff's Motion and Memorandum. Rather, it focuses upon and attempts to attack Plaintiff's entitlement to file a Rule 72(b) Objection at all, and is clearly deficient on substantive, as well as procedural, grounds. Under Rule 72 (b), an opposing party has no standing to "object" to the filing of a timely request for

1

Rule 72(b) de novo review, which must be granted upon application. The question as to whether a magistrate acted improperly or without authority is one of law that a designated Article III judge reviews de novo. This mandated judicial review is not the purview of the opposing party, who, in this case, has benefited from the bias asserted by Plaintiff.

It is duly noted by Plaintiff that Plaintiff's account of relevant events in rebuttal to the magistrate's findings is supported by not one, but two, affidavits by a disinterested party, Kevin Burns; and that Kevin Burns has offered work orders and other records created in the ordinary course of business by other disinterested and unbiased parties in support of his statements [1] Defendant, conversely, has offered no substantial witness, or any witness, that supports Defendant's account of relevant events. Given these facts, the world's leading skeptic would be forced to conclude that Plaintiff and the truth have been companions.

In consideration of the foregoing facts, Plaintiff strongly objects to Defendant's unsupported accusations that it is Plaintiff who is misstating and mischaracterizing facts when it is Defendant—in an act of apparent desperation, having lost his motions for protective order, for sanctions, and for summary judgment—who has been and is doing just that. Specifically, Defendant belatedly offers as relevant and probative of Plaintiff's Motion for Rule 72 (b) de novo review a hearsay writing that purports to recount a "decision" by Kevin Burke, whom Defendant inaccurately reports is "the chief judge of the 4th Judicial District" of Minnesota. In fact, Burke—who is not the chief judge of the 4th Judicial District [2]—was removed on a peremptory disqualification available to litigants under the Minnesota Rules of Civil Procedure applicable to Minnesota state

---

[1] Kevin Burns has further stated that, to conclusive establish the veracity of his testimony, he is willing to be polygraphed.

[2] The chief judge of the Fourth Judicial District of Minnesota is Lucy A. Wieland.

courts. Under the plain language of Minn. R. of Civ. P. 63.03, as interpreted by the Minnesota appellate court, Burke was thereby divested of all judicial power more than two months prior to the January 16, 2004 "decision" in Case No. 03-17802, cited by the Defendant. See 48 M.S.A., MRCP 63.03; McClelland v. Pierce, 376 N.W. 2d 217 (Minn. 1985). [3]

Specifically, as the court docket confirms, the removal notice required by MRCP 63.03 was filed in Case No. 03-17802 by Plaintiff Renee A. DeFina on November 12, 2003. The alleged Burke "decision" did not issue until January 16, 2004, more than 60 days later, and, under Minnesota law and court rules, which control, is "without authority." See, e.g., McClelland, supra, 376 N.W. 2d, at 219; see, also, Citizens' State Bank v. Wallace, 477 N.W. 2d 741 (Minn. App. 1991), stating that "When a litigant files a notice of removal in substantial conformity with MRCP 63.03, **any subsequent exercise of judicial power** (emphasis added) is without authority....The refusal of a (Minnesota state) trial court judge to honor a notice of removal that is of right is **reversible error**, requiring summary reversal and remand for a new hearing before a different district court judge." [4]

---

[3] Stating that "if a trial judge refuses to honor an affidavit of prejudice properly filed pursuant to Rule 63.03, any further exercise of judicial power is unauthorized." *McClelland*, supra, 376 N.W. 2d at 219.

