# Westlaw.

FOR EDUCATIONAL USE ONLY

Page 1

Federal Rules of Civil Procedure Rule 72

C

United States Code Annotated Currentness
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    IX. Special Proceedings [FN1] (Refs & Annos)

→ **Rule 72. Magistrate Judges; Pretrial Orders**

   (a) **Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

   (b) **Dispositive Motions and Prisoner Petitions.** A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

   A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

CREDIT(S)

(Added Apr. 28, 1983, eff. Aug. 1, 1983, and amended Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.)

<<IX. SPECIAL PROCEEDINGS [FN1]>>

   [FN1] Another Chapter IX which was set out post has been abrogated.

ADVISORY COMMITTEE NOTES

**1983 Addition**

   **Subdivision (a).** This subdivision addresses court-ordered referrals of nondispositive matters under 28 U.S.C. §

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

477 N.W.2d 741
477 N.W.2d 741
**(Cite as: 477 N.W.2d 741)**

FOR EDUCATIONAL USE ONLY

Page 1

H

Court of Appeals of Minnesota.

CITIZENS STATE BANK OF CLARA CITY,
Petitioner, Respondent,
v.
Eva Lee WALLACE, et al, Appellants.

No. CX-91-776.

Nov. 26, 1991.

Appeal was taken from order of the District Court, Chippewa County, Marquis L. Ward, J., which granted temporary injunction. The Court of Appeals, Randall, J., held that: (1) notice of removal of judge filed approximately 30 minutes prior to hearing on a temporary injunction was timely, and (2) defendants did not receive required five days notice.

Reversed and remanded.

West Headnotes
**[1] Appeal and Error** 🔑842(1)
30k842(1) Most Cited Cases
Whether notice of removal of judge complies with rules of civil procedure is a question of law as to which Court of Appeals need not defer to trial court. 48 M.S.A., Rules Civ.Proc., Rule 63.03.
**[2] Appeal and Error** 🔑1035
30k1035 Most Cited Cases
**[2] Judges** 🔑51(4)
227k51(4) Most Cited Cases
Properly filed removal notice divests trial court of further jurisdiction and failure to honor proper removal notice is reversible error requiring a new hearing. 48 M.S.A., Rules Civ.Proc., Rule 63.03.
**[3] Judges** 🔑51(1)
227k51(1) Most Cited Cases
Requirements of rule governing removal of judge are liberally construed to safeguard, both in fact and in appearance, the constitutional right to a fair and impartial hearing. 48 M.S.A., Rules Civ.Proc., Rule 63.03.

**[4] Judges** 🔑51(2)
227k51(2) Most Cited Cases
Notice of removal must be filed before hearing begins. 48 M.S.A., Rules Civ.Proc., Rule 63.03.
**[5] Judges** 🔑51(2)
227k51(2) Most Cited Cases
Filing of notice of removal of judge approximately 30 minutes prior to hearing on request for temporary injunction complied with requirement that notice be filed before hearing starts and was timely. 48 M.S.A., Rules Civ.Proc., Rule 63.03.
**[6] Time** 🔑10(5)
378k10(5) Most Cited Cases
Required five days' notice for temporary injunction was not provided where party seeking the injunction served one of the defendants on Thursday, and the hearing was held on the following Monday. 48 M.S.A., Rules Civ.Proc., Rules 6.01, 6.04.
**[7] Injunction** 🔑143(1)
212k143(1) Most Cited Cases
Defendants were prejudiced by failure to give them required five days notice for temporary injunction where counsel was unable to appear at hearing because of legitimate scheduling conflict. 48 M.S.A., Rules Civ.Proc., Rule 6.04.
**[8] Injunction** 🔑143(2)
212k143(2) Most Cited Cases
Defendants, acting pro se, did not waive five-day notice requirement for preliminary injunction by appearing at the hearing and attempting to argue their position when their motion for continuance was denied. 48 M.S.A., Rules Civ.Proc., Rule 6.04.
**[9] Constitutional Law** 🔑312(3)
92k312(3) Most Cited Cases
Hearing motion for temporary injunction on two days notice violated opposing party's right to due process. U.S.C.A. Const.Amend. 14; 48 M.S.A., Rules Civ.Proc., Rule 6.04.
**[10] Constitutional Law** 🔑312(3)
92k312(3) Most Cited Cases
Failure to comply with notice requirement for temporary injunction may violate due process. U.S.C.A. Const.Amend. 14; 48 M.S.A., Rules Civ.Proc., Rule 6.04.

*741 Syllabus by the Court

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

477 N.W.2d 741
477 N.W.2d 741
(Cite as: 477 N.W.2d 741)

FOR EDUCATIONAL USE ONLY

Page 2

Minn.R.Civ.P. 63.03 mandates case reassignment when a party files a timely notice of removal. When computing time, the day of service is excluded, and on limitations of less than seven days, intervening Saturdays, Sundays, and legal holidays are also excluded.

Eva Lee Wallace, pro se.

*742 L. Wayne Larson, Willmar, for respondent.

Considered and decided by KLAPHAKE, P.J., RANDALL and CRIPPEN, JJ.

OPINION

RANDALL, Judge.

Respondent moved for a temporary injunction. The trial court denied appellants' request for case reassignment, denied appellants' request for a continuance, heard respondent's motion on the merits, and granted a temporary injunction. We reverse and remand.

FACTS

On Thursday, April 18, 1991, respondent served appellants with notice of a temporary injunction hearing scheduled for Monday, April 22, 1991. Respondent did not obtain an order to show cause.

Approximately thirty minutes prior to the April 22 hearing, appellants filed a notice of removal. The trial court rejected appellants' notice of removal stating:

Before we proceed I do note that, this morning, shortly before the hearing, I guess within the last half hour or so, a notice to remove me as Judge in this case was filed by [appellants], however this is not timely notice because it does not comply with the rules for filing these notices.

Appellants then requested a continuance because their attorney was unable to attend the hearing. The trial court denied this request, proceeded with the hearing, and granted respondent's request for a temporary injunction.

ISSUES

1. Did the trial court err by rejecting appellants' notice of removal as untimely?

2. Did the trial court err by hearing a motion for a temporary injunction on less than five days notice?

ANALYSIS
I.

[1] Whether a removal notice complies with Minn.R.Civ.P. 63.03 is a question of law. This court, therefore, need not defer to the trial court on this issue. *Knut Co. v. Knutson Const. Co.*, 433 N.W.2d 149, 151 (Minn.App.1988).

