UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns, et al,

       Plaintiff

v.

David S. King,

       Defendant

CIVIL ACTION

Defendants             3-02 CV 897 (RNC)

---

**PLAINTIFF'S MOTION AND MEMORANDUM
IN SUPPORT OF RULE 72(b) DE NOVO REVIEW
OF THE SEPTEMBER 29, 2004 ORDER
OF MAGISTRATE DONNA N. MARTINEZ**

**November 24, 2004.** <u>Burns v. King</u>
                3:02cv897 (RNC)

Re: Plaintiff's Motion Seeking De Novo Review of Magistrate Judge's Ruling On Motions For Sanctions (Doc. # 116)

Denied. Fed. R. Civ. P. 72 does not give plaintiff a right to de novo review of the Magistrate Judge's ruling on the motions for sanctions. The ruling does not address matters that are dispositive of a claim, a defense, or a request for an injunction. As such, it is subject to review only for clear error. Treating plaintiff's motion as an objection to the ruling, it is unavailing. Plaintiff has failed to show that any portion of the ruling is clearly erroneous or contrary to law. The Magistrate Judge did not err in denying plaintiff's motion for sanctions. Plaintiff's statements concerning alleged litigation abuses by defendant's counsel are conclusory in nature; plaintiff has not shown that defendant's counsel has in fact engaged in sanctionable conduct. Nor did the Magistrate Judge err in granting defendant's motion to compel. Accepting as true the statements in Mr. Burns' affidavit, the storage arrangement he made with Mr. Wynes did not relieve plaintiff of her legal obligation to retrieve the document from storage (or arrange to have it retrieved) so it could be produced in a timely manner. Accordingly, if plaintiff wants to be able to use the document at trial, she must produce the document for inspection by defendant's counsel on or before December 6, 2004. Finally, plaintiff's allegations concerning bias on the part of the Magistrate Judge are unjustified and provide no basis for vacating the ruling.

                                   Robert N. Chatigny, U.S.D.J.