UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

    Plaintiff      CIVIL ACTION

v.

David S. King,

    Defendant      CASE NO. 02 CV 000897 (RNC)

PLAINTIFF'S MEMORANDUM
IN SUPPORT OF
NARRATIVE TESTIMONY

FILED
2004 DEC 20 A 11:30
U.S. DISTRICT COURT
HARTFORD, CT

---

In response to the December 9, 2004 order of this court, Plaintiff submits the following Memorandum in Support of Narrative Testimony.

## INTRODUCTION

A trial court has broad discretion to determine an appropriate testimonial format, together with a duty to take appropriate action to avoid unduly burdening witnesses. FRE 611. In circumstances, such as these, where no other reasonable alternative is available, a trial court may depart from the usual question-and-answer inquiry and permit testimony by narrative. See, e.g., U.S. v. Young (1984 C.A. 2nd Circuit) [1], 745 F.2d 733, 761.

The primary objection to narrative testimony is that the witness will introduce immaterial and hearsay statements. However, courts have typically overruled these and other technical objections in favor of permitting, within reason, a witness to testify in the manner that the witness finds most natural and comfortable, reasoning that the

---

[1] Stating that trial court did not err in permitting witness to testify in the narrative.

1

substantive due process right to testify supercedes administrative and procedural considerations. See Goings v. U.S. (1967 C.A. 8) 377 F. 2d, 753, 762. [2] Appellate courts of the 2nd Circuit and the 8th Circuit have further held that any potential prejudice to the opposing party is curably by objection and a motion to strike and/or cross examination.

Here, Plaintiff has had the benefit of a legal education, including coursework in both Trial Advocacy and the Rules of Evidence. By the attestation of a number of law professors who are familiar with Plaintiff's performance, Plaintiff has a lawyerly mind and is well-organized and effective in speaking and writing. Additionally, Plaintiff has for more than 20 years been licensed and has worked in two highly regulated allied fields, commercial insurance and public accounting. Plaintiff has been trained to be objective and to operate within a framework of rules. Consequently, the potential for irrelevant and/or hearsay testimony, or other potential abuses of the narrative testimonial format by this Plaintiff is greatly minimized.

Plaintiff further notes that the Defendant is himself an attorney and is represented by not one, but two attorneys, one of whom is a Certified Civil Trial Specialist, certified by his peers as unusually skilled in trial practice techniques, including evidentiary objection and cross-examination. It is therefore reasonable to presume that, given defense counsel's demonstrated trial advocacy skills and experience, the risk of unfair prejudice as a consequence of Plaintiff's narrative testimony is greatly minimized.

In examining the totality of circumstances, as the court is required to do, the court may properly conclude that (1) both parties are much more experienced and attuned to the potential pitfalls of narrative testimony than most parties and counsel, thereby greatly

---

[2] Stating that court should exercise its discretion with "wide latitude" to create an atmosphere in which the witness is "comfortable telling the truth."

2

minimizing any potential prejudice; and (2) any balance-of-harm test clearly favors Plaintiff, whose constitutional right to testify is in play and at issue. Specifically, forcing Plaintiff to testify via a stilted and unnatural question-and-answer format would unduly burden Plaintiff; would likely confuse the jury and highlight the fact that Defendant is represented and Plaintiff is not, perhaps causing the jury to question the equality of the parties; would very likely impair Plaintiff's concentration and ability to effectively present her case; and would take at least twice as much time. Conversely, Defendant can establish no prejudice from narration of Plaintiff's testimony, particularly if the court is explicit in its pre-trial orders and jury instructions.

## CONCLUSION

In consideration of the above-stated facts, the court should permit Plaintiff to testify in the narrative.

DATED: 12-17-04     BY: *(signature)*

Barbara R. Burns

3

## Certification of Service

I hereby certify that on December 17, 2004, I mailed a copy of Plaintiff's Second Motion in Limine; Plaintiff's Trial Trial Memorandum, and Plaintiff's Memorandum in Support of Narrative Testimony to Matthew Conway, Conway and Stoughton, 701 Ann Street, Hartford, CT 06105

12/17/04

Barbara R Burns

DISCUSSION

CONCLUSION

DATED:                              BY:

Barbara R. Burns