UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 DEC 29  A 8: 53
U.S. DISTRICT COURT
HARTFORD, CT.

Barbara R. Burns,

    Plaintiff                    CIVIL ACTION

v.

David S. King,

    Defendant                Case No. 3-02-CV897 (RNC)

**PLAINTIFF'S MEMORANDUM
IN OPPOSITION
TO DEFENDANT'S MOTION FOR CONTINUANCE**

Plaintiff hereby opposes Defendant's Motion for Continuance on the basis that the Defendant has not demonstrated good cause for continuance in accordance with the ruling of this court at pre-trial conference on December 6, 2004; and on the basis that Plaintiff is acutely prejudiced by any further unnecessary delay, as set forth infra:

OPERATIVE FACTS AND RELEVANT PROCEDURAL HISTORY

This case has been pending since May 25, 2002. On August 7, 2002, Plaintiff moved the court for, and obtained, default judgment against the Defendant. On or about August 25, 2002, Defendant moved to vacate the default judgment on the basis that Defendant wished to defend the action on the merits.

Since this court granted Defendant's motion to reinstate on or about August 27, 2002, Defendant has been permitted numerous unwarranted extensions by the magistrate assigned to this case. At the same time, any and all requests for continuance requested by

1

Plaintiff for reasons far more compelling that those proffered by Defendant[1] have been denied.

On or about May 19, 2003, Defendant sought to delay the scheduled September 2003 trial date specified by the December 22, 2002 scheduling order issued by this court by filing a frivolous summary judgment motion. Plaintiff duly objected to the motion as frivolous before Defendant filed it. On September 30, 2004, the court denied Defendant's motion for summary judgment and also rejected Defendant's "substantial truth" defense. At that same time, the court ordered a December 14, 2004 trial date, for which Plaintiff prepared by purchasing **non-refundable** airline tickets and by incurring other expenses.

On December 6, 2004 and December 9, 2004, at pre-trial conference, Defendant stated that he sought a further continuance, which Plaintiff duly opposed on December 6, 2004 and again on the record on December 9, 2004. <u>At the time of the December 6, 2004 conference, the court stated that Defendant would not be granted a continuance "unless there is no other lawyer who could represent the Defendant", or words of that substance and meaning.</u>

The court further stated that Plaintiff had the right to present her case without undue and unnecessary delay. In reliance upon the court's order, Plaintiff purchased airline tickets and made arrangements to be in Hartford for the week of January 10-17, 2005. Plaintiff further notes that Plaintiff is subject to deadlines with respect to law school and Bar Examination applications, which have been suspended pending resolution of this lawsuit, and which require Plaintiff to file between the dates of January 25 and March 1.

---

[1] On or about January 10, 2003, Defendant obtained a 30-day continuance with respect to the taking of Defendant's deposition on the basis that Defendant was allegedly required to attend a memorial service for a colleague. Plaintiff requested a similar discovery continuance to accommodate the Defendant's unilateral act of withholding discoverable records integral to Plaintiff's case and the death of Plaintiff's father; and Plaintiff's continuance request was denied.

2

On December 16, 2004, Defendant filed a Motion for Continuance. In his motion papers and supporting affidavit, Defendant admits that another attorney, namely Sean Nouri, is familiar with the case and possesses the requisite credentials to represent the Defendant in federal court; and that, in fact, Mr. Nouri has already entered an appearance in this case, creating a irrebuttable presumption on the part of the opposing party and the court that Mr. Nouri is competent and prepared in all respects.

In these same motion papers, co-defense counsel Conway does not state that he sought a continuance in the state court case that, by his account, has created the scheduling conflict that is the basis for his motion. Defense counsel Conway earlier stated to Plaintiff and this court that the state court action had been pending for several years. The court reasonably adduced at the December 6 conference that a case that had been pending for several years could be postponed for the three days that would be required to try this case. Defendant further has offered no evidentiary support of his claims that the scheduling of the state court case cannot be changed.

