UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | January 3, 2005 |
|     Defendant | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S COMPLIANCE
WITH DECEMBER 9, 2004 PRETRIAL ORDER**

    The defendant herein objects to the Plaintiff's Compliance with Pretrial Order Regarding Final Trial Memorandum ("Plaintiff's Compliance"), dated December 17, 2004. It is somewhat ironic that the plaintiff has included the term "compliance" within the title of her filing, since she appears to have completely ignored the actual terms of this Court's Pretrial Order of December 9, 2004. The Court's Order was that the parties were to submit a revised list of witnesses (including expected testimony and expected time to question the witness), as well as a revised list of trial exhibits. Instead the plaintiff included within her filing approximately sixteen other categories of information that are wholly extraneous to the Order. Moreover, the Plaintiff's Compliance contains numerous factual misrepresentations and mischaracterizations of the law, the most serious of which are addressed by the defendant below.

**Exhibits**

    The defendant has numerous objections to the plaintiff's list of exhibits. First, the defendant objects on the grounds that the plaintiff has failed to comply with the requirement set forth in the Pretrial Order that all exhibits be listed specifically and described. The plaintiff completely ignored this requirement by simply listing categories of documents. For instance, she

1

has listed item number "4" as "Quinnipiac University Academic and Other Records Regarding Plaintiff" which is actually comprised of dozens, if not hundreds of individual documents. The plaintiff's description of the Good Standing Letters issued by the defendant and Neil H. Cogan are similarly faulty. Second, the defendant objects to the plaintiff's inclusion of the Deposition Transcript of David S. King, on the grounds that the defendant David King, will be testifying as a witness at trial, and that the transcript is itself hearsay. Third, the defendant objects to the plaintiff's inclusion of any Letters of Recommendation Issued to the Plaintiff on the grounds that the letters are hearsay and further that they are utterly irrelevant to the present matter, since they have no bearing whatsoever on the plaintiff's allegations of defamation against defendant. Lastly, the defendant objects to the plaintiff's inclusion of Quinnipiac Computer Archives and other records regarding on the grounds that they have not been listed individually, as required by the Pretrial Order, and are inadmissible hearsay. In sum, the defendant objects to all seven categories of documents listed by the plaintiff.

As for the plaintiff's objections to the defendant's exhibits, the plaintiff has used the wrong list. The listing relied upon by the plaintiff was the defendant's first list filed in accordance with the Court's September pretrial order. The defendant's revised list, filed on December 17, 2004, has only thirty-five exhibits listed.

**Stipulations**

The defendant strongly objects to the plaintiff's assertion that the parties have agreed to any stipulations of law or fact in this case. The defendant has not agreed to stipulate with the plaintiff regarding any aspect of this matter, and any assertion by the plaintiff to the contrary is pure fabrication. Clearly, neither party has the authority to make stipulations on behalf of an opposing party without that party's approval. Plaintiff's attempt to do so via a unilateral fiat is

2

improper and objectionable. Likewise, the defendant objects to the plaintiff's description of the "Defendant's Contentions" section of her Plaintiff's Compliance, on the grounds that she has grossly misrepresented the defendant's position.

**Nature of Case/Jurisdiction**

The defendant objects to plaintiff's assertion that her complaint contains anything more than a single claim based on defamation. In fact, during the telephonic pretrial conferences of December 6 and 9, 2004, this Court expressly held that the trial would be limited to the plaintiff's allegation of defamation against the defendant. In her Plaintiff's Compliance, Ms. Burns completely disregards the Court's decision to limit the scope of the trial via her assertion that this case actually involves allegations breach of contract, intentional and negligent infliction of emotional distress, tortious interference with prospective contractual relations and economic advantage, willful violations of FERPA, and breach of an implied covenant of good faith and fair dealing. The plaintiff brazenly misrepresents the contents of her complaint by asserting that each of these actions were "pled with particularity" therein. She also makes vague reference to causes of actions against the defendant stemming from the federal Fair Debt Collection Practices Act, the Federal Fair Credit Reporting Act, and the Minnesota Consumer Fraud Act. The defendant objects to the plaintiff's attempt to treat her Plaintiff's Compliance as a pleading in order to interject additional causes of action against the defendant on the eve of trial.

**Legal Standards**

The defendant also objects to the plaintiff's misstatement of the legal standard applicable to per se defamation under Minnesota law. For a statement to be characterized as per se defamatory under Minnesota law, the statement must be *"about a person's business reputation"*. See <u>Keenan v. Computer Associates Intern., Inc.</u>, 13 F.3d 1266 (8th Cir. 1994) [emphasis added]. The plaintiff

3

incorrectly asserts that a statement may be per se defamatory if it "lowers the estimation of the Plaintiff in the eyes of others within his or her community." Also, as to plaintiff's reference to the doctrine of "compelled self-defamation," the defendant objects on the grounds that the doctrine has no bearing on this case, since the plaintiff has not alleged that she was compelled to issue defamatory statements about herself as a result of the defendant's conduct.

Finally, the defendant notes that the plaintiff's false allegation that the defendant withheld trial exhibits from her is addressed fully in Defendant's Objection to the Plaintiff's Second Motion in Limine.

For the foregoing reasons, the defendant objects to Plaintiff's Compliance.

DEFENDANT,
DAVID S. KING,

By: _____
Matthew G. Conway
Fed. No. ct09612
Sean Nourie
Fed. No. ct26205
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

4

## **CERTIFICATION**

      This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 3rd day of December 2004 to the following pro se party:

Barbara R. Burns  
980 Main Street  
Hackensack, NJ 07601

                                                                                                            Matthew G. Conway