UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | January 3, 2005 |
|     Defendant | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF VIDEO TESTIMONY**

The defendant herein objects to the Plaintiff's Memorandum in Support of Video Testimony ("Plaintiff's Video Memorandum") dated December 9, 2004, on the grounds that the plaintiff has failed to establish that the United States District Court in Hartford, has jurisdiction over the witness, Neil Cogan, sufficient to compel his appearance at the United States District Court in Santa Anna, California, during the upcoming trial.

**The Defendant Objects to the Plaintiff's Contradictory Representations Regarding Cogan's Alleged Voluntary Appearance**

As a preliminary matter, the defendant notes that the plaintiff's assertion that she originally noticed the deposition of Neil Cogan on May 1, 2003, is a fabrication of the record in this matter. The defendant addressed this issue at length in his Objection to Plaintiff's Motion for De Novo Review dated November 4, 2004. More specifically, as stated in that brief, the plaintiff did not even issue a notice for the deposition of Neil Cogan until June 1, 2003, when the deadline for completing discovery was May 30, 2003. In fact, that deposition notice, issued after the discovery period had completed, did not seek to take the deposition of Neil Cogan until June 30, 2003. In response to the defendant's motion for protective order, on March 31, 2004, this Court (Chatigny,

1

U.S.D.J.) granted a motion for protective order preventing this late discovery from taking place. The plaintiff, however, is still pressing to elicit the testimony of Neil Cogan.

Indeed, the plaintiff has attempted to obscure the nature of Neil Cogan's response regarding the conditions under which he was willing to submit to a deposition. According to the plaintiff, Cogan, who is a resident of California "…by letter dated on or about June 1, 2004…stated that he would voluntarily submit to any order by this court directing him to give testimony in this matter." (Plaintiff's Video Memorandum at 2 and 4). In reality, Cogan did not *volunteer* to do any such thing; rather, Dean Cogan simply agreed to appear for a deposition in California if the Court so ruled. (See Affidavit of Conway and email attached).

**There is no Legal Authority to Support Jurisdiction over this Non-party Witness**

The plaintiff erroneously asserts that the Connecticut District Court has jurisdiction over Neil Cogan under the doctrine of "Minimum Contacts." (Plaintiff's Video Memorandum at 5). However, as is set forth in the very case which the plaintiff cites in her brief pertaining to minimum contacts, "a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum State." International Shoe Co. v. Washington, 326 U.S. 310 (emphasis added). The plaintiff's attempt to assert this Court's jurisdiction over Neil Cogan via the minimum contacts analysis is faulty on many levels. Simply put, that test is inapplicable here because Neil Cogan has not been named as a defendant in the present matter, rather, his involvement is limited to that of a witness.

Without providing a citation to proper legal authority, the plaintiff further asserts that the United States District Court for the District of Connecticut may exercise jurisdiction over Cogan upon a certification that "Cogan's testimony is necessary and relevant" to the present lawsuit (Plaintiff's Video Memorandum at 5), or, similarly, that his testimony is "integral to an orderly

2

disposition of the merits of the plaintiff's claim."(Plaintiff's Video Memorandum at 9). The defendant objects to the plaintiff's unsupported assertions of law. The subpoena power of the clerk and attorneys is limited to that provided in Rule 45. The plaintiff has not provided any authority to support her contentions. In fact, she relies on hearsay research without citation, indicating that she was "told" that such orders were routine. Finally, she refers to researching "the methodology used by Federal and State Courts which routinely require and procure the testimony and/or appearance of out-of-state residents under similar circumstances." (Plaintiff's brief at FN7). Nevertheless, the plaintiff's brief is once again devoid of any citations.

The defendant respectfully requests that this Court follow Rule 45 and not issue any order compelling Mr. Cogan's testimony.

**No Good Cause Exists to Compel this Video Testimony**

F.R.C.P. 43(a) provides that a court may "for a good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." In this case, the plaintiff crosses the second circuit procedures for oral argument in other courthouses with an endorsement of the technology for use in video conference testimony. There is no "good cause" why the plaintiff should be given a court order compelling a non-party witness to testify by way of video conference. As stated in the defendant's motion for protective order dated June 12, 2003, the plaintiff identified Neil Cogan in Paragraph 2 of her Complaint and identified him as having discoverable information in her Rule 26 disclosures filed on November 21, 2002. If the plaintiff thought she needed his testimony, she could have conducted it during the discovery period. There is no "good cause" why the plaintiff should now be allowed to circumvent the court rules and elicit Mr. Cogan's testimony by video conference at the time of trial. There are simply no "compelling

3

circumstances" which would excuse the plaintiff's delay in obtaining this testimony beyond the discovery period.

Finally, the plaintiff has not provided any evidence of "appropriate safeguards" which would be in place to deal with issues such as the presentation of exhibits to Dean Cogan dealing with objections, testimony outside the presence of the jury, etc. For all these reasons, even if Dean Cogan were to voluntarily submit to testimony, or this Court were to find reason to order Dean Cogan to testify by video conference, the plaintiff has not complied with Rule 43, by showing "good cause", "compelling circumstances" and "appropriate safeguards".

**Conclusion**

In sum, the plaintiff has cited no authority to support this Court circumventing Rule 45 and ordering Dean Cogan to provide video conference testimony in this case. The plaintiff had her opportunity to conduct the deposition during the discovery period and failed to do so. Moreover, the plaintiff has not complied with Rule 43 and demonstrated a need for this testimony. Circumventing the Federal Rules to allow Mr. Cogan to testify by video conference will needlessly lengthen this trial and is likely to provide additional evidentiary problems.

WHEREFORE, the defendant respectfully requests that this Court deny the plaintiff's motion to compel the testimony of Neil Cogan.

                                                  DEFENDANT,
                                                  DAVID S. KING,

By:     _____

        Matthew G. Conway
        Fed. No. ct09612
        Sean Nourie
        Fed. No. ct26205
        Conway & Stoughton, LLP
        201 Ann Street
        Hartford, CT 06103
        (860) 525-5529
        fax (860) 525-1191

**CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 3rd day of January 2005, to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Matthew G. Conway