UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns             : | | CIVIL ACTION |
|     Plaintiff                       : | | |
|                          : | | NO: 302CV 00897(RNC) |
| V.                         : | | |
|                          : | | |
| David S. King             : | | January 3, 2005 |
|     Defendant                : | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S FIRST MOTION IN LIMINE**

Defendant David King herein responds to the plaintiff's First Motion in Limine dated 12/09/04. The plaintiff appears to be moving in limine to prevent the defendant from introducing a variety of newspaper articles into evidence at the time of trial and to prevent the defendant from raising any of the issues involving the plaintiff's various other matters of litigation into evidence in this case.

As to the introduction of exhibits on this issue, the defendant has made no indication that it intends to introduce any of those documents into evidence. In fact, the defendant did not list any of those documents in its December 17, 2004, listing of revised exhibits and witnesses.

As for questioning the plaintiff regarding other sources of distress in her life, such as the variety of other pending litigation that she has, that will depend on the plaintiff's testimony on direct examination. The defendant submits that he should not be limited at this point, without having heard the plaintiff's direct examination, from questioning the plaintiff on any topic. In fact, depending on how the plaintiff describes her alleged damages suffered will determine the extent of cross examination on many of these issues.

Finally, the defendant objects to the plaintiff's erroneous assertion in her First Motion in Limine that only evidence relating to "financial good standing" is admissible at trial. The plaintiff, at trial, has the burden of proving her prima facie case of defamation against David King, and must overcome any applicable defenses raised by the defendant as well. As such, the defendant is clearly permitted under F.R.E. 401[1] to present evidence that is relevant to his rebuttal of the plaintiff's case in chief or to his assertion of defenses.

In sum, the plaintiff's Motion in Limine is partially moot and partially premature. Given that the defendant has not listed any of these exhibits on its exhibit list, the Court need not address that issue; as to the admissibility of oral evidence on these topics, that can only be determined after the plaintiff has taken the stand.

DEFENDANT,
DAVID S. KING,

By: _____
Matthew G. Conway
Fed. No. ct09612
Sean Nourie
Fed. No. ct26205
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

---

[1] Federal Rule of Evidence § 401 states that Relevant Evidence means evidence having any " tendency to make the existence of any fact this is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

2

**CERTIFICATION**

    This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 3rd day of January 2005, to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

                                                                                                   Matthew G. Conway