UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | January 3, 2005 |
|     Defendant | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S SECOND MOTION IN LIMINE**

    Defendant David King herein responds to the Plaintiff's Second Motion in Limine filed with the court on or about 12/22/04. Therein, the plaintiff moves the Court for an order "prohibiting introduction by Defendant of evidence which relates to any and all references by witnesses to email created, communicated, and/or maintained by Quinnipiac University…and testimony by past and present Quinnipiac officers and employees with regard to the above mentioned email correspondence and handbook materials"… and, also "to any student handbook not distributed to, and acknowledged by, Plaintiff and other incoming first-year law students at orientation on January 4, 1999."

    The rationale asserted by the plaintiff for the exclusion of such evidence and testimony is duofold: first, she asserts that the defendant should be precluded from offering the above on the grounds that the defendant failed to comply with discovery and, second, on the grounds that the "proffered evidence is inadmissible, highly prejudicial, irrelevant, not probative of the parties' legal claims, and potentially confusing to the jury."

    The defendant responds to the plaintiff's assertions below. As a preliminary matter, the defendant notes that plaintiff has mischaracterized the holding of the Court (Chatigny, J.) by

1

stating that it "rejected" the defendant's defense of substantial truth as "legally untenable" (Plaintiff's Second Motion in Limine at 1 and 5). In reality, the Court did no such thing. Rather, in its Order dated September 29, 2004, the Court simply held that the "defendant is not entitled to summary judgment on this basis." As such, the defendant objects to the plaintiff's mischaracterization of the Court's holding.

The plaintiff continues to assert frivolous and unsupported allegations of discovery abuse on the part of the defendant and defense counsel, despite the fact that the Court (Martinez U.S.M.J.) has repeatedly found that the plaintiff's allegations of abusive discovery practice on the part of the defendant are unsupported and conclusory.[1] For instance, the plaintiff alleges that "although defense counsel agreed to produce them on April 8, 2003, at counsel's offices, counsel reneged and never produced the requested documents and other records." This utterly unsupported allegation by the plaintiff was addressed in length by the defendant in his Objection dated 07/31/2003, and the accompanying affidavit of Attorney Matthew G. Conway. More importantly, the plaintiff's present attempt to preclude the defendant from presenting the Quinnipiac Student Handbook at trial is futile, since the defendant did not disclose the handbook at issue along with his list of Trial Exhibits, and does not intend to offer it into evidence at trial.

The plaintiff further asserts that the defendant "should and cannot be allowed to use the same selected hearsay writings of the Defendant and other Quinnipiac employees that the Defendant has consistently withheld from the plaintiff at any time throughout this litigation." (Plaintiff's Second Motion in Limine at 3). Presumably, the plaintiff here is referring to the

---

[1] See Ruling on Pending Motions, dated 9/27/04, and Recommended Ruling on Plaintiff's Discovery Motions dated 9/02/03.

2

various documents disclosed by the defendant as trial exhibits in his 12/17/04 Defendant's Compliance with Court's December 9, 2004, Pretrial Order.

On or about November 27, 2002, defense counsel mailed to the plaintiff Defendant David King's Initial Disclosures. (Conway Affidavit ¶ 2). Included along with the November 27, 2002, Disclosures were copies of all documents contained within the Plaintiff's Quinnipiac University Student File, Financial Aid File, Office of Academic Affairs File and a copy of Plaintiff's Quinnipiac University Transcript (Conway Affidavit ¶ 3). All thirty-five of the trial exhibits disclosed by the defendant were included within the document production forwarded by the defendant to the plaintiff along with the defendants 11/27/02 Initial Disclosures (Conway Affidavit ¶ 5). On November 29, 2002, defense counsel received an e-mail from the plaintiff in which she acknowledged receipt of Defendant David King's Initial Disclosures (Conway Affidavit ¶ 4). Moreover, the plaintiff, on page 2 of her May 13, 2003 Supplemental Memorandum in Opposition to Defendant's Objection and Motion to Strike expressly acknowledged that "Attorney Conway, acting on behalf of Defendant, produced hundreds of pages of Quinnipiac records to Plaintiff in conjunction with the lawsuit on or about November 23, 2002. (sic)" As such, the plaintiff's present allegation that the defendant's trial exhibits were withheld from her is a brazen fabrication of the record.

The second rationale asserted by the plaintiff for the exclusion of the defendant's witness testimony and trial exhibits is equally untenable. Specifically, the plaintiff, after essentially attempting to unilaterally try this case on paper,[2] declared that the defendant's witness testimony

---

[2] For example, plaintiff, after provided her heavily misrepresented version of the facts in the case, and without citation to anything which even remotely resembles admissible evidence, announces that "the issue of whether the Plaintiff was or was not in "financial good standing" is moot because, by the determination of Cogan, the Dean, there was never any such policy in effect at Quinnipiac School of Law at any legally relevant time or, if there was, the Dean chose not to apply it to the plaintiff." Plaintiff's Second Motion In Limine at 6.

3

and exhibits are "inadmissible, highly prejudicial, irrelevant, not probative of the parties' legal claims, and potentially confusing to the jury." (Plaintiff's Second Motion In Limine at 1). In fact, the very issues that the plaintiff characterizes as irrelevant or not probative to the parties' legal claims, such as the meaning of "good standing" and the determination of whether the plaintiff owed an outstanding tuition balance to Quinnipiac University, are among the defining issues of the present case. The plaintiff should not be permitted to exclude entire categories of evidence from this matter in the form of witness testimony and evidentiary documents via her blanket conclusion that such evidence is "inadmissible, highly prejudicial, irrelevant, not probative of the parties' legal claims, and potentially confusing to the jury."

**Conclusion**

The plaintiff's assertion that the defendant's trial exhibits should be excluded due to discovery abuse is based entirely on misrepresentations on the part of the plaintiff. Moreover, the plaintiff's assertion that the defendant's witness testimony and trial exhibits should be excluded by the Court as inadmissible, highly prejudicial, irrelevant, not probative of the parties' legal claims, or potentially confusing to the jury is based entirely on the plaintiff's own unsupported and conclusory analysis of the law and facts of the present case. Finally, in a conclusory sentence at the end of her second motion in limine, the plaintiff requests that the Court "consider grant of partial summary judgment to plaintiff…" (sic). Time for filing motions for summary judgment has long passed; moreover, there is no basis for granting summary judgment in favor of the plaintiff. For the foregoing reasons, the defendant objects to the plaintiff's Second Motion in Limine.

                                      DEFENDANT,
                                      DAVID S. KING,

By: _____
Matthew G. Conway
Fed. No. ct09612
Sean Nourie
Fed. No. ct26205
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191


### CERTIFICATION

      This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 3rd day of January 2005, to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601


_____
Matthew G. Conway

5