UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | January 3, 2005 |
|     Defendant | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR NARRATIVE TESTIMONY**

The defendant herein objects to the Plaintiff's Memorandum in Support of Narrative Testimony ("Plaintiff's Narrative Memorandum") filed on December 22, 2004, on the grounds that the plaintiff has mischaracterized both the legal authorities contained within her brief and the nature of the issue at hand, and has failed to substantiate the need for narrative testimony. Moreover, the defendant objects on the grounds that the proposed narrative format would greatly prejudice the ability of the defendant to try this case by circumventing his ability to interpose objections to the questions posed by the plaintiff on direct examination before the jury is exposed to hearsay or other objectionable or inadmissible testimony.

**Defendant's Objection to Plaintiff's Mischaracterization of Legal Authority**

The defendant objects to the plaintiff's misuse of legal authority in support of her argument for narrative testimony. Specifically, the plaintiff cites to U.S. v. Young, 745 F.2d 733, 761 (1984) in support of her assertion that "[i]n certain circumstances, such as these, where no other reasonable alternative is available, a trial court may depart from the usual question-and-answer inquiry and permit testimony by narrative." (Plaintiff's Narrative Memorandum at 1). Despite the plaintiff's suggestion to the contrary, both the facts and circumstances at hand in Young make the

1

Appellate Court's holding distinguishable to the case at bar. Young involved the appeal of a criminal case in which the defendant was convicted of federal drug charges involving the distribution of heroin. In that case, the trial court permitted a government agent to provide narrative testimony which "accompanied and explained videotaped evidence" involving an illicit drug transaction in which the defendant was involved. Young, supra.

As a preliminary matter, the defendant notes that the Young holding involves no mention or discussion whatsoever of the unavailability of reasonable alternatives[1] to narrative testimony, as the plaintiff suggests. (Plaintiff's Narrative Memorandum at 1). Rather, the Young Court merely found no error in the decision of the Trial Court to permit narrative testimony by the government agent witness insofar as it was utilized to "accompany and explain" videotaped evidence presented at trial. In the present case, there is no videotape or government witness. As such, the holding in Young is clearly inapplicable here.

Likewise, the plaintiff's citation to Goings v. United States, 377 F.2d 753, 762, is also not supportive of the plaintiff's position in regards to narrative testimony. That case involved an appeal brought by a criminal defendant convicted of burglary, who admitted to being intoxicated at the time of the commission of his crime. **Importantly, the issue of narrative testimony on the part of a witness was not addressed at all** in Goings. Rather, the Appellate Court upheld the discretion of the trial court regarding the "liberality of cross-examination, the propriety of a document to be used for refreshing recollection, the use of leading questions, as well as flexible means to impeach one's own witnesses…". Although the Goings Court did hold that a trial judge should "exercise wide latitude to assure that an atmosphere in which a witness will feel at ease in

---

[1] Even if Young did contain such a holding, the plaintiff glosses over the fact that there does exist, in the present case, a perfectly reasonable alternative to narrative testimony, namely, in the form of the question-and-answer format suggested by the Court (Chatigny, J) during the December 9, 2004 pretrial teleconference.

2

telling the truth exists," it did not suggest or imply in any way that narrative testimony is appropriate to this end, nor has the plaintiff explained how the question-and-answer format would not prevent the plaintiff from telling the truth at trial. As such, the holding in <u>Goings</u> has no bearing whatsoever upon the matter at hand.

Without offering any citation to legal authority, the plaintiff further asserts that "Appellate Courts of the 2nd Circuit and the 8th Circuit have further held that any potential prejudice to the opposing party is curably [sic] by objection and a motion to strike and/or cross examination." (Plaintiff's Narrative Memorandum at 2). Not only is the plaintiff's assertion legally unsupported, her suggestion that otherwise inadmissible testimony that comes out during her proposed narrative can be cured by a motion to strike or cross-examination is simply untenable. Once the plaintiff has been permitted to introduce prejudicial or otherwise inadmissible testimony to the jury during her narrative, the damage to the defendant will have already been done, and no subsequent motion or cross-examination will be able to cure that.

**Defendant's Objection to Plaintiff's Frivolous and Self-Serving Assertion that the Traditional Format of Question-and-Answer Testimony Need not Apply to The Parties of this Case**

In a truly curious strategy, the plaintiff becomes her own character witness within her memorandum, and explains that, as a result of her legal education,[2] combined with her experience within the "two highly regulated allied fields" of " commercial insurance and public accounting," her "lawyerly mind," organizational skills, speaking abilities, and her training to be objective and to "be effective and operate within a framework of rules," the "potential for irrelevant and/or inadmissible hearsay testimony, or other abuses of the narrative testimonial format by this Plaintiff is greatly minimized." (Plaintiff's Narrative Memorandum at 2). Clearly, the plaintiff's self-

---

[2] The plaintiff asserts that she has "the benefit of a legal education, including coursework in both Trial Advocacy and the Rules of Evidence."

3

aggrandizing references to her unique qualifications have no bearing upon the narrative testimony issue. Perhaps the most ironic and telling aspect of the plaintiff's position is the fact that the she resorts to hearsay[3] in the very same paragraph of her brief in which she attempts to assure the Court that there is little risk she will engage in hearsay at trial.

In sum, the plaintiff should be required to present her case at trial vial the established format of question-and-answer testimony.

**Defendant's Objection to Plaintiff's Evocation of a Constitutional Right to Testify**

The plaintiff also misrepresents the impact of a potential holding by the Court that she must present her testimony in a questions and answer format by asserting, in a conclusory manner, that her "constitutional right to testify is at issue." (Plaintiff's Narrative Memorandum at 3) However, the plaintiff does not explain how, exactly, a requirement that she follow the established question-and-answer format of witness would obstruct her "constitutional right" to testify. Clearly, the plaintiff would be fully able to exercise this right via her answers within the question-and-answer format. The plaintiff's attempt to bootstrap her motion for narrative testimony upon due process grounds is clearly frivolous

**Defendant Objects to Use of Narrative Testimony by Plaintiff as Prejudicial**

Contrary to the frivolous assertion that the Defendant "can establish no prejudice from narration of the plaintiff's testimony", the plaintiff's proposed narrative format would greatly prejudice the ability of the defendant to try this case by circumventing his ability to interpose objections to the questions posed by the plaintiff during her direct examination of herself as a witness before the jury is tainted by hearsay or other inadmissible testimony.

---

[3] For instance, the plaintiff asserts that "*By the attestation of a number of law professors* who are familiar with the Plaintiff's performance, Plaintiff has a lawyerly mind and is well-organized and effective in speaking or writing." (Plaintiff's Narrative Memorandum at 2). (Emphasis added.)

**Conclusion**

For the foregoing reasons, the defendant objects to Plaintiff's Memorandum in Support of Narrative Testimony. The defendant submits that the plaintiff should be required to verbalize a question, as if she were asking a third person. The defendant's counsel should have the opportunity to object. Only then, should the plaintiff be allowed to present her testimony by way of an answer, not a narrative.

>                                    DEFENDANT,
>                                    DAVID S. KING,
>
> By:    _____
>        Matt Conway
>        Fed. No. ct09612
>        Sean Nourie
>        Fed. No. ct26205
>        Conway & Stoughton, LLP
>        201 Ann Street
>        Hartford, CT 06103
>        (860) 525-5529
>        fax (860) 525-1191

5

## CERTIFICATION

    This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 3rd day of January 2005, to the following pro se party:

Barbara R. Burns  
980 Main Street  
Hackensack, NJ 07601

                                                                 Matthew G. Conway