UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

    Plaintiff                              CIVIL ACTION

v.

David S. King,

    Defendant                          Case No. 3-02-CV-897 (RNC)

FILED 2005 JAN 11 P 1:34 U.S. DISTRICT COURT HARTFORD, CT.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF AUTHORITY FOR VIDEOTAPED TESTIMONY

At pretrial conference on January 7, 2005, the court directed Plaintiff to research and to submit authority authorizing videotaped trial testimony by out-of-state witnesses. This supplemental memorandum, citing Rule 45 of the Federal Rules of Civil Procedure, and controlling and/or persuasive decisional authority, follows.

*Subpoena Power Over Out-of-State Witnesses Under Rule 45*

Rule 45 of the Federal Rules of Civil Procedure expressly authorizes a United States District Court to compel the appearance of a non-party witness "at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified by the subpoena." A witness subject to such a subpoena may move to quash it only if: (1) the subpoena fails to accord reasonable time for compliance; (2) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed, or regularly

1

transacts business in person (emphasis added)[1]; (3) requires disclosure of privileged information; or (4) subjects the person to an undue burden. Under clause (iii) of subdivision (c) (3)(B) of Rule 45, there does appear to be authority for the court to direct a witness to travel far, clearly within the state, and possibly beyond the state, when there is a need for a witness' live testimony.

In applying Rule 45 to the proposed testimony of Neil Cogan, Cogan is being directed to given remote testimony via videoconference from a federal courthouse in Santa Ana, CA, less than 30 miles from his home and place of business. The subpoena is therefore within the bounds of Rule 45 in that it does not require Cogan to travel more than 100 miles, does not impose any undue burden, does not require disclosure of privileged information, and is not unreasonable as to notice. It is further expressly noted that Cogan, who was served more than one month ago, has never objected to, or moved to quash the subpoena; and that the Defendant, who seeks to block Cogan's testimony, has no standing to argue that the legal rights of Cogan are being violated.

*Decisional Authority in Support of Live Remote Testimony*

Videoconference testimony is a fairly new technology that has been favorably received and even embraced by federal district courts within the Second federal circuit. Notably, federal courts have shown "consistent sensitivity to evolving technology that may facilitate efficient litigation practices." See, e.g., Weiss v. Wayes, 132 F.R.D. 152, 153-155 (M.D. PA, 1990), allowing use at trial of videotaped cross-examination of witness.

---

[1] It is duly noted that the witness, Neil Cogan, is listed as a member of the New York and Pennsylvania Bars and, upon information and belief, is a member of the Bar of the State of Connecticut; and that the Connecticut Long-Arm Statute authorizes jurisdiction of both persons who personally commit tortuous acts within the state and to persons who do so through agents. In deposition, King testified that King acted as Cogan's agent.

2

The United States District Court for the Southern District of New York has even gone so far as to hold that, in cases, where the district court has a choice between a traditional deposition and live, videoconference testimony, the court should opt for the videoconference testimony. The court has further held that this choice is *particularly* suitable in cases where the witness' testimony is integral to the case, necessitating a means of presenting testimony to a jury that permits the triers of fact to observe and evaluate the demeanor of a witness whose testimony is "sufficiently significant." See, Kvetan v. Employers' Contract Services of Miami, et al, 1996 WL 376935. See, also, Schwartz v. Marriott Hotel, 186 F. Supp. 2d 245 (E.D.N.Y 2002), stating that "plaintiff can place testimony before a New Jersey jury by either video deposition or *live video testimony*. (Emphasis Added)"

Here, the testimony of Neil Cogan is clearly significant and sufficiently controversial to require the court to reject a traditional written-deposition presentation and opt for live videotaped testimony. Kvetan v. Employers' Contract Services of Miami, supra, 1996 WL 376935. Cogan has stated that, while he requires a court order, he will comply with any directive of this court to give testimony in this case, and has filed no timely objection, or any objection, to the subpoena served upon Cogan by Plaintiff more than one month ago.

Additionally, and as the court noted at pre-trial conference, this is a civil and not a criminal matter; accordingly, the Defendant does not have any constitutional right to face-to-face confrontation with Cogan or any other witness. Indeed, the Defendant, who has repeatedly stated that he acted at Cogan's direction and that Cogan supports his actions, would, by his account, *benefit* from Cogan's testimony.

3

The court should conclude that this court clearly has personal jurisdiction of Cogan under the Connecticut Long-Arm Statute and on the basis that Cogan, as a member of the New York and Pennsylvania Bars, regularly transacts business in the Second Circuit. The court should further conclude that the subpoena issued by Plaintiff to Cogan, which Cogan has not contested, is clearly within the parameters of Rule 45. Even if it wasn't, the United States District Court for the Central District of California has pledged to uphold any order commanding Cogan's appearance in Santa Ana that is issued by this court.

The court should further conclude that the Defendant cannot establish prejudice from any order by this court permitting Cogan to testify. To the contrary, Defendant has consistently and repeatedly stated over a period of almost three years, that Defendant seeks an adjudication on the merits of the parties' respective claims; and that the Defendant's actions were not only expressly authorized, but directed, by Cogan.

CONCLUSION

In consideration of the foregoing facts, the court should be permit the video testimony of Neil Cogan.

DATED: Barbara R. Burns BY:

Barbara R. Burns

Hand-Delivered to Matthew Conway
1-11-05