UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Barbara R. Burns,

        Plaintiff                  Civil Action

                                    03-CV-897 (RNC)

v.

David S. King,

        Defendant

---

Barbara R. Burns, upon oath, deposes and says:

1. That I am the Plaintiff in the above-entitled matter.

2. That on February 14, 2005, I filed a Notice of Appeal of a transcripted January 14, 2005 order of the United States District Court for the District of Connecticut.

3. That I make this affidavit to place of record certain irregularities with regard to the district court record on appeal, as set forth with particularity in the February 25, 2005 correspondence that I directed to Kevin F. Rowe, Clerk, United States District Court, District of Connecticut.

4. That appended hereto as Exhibit A is a true and correct copy of the February 25, 2005 correspondence referenced in Paragraph 3 above, the original of which was confirmed as received by Clerk Rowe on February 25, 2005.

5. That this Affidavit and Exhibit A have been duly served upon the opposing party on March 7, 2005 via United States first-class mail, addressed to Conway and Stoughton, 201 Ann Street, Hartford, CT 06103.

DATED: March 7, 2005                      BY: *Barbara R. Burns*

                                                                       Barbara R. Burns

Subscribed and sworn to before me.

DATED: March 7, 2005                      BY:

                                                                       NOTARY

JULIA A SIGVERTSEN
Notary Public - Minnesota
My Commission Expires Jan. 31, 2010

February 25, 2005

Kevin F. Rowe
Clerk of Court
United States District Court
141 Church Street
New Haven, CT 06510

RE: *Burns v. King*                          VIA FAX and U.S. Mail
    Case No. 03-CV-897

Dear Mr. Rowe:

  I am constrained to write to you as Chief Clerk with regard to processing errors that are being perpetrated by certain clerical personnel in the Hartford Division.

  Specifically, your office has docketed a Notice of Appeal and Motion for Extension of Time, filed on February 14, 2005. The Notice of Appeal clearly states appeal is taken from a January 14, 2005 order. However, your office has docketed the appeal as taken from a purported judgment dated January 18, 2005 that, in fact was never served upon me and which I have never seen. As I believe you must know, your office has no authority to make discretionary legal determinations that may be jurisdictional. <u>Please ensure that the appeal is properly docketed as from the January 14, 2005 order and confirm to me, within five business days, that you have so notified the court of appeals.</u>

  Similarly, your office has returned to me, twice, a total of four trial exhibits that have been designated as part of the record on appeal and which are not oversize or otherwise disallowed under Rule 83. Following confirmation by an "Ann" of the Hartford office on or about February 1, 2005 that the judge's clerk, Linda, "should not have returned" the exhibits and the exhibits were properly filed with the Clerk of the Court, the same were re-filed with your office, as provided by FRCP 83 and FRAP 10(a). Notwithstanding that they were properly filed, **twice**, via Express Mail at a cost of more than $25, your office persists in returning the exhibits. Furthermore, your office apparently also omitted the exhibits from the designation of trial court record transmitted by a Fidelis Basile to the Court of Appeals. <u>Please confirm to me, within five business days, that this error has been rectified and that the Court of Appeals' record has been corrected.</u>

  Finally, I received a letter dated February 10, 2005, issued over your signature block. This letter stated inaccurately that I had submitted a filing of a Motion to Set Aside January 14, 2005 Order to your office by facsimile or other electronic transmission. This is not accurate. In fact, the Motion was filed by mail <u>and file-stamped January 31, 2005, by a deputy clerk of your office</u>. Furthermore, opposing counsel has filed a responsive pleading, which apparently has not been docketed.

1

In consideration of the foregoing facts, I must consider that (1) your office must, and will, docket appeal, with Motion for Extension of Time, from the January 14, 2005 order; (2) the exhibits are properly filed with your office, and you will ensure that they are properly maintained and transmitted to the appellate court; (3) you will personally ensure that the Court of Appeals receives a correct docket; (4) the Motion to Set Aside January 14, 2005 Order is properly recorded as filed the same date as the file stamp; and (5) you will personally confirm these points to me within five business days, as requested, so that I may consider the necessity of a motion to supplement the record. I also believe that, in the circumstances, I should be reimbursed mailing costs, as set forth, *supra*, by your office. I request that you advise me of the procedure to recoup these costs, necessitated by the malfeasance of certain court personnel under your supervision.

Please note a <u>mailed</u> copy of this correspondence is specified as a filing.

Thank you for your attention to this information.

Sincerely,

Barbara R. Burns

cc: File No. 03-CV-897 (RNC)

2