

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | March 21, 2005 |
|     Defendant | : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION

The defendant herein replies to the Plaintiff's Objection to Defendant's Opposing Memorandum ("Plaintiff's Objection"), filed with the Court on or about March 7, 2005, and objects to the plaintiff's faulty assertion that jurisdiction for this matter is currently vested in the Second Circuit Court of Appeals.[1] In fact, the plaintiff's own post-trial filings have effectuated a stay of her appeal which will remain in effect until the district court has reached final rulings on her various post-trial motions

### I.    PROCEDURAL HISTORY

Jury selection in this matter began on January 11, 2005. The plaintiff concluded her case-in-chief on January 14, 2005. At that time, the defendant moved for judgment as a matter of law pursuant to FRCP 50(a). On January 14, 2005, the Court (Chatigny, J.), ruled from the bench granting judgment in favor of the defendant. Judgment was entered in favor of the defendant on January 18, 2005.

---

[1] The Plaintiff's Objection reads "<u>Plaintiff objects</u> to Defendant's opposing memorandum, filed and served upon Plaintiff on February 24, 2005 <u>on the basis that</u> the memorandum is untimely and <u>the district court is without jurisdiction to proceed. Jurisdiction is presently vested in the Second Circuit Court of appeals</u>." (Emphasis added)

1

On or about February 3, 2005, the plaintiff filed an affidavit in support of bias which the defendant, for the purpose of objection, interpreted to be a Motion to Recuse Judge Chatigny. The defendant duly objected to the plaintiff's recusal motion on the grounds that it was substantially untimely and insufficient as a matter of law.

On or about February 7, 2005, the plaintiff filed correspondence with the Court which the defendant interpreted as being comprised of both a Rule 60 Motion to Set Aside and a Rule 59(b) Motion for a New Trial. On February 22, 2005, the defendant objected on the grounds that the plaintiff's motions were insufficient as a matter of law.

The plaintiff filed her Notice of Appeal on February 14, 2005. On or about March 7, 2005, the plaintiff filed an objection to the defendant's objection of February 22, 2005, wherein she asserted that her filing of Notice of Appeal had vested jurisdiction over the her post-trial filings with the Second Circuit Court of Appeals.[2]

The defendant herein replies to Plaintiff's Objection.

## II.    LEGAL AUTHORITY & ANALYSIS

### A.    Impact of Post-Trial Motions on Jurisdiction

Generally,[3] pursuant to 28 U.S.C. § 1291, the federal courts of appeals have jurisdiction only over final decisions of the district courts. Dove v. Atlantic Capital Corp., 963 F.2d 15, (2nd Cir. 1992). A party must file a notice of appeal in order to appeal a judgment as a matter

---

[2] The plaintiff also objected on the grounds that the defendant's objection was untimely. However, she did not provide a factual or legal basis in support of her untimeliness objection. As such, it does not merit a response by the defendant.

[3] There is a limited exception to this rule pertaining to certain interlocutory matters which are not at issue here.

of right. FRAP 3(a)(1). In a civil case, the notice of appeal must be filed with the district court within 30 days after the judgment or order appealed from is entered. FRAP (4)(1)(a).

However, when certain post-trial motions are filed with the district court, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." FRAP (4)(a)(4)(A). These post trial motions include:

> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> **(v) for a new trial under Rule 59**; or
> **(vi) for relief under Rule 60** if the motion is filed no later than 10 days (computed using Federal Rule of Civil Procedure 6(a)) after the judgment is entered. Id. (emphasis added).

Moreover, " **[i]f a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective** to appeal a judgment or order, in whole or in part, **when the order disposing of the last such remaining motion is entered**." (Emphasis added) FRAP (4)(a)(4)(B).

The plaintiff has also filed a post-trial motion to recuse. The decision whether to grant a recusal motion is a matter within the sound discretion of the district court. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir.1988); Apple v. Jewish Hosp. and Medical Center, 829 F.2d 326, 333 (2d Cir.1987). As noted by the Court of Appeals:

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the

3

trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case . . . . Litigants are entitled to an unbiased judge; not to a judge of their choosing.

Drexel, supra, at 1312.

**B.     As a Result of the Plaintiff's Post-trial Motions, Jurisdiction in this Matter is Vested With District Court.**

The plaintiff objected to the defendant's Objection of February 22, 2005 on the grounds that "the district court is without jurisdiction to proceed. Jurisdiction is presently vested in the Second Circuit." (Plaintiff's Objection at 1). The strategy underlying the plaintiff's present jurisdictional objection is perhaps best understood within the context of her other post-trial filings. For example, in her affidavit filed on or about February 3, 2005, the plaintiff telegraphed her intent to sidestep the jurisdiction of the district court by avowing that "I make this affidavit…to establish the necessity of **bypassing the trial court and making direct application to the appellate court**…"(Recusal Motion ¶ 2, emphasis added). Ironically, the plaintiff's own post-trial filings have brought about a result that is precisely opposite to that which she intended.

As a preliminary matter, the defendant notes that the plaintiff's attempt to "bypass" the trial court via her post-trial filings is specifically prevented by the "final decision" rule. Dove, supra. Under this rule, the appellate court lacks jurisdiction to consider any of the plaintiff's pending post-trial motions because these motions have not been subject to final decisions by the district court.

4

Moreover, the "jurisdictional challenge" premise upon which the plaintiff has relied in her objection is expressly preempted by FRAP 4(a)(1)(B)(1). This rule provides that the filing of certain motions, including those under FRCP 59 or FRCP 60(b), operate to place a stay upon any notice of appeal which is filed before a decision is reached on such motions.

In this case, the plaintiff filed her notice of appeal before the district court had an opportunity to rule upon her pending motion to set aside and motion for new trial. Thus, to the extent that she sought appellate review of the judgment entered against her by the district court, the plaintiff "hoisted her own petard" by filing her FRCP 59 and FRCP 60(b) motions. Her appeal will not become effective until the entry of orders on each of her post-trial motions. Likewise, jurisdiction will not vest with the appellate court until the entry of the same orders.

The appellate court is similarly without jurisdiction to rule upon the plaintiff's recusal motion. No legal mechanism exists which would permit a party such as the plaintiff to "bypass" the jurisdiction of the district court based upon a mere allegation of bias by that party against the presiding judge. Rather, it is fully within the discretion of the "challenged judge" to issue a ruling on the motion to recuse. <u>In re Drexel</u>, supra. Although the challenged judge could refer the matter to another judge of the same court, the matter can not be properly brought before the appellate courts until a final decision had been reached. See <u>Dove</u>, supra.

## **CONCLUSION**

The defendant respectfully submits that the plaintiff's attempt to challenge the jurisdiction of the district court is without merit.

5

DEFENDANT,
DAVID S. KING,

By: *[signature]*

Sean Nourie
Fed. No. ct26205
Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 21st day of March 2005, to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

*[signature]*
Sean M. Nourie

6