STATE OF MINNESOTA     FILED     DISTRICT COURT

COUNTY OF HENNEPIN     FOURTH JUDICIAL DISTRICT

---

Kevin E. Burns, Barbara R. Burns,
and Renee DeFina

            Plaintiff,        FINDINGS OF FACT,
                               CONCLUSIONS OF LAW,
vs                             AND ORDER DISMISSING
                               CASE WITH PREJUDICE

Ronald Ungerman, Margaret Ungerman,
and R.A. Ungerman Construction Company,     District Court No. 03-17802
            Defendant.
and

In Re the Matter of
Barbara Burns, Kevin Burns, and Renee DeFina

---

     This matter came before the court on December 8, 2003, before the undersigned.

Based upon the hearing and the entire record, the court makes the following:

## FINDINGS OF FACT

1. Ms. Barbara Burns has commenced 10 different civil suites in Hennepin County since 1991, three of which have been against R.A. Ungerman Construction Company, Inc. The nexus of all of these claims involve a piece of real property located at 13684 Harmony Way, City of Apple Valley, County of Dakota; legally described as Lot 15, Block 6, in Palomino Woods, Apple Valley, Minnesota. *See* Hennepin County District Court file numbers 94-13558, 03-11603, and 03-17802.

2. In 1997, then Chief Judge Daniel Mabley, filed a standing Order regarding Barbara Burns. *See* Order, dated April 2, 1997. Judge Mabley made substantial findings regarding Ms. Burns conduct, including, but not limited to, her abusive conduct toward court personnel, repeated and blatant failure to comply with Minnesota Rules of Civil Procedure, improper *ex parte* communications, intentional disregard for court directives and orders, making false allegations and lying by misstating conversations with court staff and breaches of security by entering judges' chambers without prior authorization. In addition, Judge Mabley cited other jurisdictions, specifically Dakota County and the United States District Court for the District of Minnesota, who have placed restrictions on Ms. Burns for similar conduct.

3. In the 1997 Order, several restrictions were placed upon Ms. Burns. Ms. Burns was ordered to submit all paperwork that she wished to file to the Chief Judge, unless the paperwork is approved by an attorney licensed to practice in the State of Minnesota; the order states that all paperwork not complying with its terms shall be destroyed rather than returned; Ms. Burns is barred from telephoning or faxing Hennepin County District Court employees; and the order provides that Ms. Burns is to communicate with the court in writing, among other restrictions. *See* Order, dated April 2, 1997.

4. The undersigned was notified that Barbara Burns, Kevin Burns, and Renee DeFina, plaintiffs in the above captioned case, commenced an action, again, against Ronald Ungerman *et al* and filed pleadings on October 28, 2003, in Hennepin County District Court. All three plaintiffs signed the pleadings. The pleadings claim violation of the Minnesota Consumer Fraud Act, trespass, conversion, intentional infliction of emotional distress and defamation/slander. Again, the nexus of these claims involve the real property located at 13684 Harmony Way, City of Apple Valley, County of Dakota. Ms. DeFina is Ms. Burns mother and Kevin Burns is her ex-husband.

5. Litigation involving Ms. Burns, Ronald Ungerman and this specific piece of real property dates back to approximately mid-1993. The litigation originally began in Dakota County. In 1994, Ms. Burns initiated litigation involving this property in Hennepin County. The litigation and this case have a lengthy, expensive and tortured history. Final disposition and/or rulings were determined in favor of the Ungermans. (*See* Court file number 94-13558 (2 volumes), case dismissed by court Order, dated June 15, 1995 (order attached hereto); number; 03-11603, Order transferring venue to Dakota, based upon lack of jurisdiction and declination to extend its discretionary authority to change venue (order attached hereto); and finally number 03-17802, the case presently before the court.

6. Despite losing her case against the Ungermans, Ms. Burns continues to attempt to litigate issues regarding the above stated property and collateral issues, which have previously been litigated and/or barred. The new twist with this new cause of action is the addition of her mother and ex-husband as plaintiffs.

7. Ms. Burns' pleadings and filing fees in this particular case were erroneously accepted by District Court staff because the pleadings were not signed by an attorney licensed to practice in the State of Minnesota.

