UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



2005 JUL 11  P 12: 30

Barbara R. Burns,

        Plaintiff                CASE NO. 3-02-CV-000897(RNC)

v.

David S. King,

        Defendants            APPELLATE CASE NO. 05-0931-CV

### PLAINTIFF'S MOTION TO SUPPLEMENT RECORD ON APPEAL

As provided and required under FRAP 10(d)(e), Plaintiff/Appellant Barbara R. Burns hereby moves the United States District Court for the District of Connecticut to supplement the record on appeal to include the June 10, 2005 Letter of Susan G. McKinney, Data Practices Officer and Responsible Authority, University of Minnesota.

### OPERATIVE FACTS AND PROCEDURAL HISTORY

This action was filed on May 25, 2005 on behalf of the Plaintiff/Appellant by Connecticut attorney Earle Giovaniello in the United States District Court for the District of Connecticut, New Haven Division. Plaintiff/Appellant's to-date unmodified Complaint asserted inter alia claims of defamation and attendant emotional distress, compelled self-defamation, contract breach, and tortuous interference with prospective economic advantage.

By order dated September 29, 2004, the district court denied Defendant David King's motion to dismiss and for summary judgment; and upheld subject-matter jurisdiction, finding that the parties were citizens of the states of Minnesota and Connecticut and that the court could not find to a legal certainty that the amount in controversy claimed by Plaintiff was for a lesser amount. By order dated September 30, 2004, the court set the case on for trial.

At trial on January 14, 2005, the trial judge, among other actions, would not permit the jury to hear the testimony of Valerie Carbone, Bursar, Quinnipiac University, earlier designated by the Defendant as the responsible Quinnipiac University authority with

1

regard to the "financial good standing" claimed by the Defendant as his "substantial truth" defense to Plaintiff/Appellant's seminal defamation claim. Out of the hearing of the jury, Carbone testified under oath that the good standing policy of Quinnipiac University was set forth in its entirety on the Quinnipiac University website; and that said policy did not include a "financial good standing" component, thereby corroborating Plaintiff/Appellant's account of relevant events and refuting Defendant/Appellee's account of relevant events.

Immediately following Carbone's testimony, which proved Plaintiff/Appellant's case and which completed discredited Defendant/Appellee's substantial truth defense, the trial court dismissed the case off the merits, disclaiming subject-matter jurisdiction, thereby usurping and violating the sanctity of the jury room.

In his transcripted ruling, the trial judge expressly made reference to an administrative challenge filed by Plaintiff, asserting that the May 25, 2000 and subsequent writings regarding Plaintiff/Appellant's good standing status and communicated by the Defendant/Appellee to the University of Minnesota Law School that were the basis for the lawsuit, were inaccurate and incomplete. As the trial judge noted in his transcripted order of dismissal, the administrative hearing convened by the University of Minnesota in accordance with the Minnesota Government Data Practices Act, Minn. Stat. § 13.04, et seq. were ongoing at the time of the trial. The trial judge further acknowledged that the administrative challenge was directly relevant to the merits of the case at bar and, at the conclusion of his transcripted dismissal order, directed the Defendant to rectify the substantially false impression that the Defendant created by his statement that Plaintiff was not in good standing by the standard observed by the University of Minnesota Law School and Quinnipiac University between 2000 and the present date.

Plaintiff timely appealed the dismissal order on February 12, 2005. Prior to taking appeal, Plaintiff duly recorded a motion for recusal of the trial judge, citing bias. Plaintiff also filed a formal Affidavit of Prejudice and a Motion for a New Trial that was filed and docketed by the Clerk of the Court on or about January 18, 2005.

At approximately this same time, the Defendant issued a new communication to the University of Minnesota Law School, reiterating his May 2000 statement that Plaintiff was not in good standing because, by Defendant's unsupported account, Plaintiff

2

allegedly owed money to Quinnipiac University. Defendant issued this communication without the authorization of the Plaintiff, the data subject, in violation of the federal Family Educational Rights and Privacy Act.

Upon notification of the Defendant's January 18, 2005 communication to the University of Minnesota, Plaintiff immediately challenged it for accuracy and completeness—**and won**. On June 7, 2005, Susan G. McKinney, Data Practices Officer and Responsible Authority, notified Plaintiff that, following review of the published good standing policies of both the University of Minnesota and Quinnipiac University; the certifications of Neil H. Cogan, Dean, Quinnipiac University School of Law, overruling the Defendant and upholding Plaintiff's Good Standing status; and the official transcripts of the Deposition of David S. King and the Trial Testimony of Valerie Carbone, *the University of Minnesota concurred with Plaintiff that the Defendant's statements were not even partially accurate; and that, in accordance with Minn. Stat. 13.04, et seq., the University had removed the King correspondence from Plaintiff's University of Minnesota Law School file; and had destroyed the same, without retention of any copies.*

This motion to supplement the record on appeal follows.

