UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns | : | CIVIL ACTION |
|     Appellant | : | |
| | : | NO: 302CV 00897(RNC) |
| V. | : | |
| | : | |
| David S. King | : | September 9, 2005 |
|     Appellee | : | |

**APPELLEE'S SURREPLY TO APPELLANT'S REPLY TO OBJECTION TO MOTION TO SUPPLEMENT AND APPELLEE'S OBJECTION TO APELLANT'S MOTION TO STRIKE AND SEAL**

    The Appellee, David S. King, herein replies to the appellant's latest "motion" which, for purposes of brevity, will be referred to as a Motion to Seal.  In reality, the appellant's latest filing contains at least two distinct motions: namely, 1) a Reply to the Appellee's Objection to Motion to Supplement, and; 2) a Motion to Seal Trial Exhibit 37.[1]

    The Appellee is confident that the court recognizes the appellant is not, herself, a source of controlling legal authority, and will therefore disregard her numerous, unsupported assertions of the law,[2] and her equally unsupported references to alleged rulings[3] in her favor.

---

[1] The appellant erroneously characterizes Exhibit 37 as being comprised of "a January 16, 2004 memorandum by Kevin S. Burke, to which an April 2, 1997 memorandum by Daniel Mabley was appended." (Motion to Seal at 2). In fact, the 1997 Order of Judge Mabley was marked separately as Trial Exhibit 38. (See Jury Trial Transcript at 392).

[2] For instance, in explaining her rationale for sending a "courtesy copy" of her present motion to Judge Janet Atherton, the appellant asserts, without citation, that "A chief judge... is required by the federal judicial disqualification statute to yield to the next most senior member of the United States District Court."  The appellant's history of judge shopping is discussed in depth within the appellee's Objection to Motion to Recuse (filed in response the appellant's Affidavit in Support of Prejudice), and will not be addressed here again.

[3] For instance, the appellant alleges that "the January 16, 2004 Burke memorandum, inclusive of exhibits specified by Burke, has been superceded and sealed by order [sic] of Judge Jack Nordby of the Fourth Judicial District of

1

However, the appellant's latest motion contains numerous instances in which she provides statements of law which are purportedly supported by the citations to authority provided by her.

The Appellee hereby responds to the appellant's latest filing.

I. **SURREPLY TO APPELLANT'S REPLY TO OBJECTION TO MOTION TO SUPPLEMENT**

A. **The Appellant has Misrepresented Controlling Legal Authority Regarding Supplementation of the Appellate Record.**

As is addressed at length in the appellee's Objection to Motion to Supplement, the appellant seeks to supplement the record on appeal with a letter that was issued to the appellant from the University of Minnesota, <u>nearly five months after trial</u>, regarding an administrative matter that is irrelevant to the present appeal, and which clearly does not fit the very limited test for supplementation under FRAP § 10.[4]

The appellant's latest motion includes citations described as controlling Minnesota law which, according the appellant, is "valid and biding upon courts of other states." (Motion to Seal at 13). The Appellee objects to this assertion on two primary grounds. First, the appellant erroneously presumes that Minnesota law controls the issue. Second, the authority on which she relies simply does not say what appellant says it does.

---

Minnesota, *as set forth with specificity, infra*." (Motion to Seal at 2, emphasis added). The appellant's inability to provide documentation (e.g. an attached copy of the supposed Order) in support of any the rulings that are favorable to her speaks for itself.
[4] FRAP 10(e) (1) provides for the correction or modification of the record in cases where a difference has arisen after trial regarding "what occurred in the district court." Likewise, FRAP 10(e) (2) provides for correction or modification of the record "if anything material to either party is omitted from or misstated on the record."

2

**B.     Second Circuit Rules Control Matters that are Procedural Rather than Substantive.**

According to the appellant, Minnesota law is controlling in the present matter because she "designated" it to be so. (Motion to Seal at 5). This assertion is without merit.

Rather, a court of the United States sitting in diversity must look to the law of the forum state to determine the rules governing choice of law. See Zupnick v. Assoc. Press, 31 F.Supp.3d 70 (1998), citing to Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct1020, 85 L.Ed.1477 (1941). In a federal diversity action, the court applies the procedural rules of the venue state. See Feldt v. Sturm, Ruger & Co., 721 F.Supp. 403, 406 (D.Conn.1989). In regards to substantive law, however, the court may apply the laws of a sister state, as the court did here in regards to the plaintiff's substantive legal claim. See Hazlitt v. Fawcett Publications, 116 F.Supp. 538, 539(D.Conn.1953).

