UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Barbara R. Burns,

      Plaintiff

v.                          CASE NO. 3-02-CV-000897(RNC)

David S. King,

      Defendants

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION AND SUR-REPLY

Plaintiff/Appellant Barbara R. Burns hereby moves to strike Defendant/Appellee David King's September 14, 2005 Memorandum in Opposition to Plaintiff's Motion to Supplement District Court Record and purported sur-reply on the basis that the same is procedurally deficient, untimely, and unauthorized under applicable Federal Rules and Local Rules. This motion is supported by the Certification of Barbara R. Burns.

### PRELIMINARY STATEMENT

On September 15, 2005, Plaintiff/Appellant received ECF notification by the Clerk of the United States District Court for the District of Connecticut that the Clerk had filed Defendant's opposing memorandum and purported sur-reply on September 14, 2005. Plaintiff/Appellant notes that the district court had previously communicated to both parties that a filing deadline of September 9, 2005 would apply to any opposing memorandum filed by the Defendant/Appellee. To date, there has been no mailed service of the opposing memorandum/sur-reply upon Plaintiff/Appellant.

### FACTS AND RELEVANT PROCEDURAL HISTORY

Plaintiff/Appellant timely appealed from a January 14, 2005 order of the United States District Court for the District of Connecticut on February 12, 2005. At this same time, Plaintiff/Appellant filed a petition for a writ for mandamus to compel disqualification of the trial judge and reinstatement of the jury trial entitlement. On February 24, 2005, Appellant filed a Transcript Request and Designation of Appellate Record, specifying

1

separate appendices. The Appellee did not file a timely objection or cross-designation of the record. On March 22, 2005, the Second Circuit Court of Appeals accepted appellate jurisdiction and issued its briefing order.

At approximately this same time, Appellant duly notified the district court that certain of Appellee's Exhibits and other district court filings had been superceded and that Appellant wished to file a motion to supplement the district court record on appeal. The district court authorized Appellant to file a motion to supplement the record, as provided and authorized by FRAP 10.

Appellant duly filed the authorized Motion to Supplement District Court Record on or about July 1, 2005. Defendant/Appellee opposed the Motion to Supplement by filing a memorandum in opposition. As noted, the oppositional memorandum consisted of little more than an *ad hominieum* [1] attack upon both Appellant and Susan McKinney, the University of Minnesota Data Practices Officer who formally rejected as inaccurate and incomplete the May 24, 2000 and January 18, 2005 letter correspondence of David King to University of Minnesota Law School Deans Thomas Sullivan and Alex Johnson that gives rise to Plaintiff's defamation claim at bar. Defense counsel Nouri—who did not represent Defendant at trial and who, further, was adjudged by lead counsel Conway as too inexperienced to do so—also misstated and mischaracterized the record on appeal and certain key facts and relevant procedural history.

Plaintiff duly and timely filed a timely and authorized reply-memorandum, noting these and other inaccuracies, and responding to what little legal argument that was contained in Appellee's oppositional memorandum. As Plaintiff duly noted, the argument of defense counsel—who are apparently incapable of acknowledging that the necessity of the remedy afforded by Susan McKinney might have something to do with the Defendant

---

[1] Among other statements, defense counsel attempts to comment upon legal proceedings in which the defendant and his attorneys did not participate and have no standing. Defense counsel also characteristically disparages Appellant's legal arguments without specifically identifying and identifying specific deficiencies, apparently overlooking the fact, verifiable by the court record, that defense counsel lost virtually every motion that was premised upon substantive legal argument and not manipulation of procedural rules, including, but not limited to, choice of law and jurisdiction. Given these facts, the court cannot and should not look to defense counsel's legal analysis and argument as authoritative. To the contrary, taking into account the fact that it is a matter of court record that virtually every motion that turned on the law was decided in favor of the pro se Plaintiff because defense counsel were unable to make legal arguments that were more persuasive that those made by the pro se Plaintiff, it is difficult to imagine any person less competent than defense counsel to make substantive legal argument, as opposed to technical argument, in this case.

2

and not the Plaintiff or McKinney—was purely technical, having nothing to do with the facts, the law, or the merits. Defense counsel also repeatedly misquoted case law that was decidedly off-point. [2]

At the same time that Plaintiff reply-briefed Defendant's opposing memorandum to Plaintiff's Motion to Supplement, Appellant filed a motion to seal certain portions of the trial court record. By ECF notification to both parties, the district court communicated a deadline of September 9, 2005 for Defendant to file and serve opposing memoranda to Appellant's motion to seal. There is no court order authorizing any extension of briefing or sur-reply with respect to Appellant's motion to supplement, which would be required for the Defendant/Appellee to file an authorized sur-reply under the Federal Rules.

