UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Barbara R. Burns : | | CIVIL ACTION |
|     Appellant : | | |
| : | | NO: 302CV 00897(RNC) |
| V. : | | |
| : | | |
| David S. King : | | February 10, 2006 |
|     Appellee : | | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO VACATE

The defendant, David S. King, hereby objects to the motion to vacate filed by the plaintiff, Barbara R. Burns, on or about January 20, 2006, on the grounds that the district court lacks the necessary jurisdiction to grant the plaintiff's rule 60(b) motion to vacate ("Motion to Vacate). As will be shown, however, the district court has jurisdiction to "entertain and deny" the plaintiff's present motion. Since the Court lacks jurisdiction to grant the plaintiff's motion to vacate, the defendant will not respond or reply to the numerous misrepresentations[1] contained within the plaintiff's latest motion.

---

[1] For instance, the plaintiff continues to insist that the trial court's ruling in favor of the defendant was not on the merits. (Motion to Vacate at 15) In fact, the Second Circuit Court of Appeals expressly held that the trial court had effectuated an "alternative grounds" dismissal against the plaintiff "on the merits." (Summary Order, attached, at 3, "Even assuming *arguendo* that the District Court had possessed subject matter jurisdiction over the action, we would nonetheless be required to <u>affirm on the merits</u>, as we find no error in the alternative grounds for dismissal the District Court provided on the record.")(emphasis added).

1

**RELEVANT PROCEDURAL HISTORY**

This matter proceeded to trial on January 11, 2005. On January 14, 2005, the Court entered judgment in favor of the defendant from the bench. Thereafter, on January 18, 2005, the Deputy Clerk issued written judgment in favor of the defendant.

The plaintiff appealed the decision. On December 23, 2005, the Second Circuit Court of Appeals affirmed the decision of the trial court, on the grounds that "all of plaintiff's contentions" were "without merit." (Summary Order 12/23/05). More specifically, the Court of Appeals affirmed the trial court's *sua sponte* dismissal of subject matter jurisdiction, which was based on the finding by the trial court that the plaintiff had "procure[d] the Court's jurisdiction on the basis of misrepresentations," and that such misrepresentations "were sufficient" to negate her good faith "in alleging the amount in controversy in the complaint." (Summary Order 12/23/05).

On or about January 6, 2006, the plaintiff filed a petition for rehearing en banc which is still pending with the Second Circuit Court of Appeals.

**LEGAL AUTHORITY AND ANALYSIS**

The plaintiff, upon the filing of her notice of appeal, "stripped" the district court of jurisdiction to grant the plaintiff's present motion to vacate. See, Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir.1992). However, there is a limited exception to the "general rule that district courts lose jurisdiction upon appeal of a final judgment." Id. Specifically, the Second Circuit "allows a district court either to 'entertain and deny the rule 60(b) motion' without the circuit court's permission, or 'grant a rule 60(b) motion

2

after an appeal is taken ... if the moving party obtains permission from the circuit court." <u>Oneida Indian Nation of New York v. County of Oneida</u>, 214 F.R.D. 83 (N.D.N.Y. March, 2003) citing to <u>King v. First American Investigations, Inc.</u>, 287 F.3d 91, 94 (2d Cir.)(2002).

    Here, the plaintiff has not moved for permission from the Second Circuit Court of Appeals to file her present motion to vacate. As such, the district court only has the jurisdictional authority to "entertain and deny" the plaintiff's present rule 60(b) motion. The defendant respectfully requests that this court do just that.

                        DEFENDANT,
                        DAVID S. KING,

By:_____
    Sean Nourie
    Fed. No. ct26205
    Matthew G. Conway
    Fed. No. ct09612
    Conway & Stoughton, LLP
    201 Ann Street
    Hartford, CT 06103
    (860) 525-5529
    fax (860) 525-1191

## **CERTIFICATION**

      This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 10th day February 2006, to the following pro se party:

Barbara R. Burns  
980 Main Street  
Hackensack, NJ 07601

                                                      _____  
                                                          Sean M. Nourie