[4] The Minnesota appellate court has in fact upheld MRCP 63.03 against Burke on Barbara Burns' petition, reversing and remanding. It is also duly noted that, on July 16, 2004, Barbara Burns obtained a ruling by a Ramsey County, Minnesota district court that the Minnesota court would accord no credence to the Minnesota Lawyer article referenced by Footnote 1 of defense counsel's "Objection" and which is the basis for a formal inquiry against Kevin Burke and Richard Spicer, also named in the article. The same Minnesota court granted judgment to Barbara Burns for the full amount of her claim, plus court costs and fees on July 22, 2004. **For texture, Plaintiff points out that, at this same time, the court rebuked and censured the opposing attorney who attempted to employ the same unprofessional and unethical tactics, e.g., ad hominiem attack upon Plaintiff as a device to avoid the merits, which did not favor the opposing party, as that employed by defense counsel; and, at one point, admonished opposing counsel in open court by stating on the record: "You are supposed to be a lawyer. Act like one." The same Ramsey County Court judge, in common with this court, found nothing objectionable and made no criticism regarding Barbara Burns' litigation conduct.** As noted, supra, the Minnesota Board on Judicial Standards opened a formal inquiry and review of Kevin Burke and Richard Spicer, also named

The preemptory disqualification rule applies to all Minnesota state trial court judiciary, including chief judges, and permits a party to disqualify a trial court judge without stating a reason. MRCP 63.03. A Rule 63.02 peremptory disqualification is effective immediately upon filing, and is self-executing. Thus, it is not necessary for a party to obtain a formal appellate affirmance to enforce it. Citizens, supra, 477 N.W. 2d, at 742. The fact that a trial judge disagrees, vigorously opposes, or even bitterly resents, the party's decision to file a peremptory challenge does not affect the validity of the removal. Id.

In this case, the court docket confirms that, following documented ex parte communications between the opposing party and Kevin Burke over a period of several months, Burke self-assigned himself to Case No. 03-17802 on or about November 10, 2003.[5] Renee DeFina, a party, was notified of Burke's self-assignment to the case by the office of the Hennepin County Court Administrator. On November 12, 2003, Renee DeFina filed the Notice of Removal specified by MRCP 63.03 against Burke.

On November 14, 2003, the Hennepin County Court Administrator docketed the Notice of Removal of Kevin S. Burke filed by Renee DeFina on November 12. The Notice of

---

in the Minnesota Lawyer article proffered by defense counsel, on the basis that Burke's act of disregarding a peremptory disqualification of right that, in this case, was underscored by an appellate court order, enforcing the disqualification rule against Burke and subsequently attempting to influence the litigation from which he was disqualified through collegial and other unofficial channels, violated Canon I of the Minnesota Judicial Ethical Conduct Code; and on the basis that Kevin Burke and Richard Spicer violated Canon III of the Minnesota Judicial Ethical Conduct Code, which expressly prohibits state court judges from commenting publicly upon pending proceedings and from otherwise engaging in inappropriate and undignified communications with the press. Upon the advice of the Board Secretary that the inquiry is confidential to the Board and on the basis that the referenced litigation is pending before a different court, as provided by MRCP 63.03, Plaintiff declines to comment upon it further.

[5] For the sole benefit of the opposing party, with whom Burke had been in ex parte communication for several months, commencing in July 2003 and which ex parte communications have been admitted by the opposing party, Burke convened an ex parte proceeding without notice to the Plaintiffs on December 2, 2003. At that time, Burke granted an ex parte "judgment" to the opposing party that is unauthorized under MRCP 63.03, and, by any standard, constitutes an egregious due process violation. This cannot fail to shock the conscience of this court as an affront to the interests of justice that have been consistently and valiantly articulated and upheld by this court as the law of this case.

4

Removal was thus timely filed within ten days of notification of Burke's assignment to the case in substantial, if not perfect, conformity with MRCP 63.03.