[2] Minn.R.Civ.P. 63.03 mandates case reassignment when a removal notice is filed in compliance with the rule's requirements. *Jones v. Jones*, 242 Minn. 251, 261, 64 N.W.2d 508, 514 (1954) *cited in McClelland v. Pierce*, 376 N.W.2d 217, 219 (Minn.1985). A properly filed removal notice divests the trial court of further jurisdiction. *McClelland*, 376 N.W.2d at 219. Failure to honor a proper removal notice is reversible error requiring a new hearing. *Ellis v. Minneapolis Comm'n on Civil Rights*, 295 N.W.2d 523, 525 (Minn.1980).

[3][4] The requirements of Rule 63.03 are to be liberally construed to safeguard both in fact and in appearance the constitutional right to a fair and impartial hearing. *Ellis*, 295 N.W.2d at 524-25. Rule 63.03 requires a removal notice be served and filed:
 within 10 days after the party receives notice of which judge is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.
Minn.R.Civ.P. 63.03. Notice of removal must be filed before a hearing begins. 2A D. Herr & R. Haydock, *Minnesota Practice* § 63.13, at 403 (1985).

[5] The trial court's comments confirm that appellants' removal notice was filed before the hearing commenced. This filing complies with the requirement that notice be filed before the hearing starts. The trial court erred by rejecting appellants' removal notice as untimely. On remand, the chief judge must assign a different judge to this case.

II.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

477 N.W.2d 741
477 N.W.2d 741
(Cite as: 477 N.W.2d 741)

FOR EDUCATIONAL USE ONLY

Page 3

Although we need not reach the second issue, whether appellants received proper notice of the temporary injunction hearing, we will discuss it.

[6] Unless a moving party obtains an order to show cause, a temporary injunction *743 hearing requires five days notice. Minn.R.Civ.P. 6.04; 2A D. Herr & R. Haydock, *Minnesota Practice* § 65.14, at 429 (1985). It is undisputed respondent served one of the appellants on a Thursday and the hearing was held on the following Monday. Appellants were entitled to five days notice. Respondent argues that if one counts Thursday, Friday, Saturday, Sunday, and Monday, then appellants received five days notice. When less than seven days notice is required, intermediate Saturdays, Sundays, and legal holidays are excluded. Minn.R.Civ.P. 6.01. Also, you do not count the day of service in computation. *Id.* Thus, after proper calculation, appellants received only two days notice. This notice does not comply with Rule 6.04.

[7][8] Appellants received only two days notice and appeared without counsel. Appellants' counsel was unable to appear at the hearing because of a legitimate scheduling conflict. The trial court denied appellants' request for a continuance. Appellants were prejudiced by respondent's failure to comply with Rule 6.04. Appellants, acting pro se, did not waive the five day notice requirement by appearing at the Monday hearing and attempting to argue their position when their motion of a continuance was denied.

[9][10] Although appellants were able to hastily prepare a countermotion, their right to adequate notice was violated. Hearing respondent's motion on two days notice violated appellant's right to due process. Failure to comply with notice requirements for a temporary injunction may violate due process. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters* 415 U.S. 423, 432 n. 7, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974). The notice requirement contained in the Federal Rules implies a hearing in which the defendant is given a fair opportunity to oppose the motion and to prepare for such opposition. *Id.* This court has held one day notice may not provide a party enough time to prepare opposition. *Sudheimer v. Sudheimer,* 372 N.W.2d 792, 794-95 (Minn.App.1985). Given the defect in notice, the trial court erred by hearing the motion on its merits.

DECISION

The trial court erred by refusing to honor the notice of removal filed shortly before the motion hearing. In addition, respondent failed to give adequate notice of the hearing, and appellants did not waive the notice defect by appearing pro se at the hearing.

Reversed and remanded.

477 N.W.2d 741

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

163 N.W.2d 844
282 Minn. 197, 163 N.W.2d 844
**(Cite as: 282 Minn. 197, 163 N.W.2d 844)**

FOR EDUCATIONAL USE ONLY

Page 1

C

Supreme Court of Minnesota.

In re TRUST Created by George A. HORMEL,
etc., George Ryan, et al., Relators.
In re TRUST Created by Lillian B. HORMEL, etc.,
George Ryan, et al., Relators.
In re TRUST Created by Jay C. HORMEL, etc.,
George Ryan, individually and as a
member of the Hormel Foundation, Relator.

Nos. 41557--41559, 41574.

Dec. 27, 1968.

Petition for writ of prohibition to enjoin enforcement of orders signed by two District Court judges who removed trustee of 22 trusts, appointed themselves as successor trustees pro tem., registered all of assets in their names as trustees pro tem., and placed assets in custody and under the control of clerk of district court. The Supreme Court, Otis, J., held that where no emergency existed and no violation or threatened violation of the trusts was claimed, court's removal of trustee on its own motion without notice and without opportunity for interested parties to be heard was a denial of due process.

Alternative writ of prohibition made absolute.

West Headnotes
**[1] Judges** ⚖ 51(2)
227k51(2) Most Cited Cases
Where order to show cause had been entered on court's own motion, returnable in week's time after service, failure to recognize affidavit of prejudice served four days prior to hearing was error where other judges were available and no interested party would suffer from the delay. Rules Civ.Proc., Dist.Ct., rules 6.01, 63.03, 27A M.S.A.
**[2] Judges** ⚖ 51(4)
227k51(4) Most Cited Cases
Where issue raised in order to show cause and issue disposed of in later order were identical, affidavit of prejudice against judge should have been given continuing effect and was not rendered moot on basis that the earlier order was quashed by trial court on day of later order and that affidavit was not addressed to the second order. Rules Civ.Proc., Dist.Ct., rules 6.01, 63.03, 27A M.S.A.
**[3] Judges** ⚖ 51(4)
227k51(4) Most Cited Cases
Affidavit of prejudice directed at judge as to particular hearing is effective to disqualify that judge from executing subsequent order dealing with same subject matter. Rules Civ.Proc., Dist.Ct., rules 6.01, 63.03, 27A M.S.A.
**[4] Judges** ⚖ 56
227k56 Most Cited Cases
That judge against whom affidavit of prejudice has been filed was joined by second judge in executing subsequent order dealing with same subject matter did not preserve validity of order. Rules Civ.Proc., Dist.Ct., rules 6.01, 63.03, 27A M.S.A.
**[5] Judges** ⚖ 24
227k24 Most Cited Cases
It may be presumed that judge who executes order does so after appropriate deliberation and consultation with colleagues who join him and his signature indicates his approbation and can be expected to influence decision of his brethren.
**[6] Judges** ⚖ 51(4)
227k51(4) Most Cited Cases
Affidavit of prejudice on part of judge is intended to prevent participation in decision-making process as well as in formal execution of an order. Rules Civ.Proc., Dist.Ct., rules 6.01, 63.03, 27A M.S.A.
**[7] Judges** ⚖ 51(3)
227k51(3) Most Cited Cases
Law governing affidavits of prejudice on part of judge shall be given liberal construction to avoid sacrifice of that right on altar of technicality, particularly where there has been substantial compliance with rules and there is no showing that rights of any interested party will suffer. Rules Civ.Proc., Dist.Ct., rule 63.03, 27A M.S.A.
**[8] Judges** ⚖ 51(4)
227k51(4) Most Cited Cases
Where judge's impartiality is questioned, to avoid any suspicion of favoritism, all doubt concerning