ARGUMENT

I. THE COURT SHOULD DENY THE CONTINUANCE ON THE BASIS THAT DEFENDANT HAS FILED A NUMBER OF DILATORY MOTIONS, WHICH HAVE OPERATED TO UNDULY PROLONG THIS LITIGATION AND HAS OBTAINED A NUMBER OF UNNECESSARY CONTINUANCES; AND THAT PLAINTIFF IS PREJUDICED BY ANY FURTHER DELAY

As noted supra, Defendant has obtained at least one unwarranted discovery continuance. Defendant has also unduly delayed trial, originally scheduled for September 30, 2003, by filing a summary judgment motion that Defendant knew or should have known was frivolous, and which, in fact, was rejected by this court. As the court itself noted in its September 30, 2004 order, denying

3

Defendant's summary judgment motion and again at conference on December 6 and December 9, 2004, this case has been pending for almost three years and Plaintiff is entitled to a prompt and orderly disposition of her claims.

Defendant, himself an attorney, represented by not one but two attorneys, cannot establish prejudice from the substitution of Attorney Nouri for Attorney Conway. Indeed, Defendant has waived any claim that Attorney Nouri is not competent to represent Defendant in all respects by permitting Attorney Nouri to file a Notice of Appearance in this case.

Defendant's argument that Nouri is competent to file and argue motions, but not competent to try what the court has described as an uncomplicated and straightforward case is also unpersuasive. Attorney Nouri has worked in what is essentially a litigation practice under the supervision and tutelage of a Certified Trial Specialist for two years.

The notion that he cannot effectively oppose a pro se party, whose background is primarily corporate and transactional, is absurd. If anything, pitting Attorney Nouri, who, by defense counsel Conway's account, has never tried a case in federal court, against Plaintiff, who has also never tried a case in federal court, would "level the playing field", which, presumably, is the court's primary concern. In any event, the court should reject any claim that the Defendant is prejudiced by the representation of Attorney Nouri.

It is additionally Plaintiff's understanding that Attorney Conway has a partner, Attorney Stoughton, who, like attorney Conway, is a highly competent, experienced, and seasoned litigator. Assuming that defense

4

counsel had established that it is not possible to continue his state court action, which, by his account, has been pending for several years, which defense counsel has not established, counsel offers no explanation as to why Attorney Nouri could not be supervised by Attorney Stoughton or another member of his firm. Bottom line: counsel has not met the burden imposed by the court, which is that counsel must demonstrate that there is "no other lawyer" who could handle the case.

The motion for continuance should further be denied on the basis that Plaintiff is acutely prejudiced by the proposed March 6 date. As the court itself observed, Plaintiff's ability to complete an L.LM degree and the credentialing process required by the California Bar with respect to the third and final part of the California Bar Examination has been suspended and delayed by the actions of the Defendant which are the basis for this lawsuit. Plaintiff notes that, to secure admission into the L.LM program of Plaintiff's choice and to sit for the February 2005 Bar Examination, Plaintiff must achieve a resolution of this lawsuit, pending for almost three years, not later than January 25, 2005. Plaintiff has additionally incurred costs, amounting to almost $2,000, that Plaintiff has incurred in anticipation and preparation for a December 14 and then a January 11 trial date.

## CONCLUSION

For the reasons set forth above, the court should deny Defendant's Motion for Continuance and reject any attempts by Defendant to further delay an orderly and prompt resolution of this case.

*[signature]*
12/26/04

5

CERTIFICATION OF SERVICE BY MAIL

I hereby certify that on December 26, 2004, I placed in an envelope, postage prepaid and addressed to the parties named below Plaintiff's Memorandum in Opposition to Defendant's Motion for Continuance and that the same was by me deposited in a U.S. Postal Box at St. Paul, MN.

PARTIES SERVED:

Kevin F. Rowe, Clerk of U.S. District Court, 450 Main Street, Hartford, CT 06103
Matthew Conway, Conway and Stoughton, 201 Ann Street, Hartford, CT 06103

DATED: December 26, 2004          BY:          /s/ Barbara R. Burns
                                                Barbara R. Burns