8. Ms. Burns did not have the approval of the Chief Judge to file any document, pursuant to Judge Mabley's order.

9. This court received a letter from David E. Albright, Esq, informing this court that Mr. Burns had sent an e-mail to him, the subject matter being "NOTICE OF DEPOSITION.ALBRIGHT", which had the same caption as the matter filed in District Court as the October 28, 2003 case. The letter also informed the court that

Mr. Ungerman had received the above-entitled complaint, which was left on his porch. A copy of Mr. Albright's letter was sent to the other named plaintiffs.

10. Based upon the information contained in Finding of Fact 7, this court filed an Order to Show Cause, dated November 13, 2003, where the parties were ordered to appear on December 2, 2003 at 10:30 a.m., for the plaintiffs' to show cause why the case should be permitted to proceed and not dismissed with prejudice. Service was attempted, through the Dakota County Sheriff's Department, at the address Plaintiffs' listed in their moving papers, specifically their complaint, summons, and "Certificate of Representation".

11. The Order to Show Cause, among other orders, directed that all proceedings be stayed until further notice; no additional motions by the Plaintiffs' were to be filed or accepted until further notice; and Plaintiffs' were not to contact Defendants until the December 2, 2003 hearing.

12. On November 14, 2003, Renee DeFina, Ms. Burn's mother, attempted to file a notice of removal of the undersigned. The notice of removal was faxed to the Hennepin County District Court Administrator.

13. Because the Order to Show Cause was issued to ensure that Judge Mabley's order was complied with, the notice to remove was not accepted by this court.

14. On December 2, 2003, after the scheduled hearing time, when Plaintiffs' failed to appear, this court's staff contacted Plaintiffs' via speakerphone, in the presence of opposing counsel, with a court reporter reporting the conversation. Both Kevin Burns and Renee DeFina claimed they did not receive notice and that the undersigned was no longer assigned to the case, as he had been removed by Renee DeFina.

15. Subsequently, this court contacted the Dakota County Sheriff's department and was informed that the address given by Plaintiffs' appeared to be abandoned residence and thus service was not made.

16. Defendants provided the court with a letter sent to them, dated November 16, 2003, stating that Plaintiffs' agent for service of process is Metro Legal Services, located at 150 Towle Building, Minneapolis, MN.

17. In order to give Plaintiffs' full opportunity to appear, this court continued the hearing one week, until December 8, 2003, to permit Plaintiffs' to appear. This court directed the Hennepin County Sheriffs to serve Plaintiffs at Metro Legal Services, their self-proclaimed agent for service of process.

18. When the Hennepin County Sheriff's Department attempted service, Metro Legal Services refused to accept service on behalf of Plaintiffs', claiming that because of the difficulty they have encountered dealing with Plaintiffs' in the past, they were not their agent for service of process.

3

19. This court determined that it had exhausted enough time attempting to serve Plaintiffs' at the various locations where they claim service can be made and conducted the hearing in their absence.

20. At the December 8, 2003, hearing, Defendants' requested that this case be dismissed with prejudice, that Plaintiffs' be sanctioned, and that attorneys fees be awarded. Defense counsel, David E. Albright, stated that with regard to this most recent litigation, he has spent approximately 7.9 hours, at an hourly rate of $175.00, preparing for and handling this matter, totaling $1,382.50.

21. The Ungerman's have suffered significantly, both mentally and monetarily, by this repeated and vindictive litigation initiated by Plaintiffs. Further, this court has the inherent power and obligation to protect them from further abuse of the civil justice system by Ms. Burns.

22. This court finds that Plaintiff, Barbara Burns, has shown a gross and flagrant disregard and abuse of the civil justice system. Ms. Burns cannot circumvent Judge Mabley's April 2, 1997, Order by adding additional Plaintiffs, which are her mother and former husband.

23. Ms. Burns had notice, pursuant to Order number 9, of the April 2, 1997 Order, that remedy for a violation of that order includes dismissal with prejudice of the matter, that judgment be entered against her, that she be required to pay monetary sanctions, and/or that violation of that Order constitutes contempt of court.

## CONCLUSIONS OF LAW

1. Ms. Burns, as well as the other named Plaintiffs, have demonstrated a propensity for abusive, frivolous and improper conduct in their dealing with the court and the Ungermans.