## ARGUMENT

I. **THE TRIAL COURT SHOULD GRANT PLAINTIFF/APPELLANT'S MOTION TO SUPPLEMENT THE TRIAL COURT RECORD WITH THE JUNE 7, 2005 CERTIFICATION OF SUSAN G. MCKINNEY IN THE INTERESTS OF JUSTICE AND TO FACILITATE THE APPELLATE COURT'S UNDERSTANDING OF THE GOOD STANDING ISSUE**

A motion to supplement the district court record is properly made in the first instance to the trial court and is expressly authorized by FRAP 10 (d)(e). An appellate court will require a motion to supplement the record to be granted when the interests of justice so dictate and to facilitate the appellate court's understanding of a key issue. See, e.g., *Porter v. Dawson Educational Services Cooperative*, 150 F. 3d 887 (C.A.8

1998); *U.S. v. Pugh,* 2003 WL 22048360 (C.A.8 Minn); IN RE: TMJ, 113 F.3d 1484 (C.A. 8) 1997.

Here, the definition of the term "good standing" in the context of eligibility for transfer of law school coursework goes directly to the validity of the "substantial truth defense" asserted by the Defendant and refuted by Plaintiff, Defendant's own witness, Valerie Carbone, Neil Cogan, the Quinnipiac Dean and Defendant's superior, the published policies of Quinnipiac University and, now, an authorized representative of the recipient of the communication. The trial judge himself declared the administrative proceedings, concluded by McKinney in Plaintiff's favor, to be relevant to the point of instructing the Defendant to issue a written statement to the University of Minnesota, confirming that Plaintiff had committed no misconduct and that Plaintiff's grades were within the standards required to maintain good standing status at Quinnipiac University.

 Plaintiff is constrained to note that, in ordering expungement and destructions—the most drastic remedy afforded by the Minnesota Government Data Practices Act—the University of Minnesota has certified the strongest rejection of Defendant's "substantial truth" defense that the law allows and has unequivocally certified that, by the determination of the University of Minnesota, the Defendant's statement could not be construed as even partially accurate. Specifically, the Minnesota Government Data Practices Act requires destruction and expungement only in cases where the disputed record is wholly inaccurate. In cases where a mispresentation is less egregious and may be partially true, the law provides for other, less drastic remedies,

4

including modification or a statement of rebuttal. These lesser remedies were adjudged inadequate here.

Plaintiff further notes that the trial judge premised his dismissal order, now being appealed for abuse of discretion and plain error, on the "fact" that "no reasonable juror" could possibly construe Defendant's statements as damaging or injurious to Plaintiff's reputation in the University of Minnesota community. In so doing, the trial judge, employing a jurisdictional pretext that, in fact, was and is a phantom issue, usurped the fact-finding function of the jury—to which, by order dated September 29, 2004, the trial judge himself acknowledged Plaintiff was entitled.

Now, the certification of McKinney—a respected member and officer of the University of Minnesota community and, as such, the quintessential "reasonable juror"—conclusively establishes as erroneous both the Defendant's "substantial truth" defense and the trial court's usurpation of the fact-finding function. This compels a conclusion that McKinney's findings are relevant and necessary to any informed and credible disposition of the issues of the perception of Plaintiffs' reputation within the Minnesota community identified by the trial court as the relevant community; and the "substantial truth" defense offered by the Defendant that has now been formally rejected by the Quinnipiac Dean, Neil Cogan; the Quinnipiac University Bursar, Valerie Carbone; and the recipient, the University of Minnesota Law School.

## CONCLUSION

In consideration of the foregoing facts, the trial court should grant Plaintiff/Appellant's Motion to Supplement. Further, in consideration that Plaintiff/Appellant has filed an Affidavit of Prejudice, which establishes at least an appearance of bias, mandating

disqualification, the assigned trial judge should yield to another member of the United States District Court for the District of Connecticut with respect to hearing of this and any future-filed motion in this case.

DATE:                                           BY: *Barbara R. Burns*
                                                    Barbara R. Burns

## CERTIFICATION OF MAILING

I hereby certify that on July 6, 2005, I placed in an envelope postage prepaid and addressed to the parties named below Plaintiff's Motion to Supplement District Court Record and that the same was by me deposited in a U.S. Postal Box at Bloomington, Hennepin County, Minnesota.

PARTIES SERVED:

| | |
|---|---|
| Kevin Rowe | Matthew Conway |
| Clerk – U.S. District Court | Conway and Stoughton |
| 450 Main Street | 201 Ann Street |
| Hartford, CT 06103 | Hartford, CT 06103 |
| DATED: | BY: *Barbara R. Burns* |
| | Barbara R. Burns |

6

# UNIVERSITY OF MINNESOTA

**Twin Cities Campus**

*Records & Information Management*
*Office of the General Counsel*

June 7, 2005

502 Morrill Hall
100 Church St. SE
Minneapolis, MN 55455

Office: 612-625-3497
Fax: 612-626-4434
www.ogc.umn.edu
Email: mckin018@umn.edu

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

    Re:    *January 18, 2005, Letter from David S. King*

Dear Ms. Burns:

    You have requested removal from your University of Minnesota Law School file of a letter dated January 18, 2005, from David S. King from Quinnipiac University.

    The January 18, 2005, letter will be removed from your Law School file and destroyed, with no copies retained at the Law School.

Sincerely,

Susan McKinney
Records & Information Management

TMS