The Federal Rule of Appellate Procedure at issue here, namely FRAP 10, clearly is procedural in nature, because it relates to primary rather than secondary conduct. See, Landgraf v. USI Film Products, 511 U.S. 244 (1994). As such, the appellant's reliance on Eighth Circuit authority in her present motion is erroneous. Moreover, she has failed to offer a non-frivolous challenge the appellee's supported assertion that the appellant is prohibited under controlling Second Circuit authority from supplementing the record on appeal with the letter of Susan McKinney. Moreover, as will be shown, even if the laws of the Eighth Circuit did control, the appellant still would have no valid basis for supplementation of the record.

### C. The Appellant has Mischaracterized Applicable Eighth Circuit Authority.

The appellant provides various descriptions of the applicable Eighth Circuit legal standard relating to supplementation of the appellate record. As will be shown, each is invalid. Initially, she asserts that applicable FRAP rules and case-law require "only that the moving party make some showing that the <u>supplemental materials have been adjudged relevant by the district court and would, in some way, facilitate appellate review</u>." (Motion to Seal at 1-2, emphasis added). Later, the appellant offers a slightly different summary of the same "rule," explaining that, "[i]n appellant's opening Motion to Supplement Record, Appellant cited 8th Circuit authority that permits supplementation of the record in cases <u>where the trial court has determined that an ongoing collateral proceeding is relevant, but which has not been concluded as of the time the appeal was taken</u>." (Motion to Seal at 11, emphasis added).

In her initial motion to supplement, the appellant described the applicable rule as follows: "An appellate court will require a motion to supplement the record to be granted <u>when the interests of justice so dictate and to facilitate the appellate court's understanding of a key issue</u>." (Motion to Supplement at 3-4). The appellant cited the following cases in support of this assertion: <u>Porter v. Dawson Educational Services Cooperative</u>, 150 F. 3d 887 (C.A.8 1998); <u>U.S. v. Pugh</u>, 2003 WL 22048360 (C.A.8 Minn); <u>In Re TMJ</u>, 113 F.3d 1484 (C.A.8) 1997. (Motion to Supplement at 3-4).

Neither Porter,[5] nor Pugh,[6] nor In Re TMJ,[7] sets forth or supports the various interpretations of the law supplied by the appellant. Rather, the controlling Eighth Circuit rule for so supplementing the record was announced in Barry v. Barry, in which the Court noted that "the authority to enlarge a record is <u>rarely exercised</u> and constitutes a narrow exception to <u>the general rule that it is only the record made before the district court which the appellate court may consider</u>." Barry v. Barry, 78 F.3d 375 (Minn. 1996). Thus, the actual standard is substantially more difficult to satisfy than the appellant suggests.

In short, regardless of whether the law of the Second or Eighth circuit were to apply here, the appellant has failed to provide a valid basis for supplementation of the record with the post-trial correspondence of Susan McKinney.

II. **OBJECTION TO MOTION TO STRIKE AND SEAL**

a. **The appellant has provided no valid legal basis for her motion to seal.**

The appellant has failed to provide citation to valid legal authority in support of her motion to seal. For reference, the appellee notes that, under Second Circuit authority, "[t]here is a strong presumption against sealing any court records from public inspection." Rossi v.

---

[5] In Porter, the Court granted the motion to supplement where the appellant sought to supplement the record with the transcript of a tape recording that was created before trial but was not offered into evidence because it had been temporarily misplaced by appellant's counsel. The court also granted the appellant's motion to supplement the record with the finding of fact from a <u>lawsuit that had been issued prior to the filing of the complaint</u> in Porter. Porter v. Dawson Educational Service Co-op, 150 F.3d (8th Cir., 1998).

[6] Pugh involved a criminal conviction in which the defendant was ordered to pay restitution to the victim insurance company. The appellate court permitted supplementation of the record because it found that the district court had erred in calculating the amount of restitution owed by failing to include the amount of restitution which had already been paid directly to the victim insurance company. U.S. v. Pugh, 75 Fed.App. 546 (8th Cir., 2003).

[7] In In re TMJ, the plaintiff sought to appeal the granting of summary judgment in favor of the defendant, and sought to supplement the record on appeal with document which it had failed to provide to the trial court prior to its decision. The appellate court denied the motion to supplement on the grounds that documents which were not provided to the district court were <u>not eligible for addition to the appellate record</u>. In re TMJ, 113 F.3d 1484 (8th Cir., 1997).