Appellee did not file and serve opposing memoranda on or before expiration of the September 9, 2005 deadline. Specifically, the court docket confirms that Appellee's opposing memorandum and unauthorized sur-reply were docketed on September 14, 2005. As noted, Appellee has **not** effected mailed service of the memorandum upon Appellant.

The court has confirmed to Appellant that Appellant need not accept electronic service and that Appellant is entitled to mailed service. The court has further confirmed that Appellant's remedy for deficient service of an unauthorized motion is to move the court to strike the memorandum.

This motion to strike follows.

---

[2] Similar to defense counsel's misapprehension of "substantial truth" as an absolute defense to any defamation claim asserted by Plaintiff, which the trial court rejected on September 29, 2004, defense counsel appear to argue in opposition to Plaintiff's motion to supplement that this Connecticut trial court, sitting in diversity, should reject decisional authority, premised upon substantially similar facts, because it emanates from an Eighth Circuit panel and not a Second Circuit panel. Specifically defense counsel appear to argue that the Connecticut district court is required to reject Eighth Circuit decisional authority that is procedural in nature. This is not an accurate statement of the law. As a matter of law, a Second Circuit trial court **must accept** Second Circuit decisional authority, but, conversely, is **not required to reject** decisional authority of other federal circuits.

3

## ARGUMENT

I. <u>THE COURT SHOULD STRIKE DEFENDANT-APPELLEE'S SEPTEMBER 14, 2005 MEMORANDUM AS PROCEDURALLY DEFICIENT AND UNTIMELY UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, WHICH REQUIRE SERVICE UPON ALL OPPOSING PARTIES AND WHICH DO NOT PERMIT SUR-REPLY EXCEPT AS AUTHORIZED BY THE COURT</u>

As a preliminary matter, Plaintiff notes that the Defendant is represented by not one but two experienced Connecticut trial attorneys, one of whom, Attorney Conway, is a Certified Civil Trial Specialist. Consequently, Defendant cannot claim, and is clearly not entitled to, the latitude that is properly accorded to a pro se party, by the determination of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

Plaintiff is further constrained to note that—notwithstanding an early ruling by the trial court that this case would not turn on technical arguments and, for lack of a better term, "gamesmanship"—the merits of this case have routinely been sacrificed at the alter of technicality. In illustration, Defendant moved to strike Plaintiff's First Set of Admissions to Defendant on ground that the requested admissions, which defense counsel admitted that he received, were served upon defense counsel electronically and not by mail. It is a matter of record, verifiable by the court docket and file, that Magistrate Donna Martinez granted Defendant's motion to strike the discovery, stating that Plaintiff could "re-serve" it. The district court upheld the magistrate's ruling, striking the discovery on the basis that electronic service was deficient.

Similarly, notwithstanding that pro se filings are to be viewed with liberality and patience and liberally construed in favor of their sufficiency, defense counsel have never hesitated to ask the court to strike Plaintiff's pro se filings on the basis that the filings are

non-conforming to the procedural requirements imposed by the Federal Rules of Civil Procedure and the Local Rules applicable to the District of Connecticut. Indeed, at defense counsel Conway's urging, Magistrate Martinez issued numerous orders rejecting Plaintiff's pro se filings, citing purely procedural deficiencies, certain of which were demonstrated as fabricated.

In consideration of these facts and the previous rulings by this court, based upon substantially the same facts as those presented herein, the court should summarily strike Defendant's September 14, 2005 oppositional memorandum on the basis that Defendant did not effect proper mailed service, of which Plaintiff promptly advised the court upon receipt of the September 14, 2005 ECF Notice; and on the basis that there is no court order authorizing a sur-reply to Plaintiff's timely, proper, and authorized Motion to Supplement Record on Appeal. At the very least, the court should require the clerk of the court to return Defendant's non-conforming filing and require defense counsel to re-file a corrected memorandum with proof of service by mail and exclusion of addition argument in opposition to Plaintiff's Motion to Supplement Record. The court should further accord Plaintiff, the moving party, the opportunity to reply-brief in response to Defendant's arguments in opposition to Plaintiff's Motion to seal certain parts of the district court record, as the Federal Rules of Civil Procedure authorize and require.

## CONCLUSION

The court should grant Plaintiff's Motion to Strike and require the Defendant to serve and file a corrected Memorandum in Opposition; and should further permit Plaintiff to reply-brief in response to the corrected Memorandum.

DATED: September 16, 2005           BY: /s/ Roxane C. Burns

5

## CERTIFICATION OF MAILING

I hereby certify that on September 15, 2005, the foregoing Motion to Strike was filed by mail and served upon Conway and Stoughton, 201 Ann Street, Hartford, CT 06103.

DATED: September 15, 2005                              BY: *[signature]*
                                                           Barbara R. Burns