<u>Under MRCP 63.03, as the Minnesota appellate court has consistently interpreted it, Burke was thereby divested of any and all judicial power *vis a vis* the parties to Case No. 03-17802 as of the date of filing of Plaintiff Renee DeFina's Notice of Removal, which was docketed by the Court Administrator on November 14, 2003. Under both *McClelland* and *Citizens*, supra, any subsequent exercise of judicial power by Burke, including, but not limited to, the January 16, 2004 "decision" was "unauthorized". Id. As a matter of fact or law, no judge has issued any orders in Case No. 03-17802. Thus, the Burke "decision" cannot be used or cited as precedent. Id.</u>

Plaintiff is further constrained to note that, even if Defendant's claims that Plaintiff's litigation conduct in Minnesota was proven by Burke to be objectionable were true, which they are not, [6] these assertions have no bearing or relevance with respect to the *Burns v. King* case, which is the only one before this court. To the contrary, it is a matter of record in **this case**, that Plaintiff has faithfully complied with all court orders, including those that Plaintiff has appealed and with which Plaintiff disagrees. Equally clearly, Plaintiff is not obligated to obey the directives of a Minnesota trial court, namely Burke, that the Minnesota appellate court has declared "unauthorized."

It is further a matter of record that the claims that Plaintiff has placed before this court have been demonstrated as meritorious. Indeed, this court has upheld not only Plaintiff's

---

[6] Burke's own appellate court, which reversed, formally found that Burke's accusations were unreliable hearsay, if not outright falsehoods, completely unsupported by the record, which the appellate court formally found consisted only of Burke's conclusory allegations; the appellate court further noted that no other person, including court employees, who, by Burke's account, allegedly complained of Plaintiff to Burke, could or would give in-court testimony, or any testimony, against Plaintiff. See Appellate Court File CX 95-141. Plaintiff further submits that the absence of any similar finding by any judge outside Burke's sphere, including this court strongly suggests that the "problem", if there is one, is Burke and not Plaintiff.

claims, but also Plaintiff's choice of law, Plaintiff's election of a federal forum, and Plaintiff's decision to sue the Defendant as an individual and not as an agent of Quinnipiac University.[7] In contrast, the Defendant, in what are transparent attempts to avoid the merits at all costs, has filed numerous frivolous and dilatory motions for sanctions, protective orders, and for summary judgment, all of which have been denied by this court.

Given these facts, the court should conclude, as did Ramsey County Court Judge Bertolson—who, as noted, admonished opposing counsel for attempting the same unwarranted and unfounded ad hominiem attack upon Plaintiff as that mounted by defense counsel Nouri and Conway—that it is opposing counsel and not Plaintiff whose litigation conduct is inappropriate. The court should also conclude, as did the Minnesota appellate court, that it is Burke who is disregarding applicable court rules, as well as judicial ethical canons governing mandated judicial disqualification, and not Plaintiff.

For the reasons stated above, the court should summarily disregard Defendant's out-of-time, self-serving and unauthorized arguments against de novo review that, under Rule 72(b) of the Federal Rules of Civil Procedure, is of right. The court should, additionally, strike Footnote 1 of Defendant's Objection Memorandum on the basis that, under MRCP 63.03, the Burke "decision" recounted in FN1 is "without authority" under Minnesota law and Minnesota court rules, which control, and, consequently, cannot be used or cited as binding precedent.

DATED: 11-12-04        BY: _[signature]_

---

[7] In this same context, any and all legal actions have been undertaken by Plaintiff subject to reasonable inquiry. With respect to both the above-mentioned Case No. 03-17802 and the case at bar, *Burns v. King*, certifications of expert review by competent Minnesota and Connecticut attorneys.

Barbara R. Burns

## CERTIFICATION OF MAILING

Barbara Burns, upon oath, deposes and says that on November 14, 2004, I placed in an envelope, postage prepaid and addressed to the parties named below, Plaintiff's Objection to Defendant's Opposition to Plaintiff's Motion for De Novo Review and that the same was by me deposited in a U.S. Postal Box at St. Paul, Ramsey County, Minnesota.

PARTIES SERVED:

Kevin Rowe, Clerk of Court, United States District Court, 450 Main Street, Hartford, CT 06103

Matthew Conway, Conway and Stoughton, 201 Ann Street, Hartford, CT 06103

*Barbara R. Burns*

7