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844  
282 Minn. 197, 163 N.W.2d 844  
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 2

compliance with rules should be resolved in favor of his disqualification. Rules Civ.Proc., Dist.Ct., rule 63.03, 27A M.S.A.

[9] Judges ⇐56  
227k56 Most Cited Cases  
Refusal of judge to honor trustee's affidavit of prejudice filed in substantial compliance with the rules was error which invalidated the order removing the trustee. Rules Civ.Proc., Dist.Ct., rule 63.03, 27A M.S.A.

[10] Trusts ⇐166(1)  
390k166(1) Most Cited Cases  
[10] Trusts ⇐167  
390k167 Most Cited Cases  
Right of trustee to hold and manage estate as long as it remains faithful to purposes of trust is a valuable one which cannot be confiscated except for abuse or violation of its duties, and then only on petition of interested party after due notice and opportunity to be heard. M.S.A. §§ 501.33, 501.43.

[11] Trusts ⇐167  
390k167 Most Cited Cases  
(Formerly 390k67)  
There may be infrequent and unusual instances where integrity of trust is in immediate jeopardy and court must peremptorily remove trustee on its own motion to protect the assets. M.S.A. §§ 501.41, 501.43, 501.44.

[12] Trusts ⇐177  
390k177 Most Cited Cases  
Situations may arise where management of trust vests in court as a matter of law. M.S.A. §§ 501.41, 501.43, 501.44.

[13] Trusts ⇐169(1)  
390k169(1) Most Cited Cases  
Under statute providing that, upon death of surviving trustee, trust shall vest in district court and shall be executed by "some person" appointed for that purpose and statute empowering district court to appoint new trustee in place of one deceased, resigned or removed and to cause trust to be executed by one of its officers, court's authority is limited to appointing new trustee to execute trust and the words "some person" or "one of its officers" do not include judge of the district court. M.S.A. §§ 317.16, 317.62, 501.12, subd. 3, 501.41, 501.43, 501.44.

[14] Trusts ⇐169(1)  
390k169(1) Most Cited Cases  
District judges' appointing themselves as trustees of 22 trusts and ordering that trust assets be registered in their names and be held in custody of court clerk, thereby vesting in them control of one of state's largest industries, although provisions of 16 of trusts expressly named successor trustees, was an abuse of discretion. M.S.A. §§ 317.16, 317.62, 501.12, subd. 3, 501.41, 501.43, 501.44.

[15] Constitutional Law ⇐309(1)  
92k309(1) Most Cited Cases  
Where no emergency existed and no violation or threatened violation of trust was claimed, court's removal of trustee on its own motion without notice and without opportunity for interested parties to be heard was a denial of due process. M.S.A. §§ 317.16, 317.62, 501.12, subd. 3, 501.41, 501.43, 501.44.

[16] Trusts ⇐167  
390k167 Most Cited Cases  
[16] Trusts ⇐169(1)  
390k169(1) Most Cited Cases  
Where no emergency existed and no violation or threatened violation of trust was claimed, court in removing trustee and appointing itself successor, although trustee was named by settlor and for 13 years had been qualified and functioning under court's supervision, abused its discretion. M.S.A. §§ 317.16, 317.62, 501.12, subd. 3, 501.41, 501.43, 501.44.

[17] Trusts ⇐159  
390k159 Most Cited Cases  
Charitable foundation appointed to administer private family trusts has power to act as trustee if authorized by its articles and if it has interest in trust as a remainderman. M.S.A. § 501.33.

**845 Syllabus by the Court

*197 1. (a) Where an order to show cause is entered on the court's own motion, returnable in a week's time after service, it is error for the court not to recognize an affidavit of prejudice served on it 4 days prior to the hearing, if other judges are available to sit and no interested party will suffer from the delay.

(b) An affidavit of prejudice directed at a judge with respect to a particular hearing is effective to disqualify that judge **846 from executing a subsequent order dealing with the same subject matter.

(c) The fact that a judge against whom an affidavit

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844
282 Minn. 197, 163 N.W.2d 844
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 3

of prejudice has been filed is joined by a second judge in executing a subsequent order dealing with the same subject matter does not preserve the validity of the order.

2. Where no emergency exists and no violation or threatened violation of a trust is claimed, it is a denial of due process of law for the court on its own motion to remove a trustee without notice and without an opportunity for interested parties to be heard.

3. Under such circumstances, it is an abuse of discretion for the court to remove the trustee and appoint itself successor where the trustee was named by the settlor and for 13 years has been qualified and functioning under the court's supervision.

4. A charitable foundation appointed to administer private family trusts has the power to act as trustee if authorized by its articles and it has an interest in the trust as a remainderman.

*198 Dorsey, Marquart, Windhorst, West & Halladay, and Edward J. Schwartzbauer, Minneapolis, for appellants.

Douglas M. Head, Atty. Gen., Richard H. Kyle, Sol. Gen., David J. Byron, Spec. Asst. Atty. Gen., St. Paul, for respondent.

OPINION

OTIS, Justice.

These matters are before the court on petitions for writs of prohibition to enjoin the enforcement of orders signed by two judges of the District Court of Mower County who removed the trustee of 22 trusts, appointed themselves as successor trustees pro tem, registered all of the assets in their names as trustees pro tem, and placed the assets in the custody and under the control of the Mower County clerk of district court. Alternative writs of prohibition were issued by this court on July 30, 1968, and August 2, 1968. The matter was presented to the full bench on September 4, 1968, following which the writs were made absolute on September 24, 1968.