2. To prevent this behavior, it has become necessary to place reasonable, yet significant restrictions on Barbara Burns, as well as her named agents and affiliates, seeking to initiate or perpetuate litigation involving Ronald Ungerman, Margaret Ungerman, R.A. Ungerman Construction, and the piece of real property located at 13684 Harmony Way, City of Apple Valley, County of Dakota; legally described as Lot 15, Block 6, in Palomino Woods, Apple Valley, Minnesota.

3. Lesser restrictions on Barbara Burns have not been successful, despite the threat of dismissal with prejudice, sanctions and contempt of court.

## ORDER

1. This case is **DISMISSED WITH PREJUDICE**.

2. The filing fees paid by Kevin Burns shall not be returned.

3. Barbara Burns, Kevin Burns, Renee DeFina, as well as their agents or affiliates, are precluded from initiating litigation involving Ronald Ungerman, Margaret Ungerman, R.A. Ungerman Construction Company and the piece of real property located at 13684 Harmony Way, City of Apple Valley, County of Dakota; legally described as Lot 15, Block 6, in Palomino Woods, Apple Valley, Minnesota.

4. District Court staff are directed not to accept any document filed by Barbara Burns, Kevin Burns, Renee DeFina, as well as their agents or affiliates, involving Ronald Ungerman, Margaret Ungerman, R.A. Ungerman Construction Company and the piece of real property located at 13684 Harmony Way, City of Apple Valley, County of Dakota; legally described as Lot 15, Block 6, in Palomino Woods, Apple Valley, Minnesota. Any document received shall be promptly destroyed and not returned.

5. Plaintiffs are ordered to pay, joint and severally, Defendants' attorney's fees in the amount of $1,382.50 within thirty (30) days of the filing of this order. Judgment shall be entered immediately against the plaintiffs in the amount of $1,382.50.

6. Ms. Burns is fined five thousand dollars ($5,000) for her repeated and blatant disregard for this court, and its Orders and directives. The District Court Administrator is directed to take appropriate action to collect this fine and to deposit the proceeds in the general fund of the State of Minnesota.

7. The April 2, 1997, order signed by Judge Mabley is in effect for three (3) years from the date of this order.

8. The attached Memorandum is hereby incorporated.

9. This Order shall be served upon each party by United States mail and such service shall constitute due and proper service

IT IS SO ORDERED. LET THE JUDGEMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Date: 1-16-2004

Kevin S. Burke
Chief Judge of 4th Judicial District Court

JUDGMENT
I HEREBY CERTIFY THAT THE ABOVE ORDER
CONSTITUTES THE ENTRY OF JUDGMENT OF THIS COURT

MARK S. THOMPSON, COURT ADMINISTRATOR

BY _____
                                    DEPUTY
DATED _____ (SEAL)

5

## MEMORANDUM

The decision to impose significant sanctions against a pro se litigant should be done in a rare instance. This is such an instance.

Ms. Burns originally filed suit against the Ungerman Construction Company in Conciliation Court in 1994 in Hennepin County. Prior to filing in Hennepin County, Ms. Burns had commenced suit in Dakota County. After the Hennepin County Conciliation Court ruling, Ms. Burns removed the case to Hennepin County District Court in a timely manner. After removing it to District Court, she attempted to claim lack of jurisdiction and remove it to Federal District Court. The Federal District Court found that it lacked jurisdiction and remanded the case to Hennepin County District Court. On June 15, 1995, the Honorable E. Anne McKinsey granted the defendant's motion for dismissal, ending the case. Neither Mr. Kevin Burns nor Ms. Renee DeFina were parties to this original case. Throughout this procedural quagmire, the Ungermans' incurred expense, but perhaps equally important unnecessary concern and worry; being a litigant is stressful.

In 1997, Ms. Burns again brought an action against the Ungerman Construction Company. This time Ms. Burns requested a restraining order regarding the property in the original suit. This suit was dismissed for lack of jurisdiction, as the property is in Dakota County, and pursuant to Minn. Stat. § 542.02, actions involving real estate must be brought in the county where the real estate is located.