5

West Haven Bd. Of Educ., Ruling and Order 4/05 (D. Conn. 2005, 3:03CV1247, attached) citing to Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-99, 98 (1978). "As the Second Circuit recently made clear, the public and the press have a 'qualified First Amendment right of access' to inspect and make copies of judicial documents and docket sheets." Rossi, citing to Hartford Courant Co. v. Pellegrino, 371 F.3d 49, 59 (2d Cir.2004). Moreover, "[i]n limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. Id."

In reality, a discussion of the applicable motion to seal standard is irrelevant to the appellant's present motion, because the item which she seeks to "seal" and secret from the appellate court is not of the nature of exhibits which can be sealed by this Court. First, both Trial Exhibit 37 and 38 are public records[8] which are neither maintained by, nor under the excusive control of, the trial court in Hartford. Therefore, even if the district court did seal it's copy of the exhibits, the items are public records within the state of Minnesota, and are also available to the general public electronically via legal research services such as Westlaw.[9] The appellant's motion to seal is therefore misdirected and frivolous.

b.  **The Appellant has Misrepresented Controlling Legal Authority Relating to Minnesota's Removal Rules and the status of Exhibit 37.**

In her latest brief, the appellant "moves to seal" and/or strike exhibit 37, "on the basis that the June 16, 2004 Burke memorandum, inclusive of exhibits specified by Burke, has been superceded and sealed by order [sic] Judge Jack Nordby of the Fourth Judicial District of

---

[8] The appellant's assertion to the contrary is addressed below.
[9] See Trial Transcript at 389.

Minnesota as set forth with specificity *infra*." (Motion to Seal at 2, emphasis added). In fact, the appellant comes up with a truly impressive number of ways to describe the extent to which the Exhibit 37 is no longer valid.[10] The appellant finds support for these assertions primarily in "IN RE Burns, CX 95 141 (Minn. App) 1995." (Motion to Seal at pages 5-6, foot note 6). As will be shown, the appellant's reliance on such case law is frivolous.

1.      **The Authority Relied Upon by the Appellant is No Longer Good Law.**

The appellant's assertions as to the invalidity of the "Burke memorandum" rests upon her claim that, "[u]nder the Minnesota preemptory disqualification rule, MRCP 63.03, <u>as it has been consistently interpreted by that state's highest courts</u>, any exercise of judicial power by Burke subsequent to the filing of a Notice of Removal by Appellant…is without authority." (Motion to Seal at 26, emphasis added). Among the cases cited by the appellant in support of this assertion is <u>In re the Matter of Barbara R. Burns</u>("<u>In Re Burns I</u>"), 538 N.W.2d 162 (Minn. App. 1995) ("In Re Burns I"), which the appellant maintains "upheld Barbara Burns' removal of Kevin Burke, declaring the removal to be one "of right." (Motion to Seal at 1).

In <u>In Re Burns I</u>, the Minnesota Court of Appeals reversed and remanded to the trial court for a new show cause hearing because the district court failed to honor appellant's properly filed notice to remove as of right. Subsequently, Judge Burke, who was chief judge at

---

[10] Perhaps out of the hope that if she repeats this untruth enough times, it will become the truth, the appellant characterizes the Order as "unauthorized" (Motion to Seal at 1); "superseded" (Motion to Seal at 2); "declared invalid and without authority" (Motion to Seal at 9); "invalid on its face and without authority under Minnesota law" (Motion to Seal at 16); "unauthorized, irrelevant, and not binding upon the Appellant or the court" and "substantially false, misleading, and unfairly prejudicial" (Motion to Seal at 18); deemed "void for want of due process" by the appellate court (Motion to Seal at 27), and; "not the law" and "not the public record" (Motion to Seal at 28).

7

the time and who had issued the initial order of sanctions, filed for petition of review of the decision with the Minnesota Supreme Court.  In <u>In re Matter of Barbara Burns</u>, ("<u>In Re Burns II</u>") 542 N.W.2d 389 (1996)  The Supreme Court (Coyne, J) granted review and <u>reversed the decision of the appellate court</u>, and thus reinstated the Order issued by Judge Burke which placed limits upon the appellant's communications with Court personnel.  Id.  The practical effect of this holding was to affirm the inherent authority of the Court to "restrict abusive or frivolous litigants' access to the courts and to tailor restrictions to fit a particular litigant's abuses." <u>Kuth v. Simonson</u>, 2001 WL 96124 (Minn.App. 2001, attached), citing to <u>In re Burns</u>, 542 N.W.2d 389, 390 (Minn.1996).  Thus, the appellant's continued reliance on <u>In re Burns I</u> is misplaced, as the ruling itself was expressly overturned in <u>In Re Burns II</u>.