The trusts which are the subject of this litigation were created by George A. Hormel and members of his family. A substantial portion of the trust assets consists of stock in Geo. A. Hormel & Company, a meatpacking business with plants located in Austin, Minnesota, and elsewhere throughout the United States. In 1941, The Hormel Foundation was created under the laws of Minnesota for religious, charitable, scientific, literary, or educational purposes. Since that date, it has acted as *199 trustee for the Hormel family trusts. In 1955 it submitted to the jurisdiction of the district court and qualified the trusts under Minn.St. 501.33.

On April 5, 1968, the Foundation petitioned the district court for an order allowing its accounts in three trusts for the period subsequent to March 24, 1967. Following a hearing on May 3, at the request of Judge Warren F. Plunkett a copy of the Foundation's certificate of incorporation was furnished the court on May 11. On May 29, 1968, Judge Plunkett entered an order denying the trustee's request to purchase additional Hormel Company stock but reserved a ruling on the remainder of the petition pending receipt of 'a report from the Trustee designating that provision of the Certificate or Articles of Incorporation of the Hormel Foundation authorizing said Hormel Foundation to act as Trustee in the trust involved herein.' An amended account and various receipts requested by the court were filed on July 2, 1968, together with a letter from the trustee withdrawing from the court's consideration the petition of April 5.

On July 24, 1968, the following order was signed by Judge Plunkett and on Friday, **847 July 26, it was served on the trustee, returnable on Friday, August 2:

'ORDER TO SHOW CAUSE
'To: George Ryan, M. B. Thompson, Richard Arney, Raymond Ondov, James Huntting and James Hormel, individually, and as members of the Board of Directors of the Hormal Foundation.
'YOU ARE HEREBY ORDERED to show cause before the Court at 1:30 o'clock p.m. on Friday, August 2nd, 1968, in the Court Room in the Court House, City of Austin, County of Mower, State of Minnesota, as to why you have not complied with the Order of this Court dated May 29th, 1968, directing, 'a report from the Trustee

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844  
282 Minn. 197, 163 N.W.2d 844  
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 4

designating that provision of the Certificate or Articles of Incorporation of the Hormel Foundation authorizing said Hormel Foundation to act as Trustee in the trust involved herein.' Let a copy of this Order be served by mail on each of the above named.
'Dated this 24th day of July, 1968.
'S/ Warren F. Plunkett
District Judge.'

*200 On the day the order was served, counsel for the trustee requested and was denied a continuance of the August 2 hearing. On the following day, he executed an affidavit of prejudice addressed to Judge Plunkett, which was served on Monday, July 29. Judge Plunkett declined to honor the affidavit, asserting that it was untimely and intended only for purposes of delay. The next day, July 30, 1968, he signed an order quashing the order to show cause which was to be returnable on August 2. On the same date, Judge Plunkett and Judge Daniel F. Foley jointly executed the following order which is the subject of this litigation:

'WHEREAS, it having come to the court's attention that the certificate of incorporation of The Hormel Foundation which is attached hereto and marked Exhibit A and incorporated herein as a part hereof does not contain any power or authority to act as a trustee or fiduciary in the trust involved herein; and

'WHEREAS, all of its acts must be construed as ultra vires of its corporate powers;

'NOW, THEREFORE, the court, upon its own motion, hereby orders that said The Hormel Foundation is forthwith removed as trustee herein and

'IT IS FURTHER ORDERED that Daniel F. Foley and Warren F. Plunkett, Judges of the District Court, Third Judicial District, State of Minnesota, residing in Mower County, Minnesota, are hereby appointed to act as trustees pro tem until permanent trustees can be appointed by the court and qualify, and

'IT IS FURTHER ORDERED that all of the assets of the above referred to trust be forthwith registered in the name of Daniel F. Foley and Warren F. Plunkett as trustees pro tem of the above referred to trust, and said assets be placed under the custody and control of the Clerk of this Court pending the further order of this Court.
'Dated this 30th day of July, 1968.
's/ Warren F. Plunkett
's/ Daniel F. Foley
'Judges of the District Court, Third Judicial District'

*201 In an accompanying memorandum, the judges gave as their reason for executing the order the fact the certificate of incorporation contained no authority for the Foundation to act as trustee. The memorandum concluded with the following statement:

'The court will entertain suggestions and recommendations from the beneficiaries of the trust herein to appoint a minimum of three and a maximum of seven trustees to act as trustee in the above trust. The court will await the receipt from each of the beneficiaries of their suggestion referred to above before taking any action to replace said The Hormel Foundation as trustee herein.' **848 The order removing the trustee was signed ex parte, on the court's own motion, and without notice or an opportunity to be heard by the trustee or beneficiaries. On the same date, upon the petition of the trustee, we issued an alternative writ of prohibition enjoining the enforcement of the July 24 order to show cause.

On the following day, the articles of the Foundation were amended by a resolution expressly authorizing the corporation to act as trustee of the Hormel family trusts. A second alternative writ of prohibition directed at the July 30 order of Judge Plunkett and Judge Foley was executed by this court on August 2, 1968, upon the petition of the Foundation.

The issues here for decision are as follows:

(1) Was Judge Plunkett obliged to honor the affidavit of prejudice served on him on July 29? We hold that he was.

(2) Did the order of July 30 removing The Hormel Foundation as trustee deny the trustee and beneficiaries due process of law? We hold that it did.

(3) Was the removal of the Foundation and the appointment of the judges as trustees pro tem an abuse of discretion? We hold that it was.

(4) Does The Hormel Foundation have the power

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844
282 Minn. 197, 163 N.W.2d 844
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 5

to act as trustee of the Hormel family trusts? We hold that it does.