On April 2, 1997, then Chief Judge Daniel Mabley issued an Order stating that in order for Ms. Burns to file in Hennepin County District Court, she must submit the papers to the Chief Judge or have the papers signed by an attorney licensed to practice

law in Minnesota. Further, no faxed documents would be accepted by the Court from Ms. Burns and all submitted documents must comply with the Minnesota Rules of Civil and Criminal Procedure. The Order concluded that if it was violated, any litigation submitted would be dismissed with prejudice and Ms. Burns would have to pay monetary sanctions.

On October 28, 2003, Ms. Burns filed suit a third time over the same property for which she had originally sued almost a decade earlier. The complaint was not personally served upon the defendants. For service to be effective, it must be delivered personally to the defendant or left with a person of suitable age residing at the defendant's usual abode, unless the individual has consented to another method of service. *See* Minn. R. Civ. P. 4.03. Apparently, the complaint, in this third new suit against the Ungermans, was left on their porch. This service was not effective, according to the Rules of Civil Procedure.

More importantly, this current suit was filed in violation of a standing Hennepin County Order. The reason that Chief Judge Mabley issued his order was to avoid precisely this type of situation, namely abuse of the Ungermans. An attorney did not sign-off on Ms. Burns suit, as required by Judge Mabley's order. In this suit Ms. Burns added two additional plaintiffs, her mother and ex-husband. When the court attempted to serve the plaintiff with an Order to Show Cause to appear, the address listed in the claim appeared abandoned and the sheriff's department attempted, but did not personally serve. Ms. Burns' recent court records show that Ms. Burns claims to live there. Ms. Burns' received a speeding ticket and listed her address as 13684 Harmony Way (*See* Citation # 4030611174). A second attempt was made to personally serve this court's Order to Show

Cause at Metro Legal Service pursuant to the plaintiffs' instructions, but Metro Legal Service declined to accept service due to problems with Ms. Burns in the past.

The restrictions placed on Ms. Burns were to prevent her prior behavior with the court from reoccurring. Arguably those restrictions may not apply to a law suit in which Ms. Burns was simply one of several plaintiffs. However, in this case, Ms. Burns' has attempted to circumvent Judge Mabley's order, by adding her mother and ex-husband to sign the complaints and submit filings in this third lawsuit against the Ungermans. Judge Mabley's order was to deter the very things that have occurred in this action, many in the same manner – documents submitted by fax; documents not submitted for judicial approval; absence of affidavits of service; and a general noncompliance with the Minnesota Rules of Civil Procedure.

Ms. Burns' has blatantly disregarded Minnesota's Rules of Civil Procedure and a direct order of the Hennepin County District Court. This court is at a loss as to how to impress upon Ms. Burns and the other plaintiffs the importance of abiding by the rules, procedures and orders of the court. The rules of civil procedures exist "to secure the just, speedy, and inexpensive determination of every action." *See* Minn. R. Civ. P. 1. From the perspective of the Ungermans, the civil justice system has become a Khafkaesqe nightmare. It is the obligation of this court, using its inherent power to protect the Ungermans from any further abuse and to insure that the most recent episode does not further exacerbate the costs they may incur.

The plaintiffs must realize that they are bound by the same rules and procedures as everyone else who files a case in this court. The rules and the order of this court were not implemented to make court difficult for the plaintiff; they were implemented to

ensure a fair and just system of justice. One may not pick and chose how the rules apply; rather all rules apply equally to everyone.

The U.S. Supreme Court, and every state court in this nation, recognizes the inherent power of the courts to fashion appropriate sanctions for conduct that disrupts the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "The issue of sanctions brings to the surface the tension between the goal of discouraging abuse of the legal system and that of encouraging refinement of the law through the assertion of novel but non-frivolous legal theories." *Simon DeBartolo Group L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (C.A.2d N.Y. 1999).

The Minnesota Rules of Civil Procedure guide courts in imposing sanctions. Sanctions are permissible if a party makes representations that are presented to harass, delay or unnecessarily increase costs; are frivolous; or the allegations have no evidentiary support. *See* Minn. R. Civ. Pr. 11.02. If the sanctions are permissible, the court may, on its own initiative order sanctions that specifically state the violating conduct and direct the offending party to show cause why it is not in violation. *See* Minn. R. Civ. Pr. 11.03 (a)(1). This court has done everything in its power to give Ms. Burns, her mother and her ex-husband an opportunity to explain why this lawsuit was brought, but more importantly, why there was no attempt to comply with Judge Mabley's order. It is clear from the telephone conversation that court staff had with Kevin Burns and the Notice to Remove filed by Ms. Burns' mother that, in fact, they all knew that there was an Order to Show Cause and they voluntarily chose not to participate. Further attempts to find Ms. Burns' and personally hand her a copy of the Order to Show Cause, will only led to more expense to the Ungermans and Hennepin and Dakota County Sheriffs' offices.