      The appellee notes that <u>In Re Burns II</u> is not the only case law in which the appellant was directly involved that she has chosen to ignore, [11] apparently because it directly contradicts her frivolous reliance on <u>In Re Burns I</u>.  To wit, the appellant also omits reference to <u>Burns v. Ungerman</u>, 2005 WL 468304 (Minn.App. 03/01/05, attached)(Review Denied April 27, 2005).  Considered together, the holdings of <u>In re Burns II</u> and <u>Burns v. Ungerman</u>, as well as the appellant's decision to disregard them, are noteworthy for a number of reasons.

---

[11] It is difficult to imagine a more brazen violation of FRAP Rule 11(b), which states, in pertinent part:
(b) REPRESENTATIONS TO COURT.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney <u>or unrepresented party</u> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
    (2) the <u>claims, defenses, and other legal contentions therein are warranted by existing law</u> or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law [emphasis added]

As a preliminary matter, the appellee notes that the holdings of these cases directly contradict and belie the appellant's various assertions regarding the "invalidity" of Exhibit 37. In fact, the appellate court in <u>Ungerman</u> expressly upheld Chief Judge Burke's issuance of the January 16, 2004 Findings of Fact, Conclusions of Law, and Order Dismissing Case With Prejudice (a/k/a Exhibit 37), on the grounds that the Court's issuance of the order "related exclusively to Barbara Burns's actions as a disruptive nuisance litigant." This ruling confirmed that, under <u>In Re Burns II</u>, "[a] removed judge also may take action against a nuisance litigant who 'disrupt[s] the regular operation of the courts.'" <u>In Re Burns II</u>, supra. Likewise, the written ruling contains no reference whatsoever the "sealing" of any document in either case. Id. The appellant's representations to the contrary are fictive.

**3.     Exhibit's 37 and 38 are Highly Relevant to the Present Appeal Because They Pertain Directly to the Appellant's Reputation.**

Finally, and perhaps most importantly, the appellee disputes the appellant's assertion that the exhibits at issue are "irrelevant" to her appeal. (Motion to Seal at 18) The appellant directly contradicted this assertion by representing that her "reputation within the reference Minnesota community...goes directly to the issue of damages and amount-in-controversy jurisdiction."(Motion to Seal at 28). The appellee agrees wholeheartedly with the latter statement, and notes that her efforts to ignore or deny the existence of <u>In Re Burns II</u> and the subsequent, perfectly valid, orders issued by Judges Mabley and Burke must be understood within the context of her desire to preserve the validity of her claim. Specifically, her defamation action against the appellee was premised to a large degree on the assumption that,

9

at the time the allegedly defamatory statement had been made, she enjoyed a reputation within relevant Minnesota community for honesty and fitness to practice law, that was capable of being harmed by the appellee's statement.

In reality, it was the appellant's own <u>reputation for misconduct</u> within the Minnesota legal system which inspired the Minnesota Supreme Court, in <u>In Re Burns II</u>, to create the "nuisance litigant"[12] rule. <u>supra</u>. Moreover, the trial court aptly characterized Exhibit 37 as "scathing in its denunciation of [the appellant's] honesty and fitness." (Trial Transcript at 357). In short, at the time David S. King published his statement that the appellant "was not in good standing" with Quinnipiac University, the appellant had for many years built the reputation as virtual poster-child for frivolous, abusive, and vexatious litigation in Minnesota. In fact, the appellant admitted at trial that the "entire Minnesota community"[13] was aware of the Mabley and Burke orders.

**CONCLUSION**

As has been shown, the appellant, in her reply to the appellee's objection to motion to supplement, has provided no valid legal basis for the addition of the McKinney letter to the record on appeal. Also, the appellant has failed to provide a non-frivolous legal basis in support of her motion to strike or seal.

---

[12] A removed judge also may take action against a nuisance litigant who "disrupt[s] the regular operation of the courts." <u>Burns v. Ungerman</u>, infra.
[13] THE COURT: You're making the representation to me that at the time he did that, he was aware of the Mabley and Burke orders that had been entered against you?
MS. BURNS: Your Honor, the entire community is aware of it. (Trial Transcript at 452).

For the foregoing reasons, the appellee respectfully requests that the court sustain its objection to the plaintiff-appellant's motion to supplement and its objection to the present motion to strike and motion to seal exhibit 37.

DEFENDANT-APPELLEE,<br>
DAVID S. KING,

By: _____
Sean Nourie
Fed. No. ct26205
Matthew G. Conway
Fed. No. ct09612
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
fax (860) 525-1191

### **CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 9th day of September 2005, to the following pro se party:

Barbara R. Burns
980 Main Street
Hackensack, NJ 07601

_____
Sean M. Nourie

11