[1] 1. (a) Under Rule 63.03, Rules of Civil Procedure, an affidavit of prejudice must be served 5 days prior to the special term, or day fixed by *202 notice of motion, at which the hearing is to be had.[FN1] Counsel for the trustee did not receive notice of the August 2 hearing, pursuant to the July 24 order to show cause, until Friday, July 26. After requesting and being denied a continuance on that date, counsel executed the affidavit of prejudice on July 27 and served it on Judge Plunkett the following Monday, July 29. [FN2] Judge Plunkett contends that the time within which to serve the affidavit expired at midnight on July 26. Whether or not, under Rule 6.01, the affidavit was served within the 5 days prescribed by Rule 63.03, it was illiberal and unwarranted for the court to ignore the affidavit. The hearing to which the affidavit was addressed was ordered ex parte by the very court which had 13 years earlier appointed and confirmed the trustee and had periodically supervised and allowed its accounts. The fact that for something less than 60 days the trustee had not responded to the court's inquiry with respect to its authority to act did not justify the court's refusal to recognize an affidavit of prejudice when the trustee itself had only a scant week's notice of the hearing. In a multiple-judge district, there was no reason to assume the hearing would not be assigned to another judge for a prompt and expeditious disposition. In any event, there is no claim that the trusts would have suffered from delay. *203 Indeed, on this **849 record, where none of the interested parties supported the action proposed by the trial court, the court would have been hard pressed to make a showing of prejudice. Quite the contrary, a number of beneficiaries have filed affidavits vigorously opposing the removal of the trustee.

FN1. Rule 63.03, Rules of Civil Procedure, provides: 'Any party or his attorney may make and serve on the opposing party and file with the clerk an affidavit stating that, on account of prejudice or bias on the part of the judge who is to preside at the trial or at the hearing of any motion, he has good reason to believe and does believe that he cannot have a fair trial or hearing before such judge. The affidavit shall be served and filed not less than 10 days prior to the first day of a general term, or 5 days prior to a special term or a day fixed by notice of motion, at which the trial or hearing is to be had, or, in any district having two or more judges, within one day after it is asscertained which judge is to preside at the trial or hearing. Upon the filing of such affidavit, with proof of service, the clerk shall forthwith assign the cause to another judge of the same district, and if there be no other judge of the district who is qualified, or if there be only one judge of the district, he shall forthwith notify the chief justice of the supreme court.'

FN2. Judge Plunkett quotes counsel as saying the affidavit was filed only because the continuance was not granted. Counsel categorically denies having made that statement and asserts that he requested the clerk to make an immediate reassignment to another judge.

[2][3] (b) It is the contention of the district court that the failure of Judge Plunkett to honor the affidavit of prejudice is now moot because the July 24 order was quashed by the trial court on July 30 and the affidavit was not addressed to the second order of July 30 removing the trustee. In Locksted v. Locksted, 206 Minn. 525, 526, 289 N.W. 55, we held that an affidavit addressed to a motion before trial does not disqualify a district judge from presiding at the trial of the action, where the two hearings 'differ essentially in character.' Here, on the other hand, the issue raised in the July 24 order to show cause and the issue disposed of in the July 30 order were identical. Under such circumstances, the affidavit should have been given continuing effect.

[4][5][6] (c) Finally, the trial court asserts that the affidavit of prejudice did not affect the outcome since it was not addressed to Judge Foley, and his signature on the July 30 order was sufficient to make the order effective.[FN3] If Judge Plunkett took no part in the consideration or decision to remove the trustee, we are at a loss to understand why he signed the order. It may be presumed that a judge who executes an order does so after

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844
282 Minn. 197, 163 N.W.2d 844
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 6

appropriate deliberation and consultation with colleagues who join him. His signature indicates his approbation and can be expected to influence the decision of his brethren. An affidavit of prejudice is intended to prevent participation in the decision-making process as well as in the formal execution of an order.

> FN3. There is no explanation of why Judge Foley joined Judge Plunkett in removing The Hormel Foundation and naming himself trustee. The record does not disclose his prior participation in any of the proceedings.

[7][8][9] We have held that the law governing affidavits of prejudice shall be given liberal construction 'to avoid a sacrifice of that right on the alter of technicality.' This is particularly so where there has been substantial compliance with the rules, and there is no showing that the rights of any interested party will suffer. *204Wiedemann v. Wiedemann, 228 Minn. 174, 178, 36 N.W.2d 810, 813. We have said that because of rapid communication and transportation judges can ordinarily be reassigned without delay or inconvenience. Where a judge's impartiality is questioned, to avoid any suspicion of favoritism, all doubt concerning compliance with the rules should be resolved in favor of his disqualification. Jones v. Jones, 242 Minn. 251, 264, 64 N.W.2d 508, 516. We therefore hold that Judge Plunkett's refusal to honor the trustee's affidavit of prejudice was not rendered moot and that such refusal was error which invalidated the order removing the trustee.

2. The applicable statute governing the removal of a trustee is Minn.St. 501.43, which provides as follows:

'Upon the complaint of any person interested in the execution of an express trust, and under such regulations as shall be established by the court for that purpose, it may remove any trustee who has violated or threatened to violate his trust, or who is insolvent, or whose insolvency is apprehended, or who for any other cause is deemed an unsuitable person to execute the trust.'

The July 30 order removing The Hormel Foundation was issued sua sponte without a petition or complaint and without notice or an opportunity to be heard by either the trustee or the beneficiaries. No emergency existed and no violation or threatened violation of the trust was claimed. The sole basis for removing the trustee was the judges' conclusion that the Foundation was without power because its articles did not expressly authorize it to act. Since the trustee had withdrawn its petition of April 5 at the time of the July 30 order, **850 there was nothing pending before the court, although it had ongoing jurisdiction over the trust.[FN4]

> FN4. Minn.St. 501.33 provides: 'Upon petition of any person appointed as trustee of an express trust by any will or other written instrument, or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment of the trustee and specify the manner in which he shall qualify. Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem.'

[10] That such procedure denied the trustee and beneficiaries due process of law is clear. The beneficiaries have never been made parties to these *205 proceedings. The right of the trustee to hold and manage the estate as long as it remains faithful to the purposes of the trust has been characterized as a valuable one; which cannot be confiscated except for an abuse or violation of its duties, and then only on the petition of an interested party 'after due notice and an opportunity to be heard.' Ex parte Kilgore, 120 Ind. 94, 98, 22 N.E. 104, 106. More recently, the Indiana court has held that removal of a trustee sua sponte without specific charges and without notice and an opportunity to be heard was a proceeding beyond the jurisdiction of the court. State ex rel. Anderson-Madison etc. v. Superior Court, 245 Ind. 371, 381, 199 N.E.2d 88, 93. The Illinois courts have dealt with similar problems in Wheeler v. Paddock, 293 Ill.App. 395, 12 N.E.2d 687, and in Chicago Title & Trust Co. v. Rogers Park Apartments Bldg. Corp., 375 Ill. 599, 32 N.E.2d 137. The Wheeler case held that before a trustee may be removed there must be entry of a rule of court against him or a petition and notice to the trustee and the beneficiaries. In the Chicago Title case an order which the court described as without precedent directed the trustee to assign the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=A005580000005190000408886...   11/13/2004

163 N.W.2d 844
282 Minn. 197, 163 N.W.2d 844
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 7

trust assets to the clerk of court, sua sponte. There was no complaint, charge of insecurity, misconduct, or wrongful dealing, and no notice to interested parties. The court held that the order was void for wnat of due process. [FN5] We reach the same conclusion here.