A sanction must be limited to that which is sufficient to deter repetition of conduct. Minn. R. Civ. Pr. 11.03 (b). Levying civil penalties is within the trial court's discretion. *State v. Alpine Air Prod.*, 490 N.W.2d 888, 897 (Minn. Ct. App. 1992), *aff'd*, 500 N.W.2d 788 (Minn. 1993). *See also Przymus v. Commissioner of Pub. Safety*, 488 N.W.2d 829, 832 (Minn. Ct. App. 1992) ("The choice of sanctions for failure to comply with discovery is within the trial court's discretion."), *review denied* (Minn. Sept. 15, 1992). Factors to consider in applying sanctions include: (1) whether the court set a specific date by which to comply (2) whether the court warned the party about the possible sanction; (3) whether the failure to cooperate was an isolated event or part of a pattern; and (4) whether the failure to comply was willful or without justification. *See Breza v. Schmitz*, 248 N.W.2d 921, 922 (Minn. 1977) (willful or without justification); *Beal v. Reinertson*, 215 N.W.2d 57, 58 (Minn. 1974) (specific date for discovery); *Sudheimer v. Sudheimer*, 372 N.W.2d 792, 795 (Minn. Ct. App. 1985) (warning about possible sanctions); *Williams v. Grand Lodge of Freemasonry AF & AM*, 355 N.W.2d 477, 480 (Minn. Ct. App. 1984) (isolated event or part of a pattern), *review denied* (Minn. Dec. 20, 1984).

When considering these four factors in the present situation, Ms. Burns was ordered to appear and show cause on December 2, 2003 and again on December 8, 2003. She did not appear either time. Ms. Burns had notice of the possible sanctions which were stated in the standing order signed by Judge Mabley. Her failure to cooperate is a pattern, which can be tracked throughout all the cases mentioned in this order, and the noncompliance was without justification, as the court in its dealing with Ms. Burns has

not barred Ms. Burns from filing a case, rather the court has just ordered her to comply with the rules for filings.

Ms. Burns is clearly abusing the legal system through her repeated violations of improperly filing court documents and cases. She continually disregards the orders of this Court, by filing a claim that ignores a court order, and is for the improper purpose of harassing the Ungermans. For these, and the reasons stated above, Ms. Burns is in violation of Minn. R. Civ. Pr. 11.02 (c), for filing claims and allegations that have no evidentiary support, and for bringing this case before this court for the improper purpose of harassing the defendants.

Courts try not to impose sanctions on pro se litigants. When there is a rare case that requires sanctions for abusing the legal system, the sanctions range from requiring all filings to be signed by an attorney in good standing to attorney's fees and court fines. *See Tasse v. Simpson*, 842 So.2d 793, 797 (Fla. 2003) (held that petitioner was prohibited from filing any further pro se pleadings as a sanction for filing petition containing scandalous and obscene language); *Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 54-55 (D.C. 2003) (plaintiff's counsel was sanctioned for discovery violations, not making a good-faith effort to confer with opposing counsel before making nondispositive motions and filing motions which lack a legal basis); *Eckert v. Lane*, 678 F.Supp. 773, 777 (W.D. Ark. 1988) (frivolous filings caused the personnel the court and its staff, to waste substantial time in accepting for filing and disposing of the matter; as such the court imposed sanctions of $1,000); *Pollock v. University of Southern California*, 6 Cal. Rptr. 3d 122, 137 (2003) (a second suit was filed following an unsuccessful lawsuit regarding

similar claims which the doctrine of *res judicata* barred the plaintiff from relitigating; the attorney was sanctioned $3,000 for bringing a frivolous suit).

This court finds that this is one of the rare situations were sanctions are required. The sanctions this court has imposed have been tailored to accomplish these objectives.