> FN5. See, also, In re Meyer's Estate, 35 N.J. 160, 171 A.2d 305; 2 Scott, Trusts (3 ed.) s 107, note 20; Bogert, Trusts and Trustees (2 ed.) s 523, note 25.

3. At the time the July 30 order was entered, the articles of The Hormel Foundation did not expressly authorize it to act as trustee of the Hormel family trusts. That deficiency was corrected the following day by the resolution to which reference has been made. Nevertheless, at the time the Foundation was removed, the court had before it no facts which justified the precipitous action it took. Decisions cited in support of the right to remove a trustee uniformly involve active wrongdoing. Goncelier v. Foret, 4 Minn. 1 (13); Clark v. Stanton, 24 Minn. 232, 244; Doerr v. Warner, 247 Minn. 98, 109, 76 N.W.2d 505, 514. The settlors of the Hormel family trust had designated the Foundation as its trustee in the year 1941. 'The court will not ordinarily remove a trustee named by the *206 settlor upon a ground existing at the time of his appointment and known to the settlor and in spite of which the settlor appointed him, although the court would not have appointed him trustee.' Restatement, Trusts (2d) s 107, comment f. To the same effect is 2 Scott, Trusts (3 ed.) s 107.1. As we have pointed out, the court itself had confirmed the appointment and had qualified the trusts and for 13 years had supervised their administration under the same trustee it summarily removed on July 30.

[11] We decline to hold that the district court may not, under any circumstances, remove a trustee on its own motion. Bogert, Trusts and Trustees (2 ed.) s 522, note 15.5; 3 Scott, Trusts (3 ed.) s 200.4. Minn.St. 501.43 authorizes the court to act on the complaint of an interested person. Nevertheless, there may be infrequent and unusual instances where the integrity of a trust is in immediate jeopardy and the court must peremptorily remove **851 the trustee on its own motion to protect the assets. This was not such a case.

[12][13][14][15][16] A corollary to the rule governing the removal of trustees on the court's own motion is one which makes it equally improper for a judge to appoint himself successor trustee. Situations may arise where the management of the trust vests in the court as a matter of law. Sections 501.41 and 501.44 provide as follows:

'Upon the death of the surviving trustee of an express trust, the trust estate shall not descend to his heirs, nor pass to his personal representatives; but the trust, if then unexecuted, shall vest in the district court with all the powers and duties of the original trustees, And shall be executed by some person appointed for that purpose, under the direction of the court.' (Italics supplied.)

'The district court has full power to appoint a new trustee in place of one deceased, resigned, or removed; and when, in consequence of such death, resignation, removal, or other cause, there is no acting trustee, the court, in its discretion, may appoint a trustee, Or cause the trust to be executed by one of its officers under its direction; and when any person other than the trustee originally named, or appointed by a court of this state, has in good faith done any act in execution of the trust, the court may confirm such act.' (Italics supplied.)

*207 As we construe these statutes, the court's authority is limited to appointing a new trustee to execute the trust under the court's direction. We do not understand the words 'some person,' referred to in s 501.41, or 'one of its officers,' mentioned in s 501.44, to include a judge of the district court. [FN6] State ex rel. Flodin v. District Court, 222 Minn. 546, 559, 25 N.W.2d 692, 699. We have said (McLaughlin v. Minnesota Loan & Trust Co., 192 Minn. 203, 210, 255 N.W. 839, 842):

> FN6. We do not suggest any impropriety in a district judge's acting as a trustee of a private trust in his individual capacity as distinguished from his judicial capacity where he does not appoint himself, more particularly if he has a personal interest in the trust and acts with the knowledge and consent of the beneficiaries.

'* * * It is but a statutory precaution that, upon a vacancy arising in a trusteeship, the trust estate may vest in the district court (2 Mason Minn.St. 1927, s 8103), which thereby may become a

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844  
282 Minn. 197, 163 N.W.2d 844  
(Cite as: 282 Minn. 197, 163 N.W.2d 844)

FOR EDUCATIONAL USE ONLY

Page 8

temporary repository of title, but in such qualified fashion and for such special and temporary purposes that there can be no valid suggestion that liability of the court or its judges would arise under the covenants of a lease which happened to be part of the trust property.'

It would be anomalous and unseemly for judges of the district court to pass judgment on their own administration, however brief the duration. It was particularly improvident in the case before us where the judges ordered that the trust assets be registered in their names and be held in the custody of the clerk of court. The effect of that order was to vest in the judges control of one of Minnesota's largest industries with all of the legal and economic implications which such control suggests.[FN7] The order gave no heed to the provisions of 16 of the trusts which expressly named successor trustees. For these reasons, we hold the order was an abuse of discretion.

> FN7. There are 2,380,248 shares of Hormel Company common stock outstanding. Of this amount, the Foundation owns outright 239,258 shares and holds 875,110 shares as trustee for family trusts in which the Foundation has a vested remainder. In addition, the Foundation holds 245,906 shares where the Foundation has a contingent remainder, the inclusion of which gives it a controlling interest in the Hormel Company.

*208 [17] 4. The district court judges challenge in their brief the right of a charitable trust to act as trustee of private trusts, the income of which is payable to others. We **852 hold that where the articles authorize it to so act, a charitable corporation has such power.[FN8] Under s 317.16, a nonprofit corporation has broad authority and 'the capacity to act possessed by natural persons.'

> FN8. Under s 317.62, if a nonprofit corporation exceeds or abuses its authority or powers, the attorney general may institute proceedings to terminate the corporate existence. However, he must give the corporation 30 days in which to take corrective measures before he files the petition.

Section 501.12, subd. 3, provides in part:

'* * * The attorney general shall represent the beneficiaries in all cases arising under this section and it shall be his duty to enforce such trusts by proper proceedings in the courts.'

'* * * (A) charitable corporation may hold property upon a private trust, as for example where property is transferred to it in trust to pay the income or a part of the income to the settlor or a third person for life and thereafter for charitable purposes.' 2 Scott, Trusts (3 ed.) s 96.3.

The rule thus announced is peculiarly applicable to the case at hand if, as the trustee alleges, it is a vested or contingent remainderman of the family trusts which it administers.[FN9] Under such circumstances, unless an actual conflict of interest arises between the Foundation as trustee and the Foundation as remainderman, we see no impropriety in the Foundation's managing the various trusts. In a similar situation a New York court held in Robb v. Washington & Jefferson College, 103 App.Div. 327, 352, 93 N.Y.S. 92, 106 (modified and affirmed on other grounds in 185 N.Y. 485, 78 N.E. 359):

> FN9. The trial court asserts that five of the trusts do not contain such remainders.

'* * * It is a general rule that a charitable corporation cannot act as a trustee in a matter in which it has no interest, but where it has an interest, either in the principal or in the income, it may act as trustee for another or others having an interest in the whole or part of the income for life.'

The continuance of the Foundation as trustee is fortified, as we have indicated, *209 by the fact the various settlors of the Hormel family trusts selected it for that responsibility.

It is not our intention to foreclose all further inquiry into the propriety of the Foundation's continuing to act if circumstances arise, or are present and not disclosed by the record, making a change of trustees desirable. However, the wishes of the settlors and beneficiaries in reaching such a decision are entitled to great weight.

The order of July 30, signed by Judge Plunkett and

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

163 N.W.2d 844  
282 Minn. 197, 163 N.W.2d 844  
**(Cite as: 282 Minn. 197, 163 N.W.2d 844)**

FOR EDUCATIONAL USE ONLY

Page 9

Judge Foley is accordingly vacated, and the alternative writ of prohibition signed by this court on August 2, 1968, is herewith made absolute.

282 Minn. 197, 163 N.W.2d 844

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

FOR EDUCATIONAL USE ONLY

Page 1

Rules of Civil Procedure, Rule 63.03

C

MINNESOTA STATUTES ANNOTATED
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS
VI. TRIALS
→RULE 63. DISABILITY OR DISQUALIFICATION OF JUDGE; NOTICE TO REMOVE; ASSIGNMENT OF A JUDGE

### Rule 63.03. Notice to Remove

Any party or attorney may make and serve on the opposing party and file with the administrator a notice to remove. The notice shall be served and filed within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.

No such notice may be filed by a party or party's attorney against a judge or judicial officer who has presided at a motion or any other proceeding of which the party had notice, or who is assigned by the Chief Justice of the Minnesota Supreme Court. A judge or judicial officer who has presided at a motion or other proceeding or who is assigned by the Chief Justice of the Minnesota Supreme Court may not be removed except upon an affirmative showing of prejudice on the part of the judge or judicial officer.

After a party has once disqualified a presiding judge or judicial officer as a matter of right that party may disqualify the substitute judge or judicial officer, but only by making an affirmative showing of prejudice. A showing that the judge or judicial officer might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice.

Upon the filing of a notice to remove or if a litigant makes an affirmative showing of prejudice against a substitute judge or judicial officer, the chief judge of the judicial district shall assign any other judge of any court within the district, or a judicial officer in the case of a substitute judicial officer, to hear the cause.

Current with amendments received through May 1, 2004

Copr. © 2004 West, a Thomson business

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

376 N.W.2d 217
376 N.W.2d 217
**(Cite as: 376 N.W.2d 217)**

FOR EDUCATIONAL USE ONLY

Page 1

H

Supreme Court of Minnesota.

Robert R. **McCLELLAND,** Petitioner,
v.
Honorable Delila F. **PIERCE,** Hennepin County District Court Judge, et al.,
Respondents.
Faruk Said ABUZZAHAB, Petitioner,
v.
Honorable Delila F. **PIERCE,** Hennepin County District Court Judge, Respondent,
Beverly Abuzzahab, petitioner, Petitioner-Appellant.

**Nos. C7-85-144, C6-85-152.**

Nov. 15, 1985.

On petition for review of order of the Court of Appeals granting extraordinary relief and disqualifying trial judge in two dissolution cases, the Supreme Court, Coyne, J., held that husbands' affidavits of prejudice filed subsequent to remand for reconsideration of duration of maintenance and support orders in two dissolution proceedings were untimely.

Order vacated; matters remanded.

West Headnotes
**[1] Prohibition** ⇐10(1)
314k10(1) Most Cited Cases
If trial judge refuses to honor affidavit of prejudice properly filed pursuant to Rule 63.03, any further exercise of judicial power is unauthorized and writ of prohibition is appropriate form of relief. 48 M.S.A., Rules Civ.Proc., Rule 63.03.
**[2] Judges** ⇐51(2)
227k51(2) Most Cited Cases
Husbands' affidavits of prejudice pursuant to Rule 63.03, filed subsequent to remand for reconsideration of duration of maintenance and support orders in two dissolution proceedings, were untimely where proceedings following remand were continuation of original proceedings intended to permit reconsideration and amendment or original orders on basis of the existing record. 48 M.S.A., Rules Civ.Proc., Rule 63.03.

*218 Syllabus by the Court

Where proceedings following remand are a continuation of the original proceedings intended to permit reconsideration and amendment of original orders on the basis of the existing record, affidavits of prejudice pursuant to Rule 63.03, Minn.R.Civ.P., filed subsequent to remand for reconsideration of the duration of maintenance and support orders are untimely.

Judith L. Oakes, St. Paul, for Helen **McClelland** in No. C7-85-144.

James H. Hennessy and Daniel J. Goldberg, Minneapolis, for Beverly Reidenberg in No. C6-85-152.

Timothy A. Sullivan, Kathryn A. Graves, St. Paul, for Robert **McClelland** in No. C7-85-144.

Leo Dorfman, Minneapolis, for Faruk Said Abuzzahab in No. C6-85-152.

Heard, considered and decided by the court en banc.

COYNE, Justice.

We have granted the petitions for further review of the single order of the court of appeals granting extraordinary relief and disqualifying the trial judge in both of these unconsolidated cases. We vacate the order granting extraordinary relief--an order tantamount to an order directing the issuance of a writ of prohibition.

These parties and their dissolution proceedings have been before this court previously. In the earlier appeals we reversed awards of permanent spousal maintenance and remanded for determination of the proper durational limitation of spousal maintenance. *McClelland v. McClelland,*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

376 N.W.2d 217
376 N.W.2d 217
(Cite as: 376 N.W.2d 217)

FOR EDUCATIONAL USE ONLY

Page 2

359 N.W.2d 7 (Minn.1984), and *Abuzzahab v. Abuzzahab,* 359 N.W.2d 12 (Minn.1984). In *McClelland* we also directed establishment of a schedule for automatic reduction of child support payments as each child becomes emancipated.

On January 11, 1985, the parties were informed that the cases had been returned to the original trial judge for disposition. On that same day Robert **McClelland** and Faruk Said Abuzzahab each filed his affidavit of prejudice requesting reassignment to another judge pursuant to Rule 63.03 of the Minnesota Rules of Civil Procedure. Rule 63.03 provides that upon the timely filing of an affidavit of prejudice, "the clerk shall forthwith assign the cause to another judge of the same district." By order of January 15, 1985, the trial judge refused to accept the affidavits, which she deemed untimely.

Robert McClelland and Faruk Said Abuzzahab each petitioned the court of appeals for a writ of prohibition restraining the trial judge from further action in his case. The court of appeals granted extraordinary relief and ordered the disqualification of the trial judge.

*219 [1] Helen E. McClelland contends that a writ of prohibition is not a proper form of relief in the absence of a showing of an unauthorized or illegal exercise of judicial authority causing irreparable harm. Although a writ of prohibition is an extraordinary remedy which should not issue without careful consideration of its effect on the parties, on their cause, and on the judge sought to be removed, we have ruled that "[p]rohibition is the proper remedy to restrain a judge from acting in a matter where he is disqualified by an affidavit of prejudice." *State ex rel. Burk v. Beaudoin,* 230 Minn. 186, 40 N.W.2d 885 (1950). Rule 63.03 mandates reassignment of the case when an affidavit is filed in compliance with the terms of the rule. *Jones v. Jones,* 242 Minn. 251, 64 N.W.2d 508 (1954). Proof of actual bias or prejudice is not required; the affidavit of prejudice itself is enough. *Lindberg v. Lindberg,* 282 Minn. 536, 163 N.W.2d 870 (1969). Hence, if a trial judge refuses to honor an affidavit of prejudice properly filed pursuant to Rule 63.03, any further exercise of judicial power is unauthorized and a writ of prohibition is the appropriate form of relief.

The question, however, is not the form of relief but rather the validity of the basis upon which it was awarded. Is the mandatory removal-automatic reassignment provision of Rule 63.03 invoked in either of these cases by the filing of an affidavit of prejudice following remand for reconsideration pursuant to the particularized directions of this court? We think not.

[2] Relying on *Lappi v. Lappi,* 294 N.W.2d 312 (Minn.1980), and *Wiedemann v. Wiedemann,* 228 Minn. 174, 36 N.W.2d 810 (1949), Messrs. McClelland and Abuzzahab contend that a new proceeding begins on remand because proceedings on the original decree are concluded by the expiration of the time provided under Rule 59.03, Minn.R.Civ.P., for noticing a motion for new trial. *Lappi* and *Wiedemann,* however, arose on motions for modification of maintenance orders. Because modification of the terms of a decree respecting maintenance or support depends on a substantial change in the circumstances of one or both of the parties, Minn.Stat. § 518.64 (1984), a proceeding for modification, by its very nature, requires a hearing for presentation of evidence of the events which have occurred since issuance of the current order and which the movant claims make the terms of the current order unreasonable and unfair; and it also requires a decision based on the evidence adduced at that hearing. *See Abbott v. Abbott,* 282 N.W.2d 561 (Minn.1979). Thus, the motion for modification initiates a "new proceeding" and renews the right of the parties to invoke the automatic reassignment provisions of Rule 63.03 by the filing of an affidavit of prejudice.

That the time for bringing a motion for a new trial has long since expired does not alter the character of the action required of the trial court on remand of these cases. In *McClelland,* 359 N.W.2d at 11, while affirming the amount of maintenance awarded, "we remand[ed] to the trial court to provide for maintenance for such period of time and on such basis as will properly reflect the relevant factors set out in the statute." We also directed the trial court to "establish a schedule for [the] automatic reduction [of child support] as each of the children becomes emancipated." *Id.* In *Abuzzahab,* 359 N.W.2d at 14, we remanded for the establishment of "the durational limitation of the award." Affirming the amount of the award, we

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

376 N.W.2d 217　　　　FOR EDUCATIONAL USE ONLY　　　　Page 3
376 N.W.2d 217
(Cite as: 376 N.W.2d 217)

"direct[ed] the trial court to reexamine the criteria contained in section 518.552, subd. 2 (1982) for the purpose of its determination of the appropriate period for an award of temporary maintenance." *Id.* These instructions contemplate neither a new trial nor an evidentiary hearing for modification of the decree because of changed circumstances. Rather, they direct a continuation of the original proceedings designed to permit the trial judge to reevaluate and amend her original orders in a manner consistent with this court's decisions. It is apparent that the trial judge understood that reconsideration and the necessary amendments were to be made on the basis of the existing record, for she advised the parties after *220 remand that no further hearings would be necessary.

Certainly, the impartiality of the judiciary is to be jealously guarded, and the "right to peremptorily challenge a judge shall be liberally construed to safeguard in both fact and appearance the constitutional right to a fair and impartial trial." *Ellis v. Minneapolis Commission on Civil Rights,* 295 N.W.2d 523, 524-25 (Minn.1980). Nevertheless, the provision in Rule 63.03 for automatic reassignment to another judge is invoked only by an affidavit of prejudice timely filed. We hold that the reconsideration of these cases on remand is a continuation of the original proceedings, that it is not a new proceeding which gives rise to a right of peremptory challenge, and that the affidavits of prejudice were untimely.

The order of the court of appeals granting extraordinary relief and disqualifying the trial judge is vacated, and the matters are remanded for further proceedings consistent with the earlier opinions of this court respectively entitled *McClelland v. McClelland,* 359 N.W.2d 7 (Minn.1984), and *Abuzzahab v. Abuzzahab,* 359 N.W.2d 12 (Minn.1984).

Order vacated; matters remanded.

376 N.W.2d 217

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=A0055800000040920000408886    11/13/2004