MANDATE

CT/NH
02-cv-0897
Chatigny
Martinez

FILED

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

2006 APR -5 P 3: 25

U.S. DISTRICT COURT

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December, Two thousand five.

PRESENT:
    JON O. NEWMAN
    JOSÉ A. CABRANES
    PETER W. HALL
        *Circuit Judges*

UNITED STATES COURT OF APPEALS
FILED
DEC 23 2005
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BARBARA R. BURNS,

    *Plaintiff-Appellant,*

    -v.-                           No. 05-0931-cv

DAVID S. KING,

    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARING FOR APPELLANT:**    BARBARA R. BURNS, *pro se*, Hackensack, NJ

**APPEARING FOR APPELLEE:**    MATTHEW G. CONWAY, Conway & Stoughton, LLP, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Chief Judge*).

1

Issued as mandate 3-27-06

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Barbara Burns brought this diversity action *pro se*, alleging that defendant David S. King, the Associate Dean of the Quinnipiac University School of Law, defamed her by sending a letter to the Dean of the University of Minnesota Law School asserting that she was no longer a student in good standing at Quinnipiac.[1]  Plaintiff sought damages in compensation for her alleged injuries, which included harm to her reputation in the community, as well as to her emotional, psychological and physical health.  In addition, she claimed loss of earnings and prospective economic injury.  In advance of trial, defendant moved to dismiss the complaint for lack of subject matter jurisdiction because plaintiff could not meet the amount in controversy requirement of the diversity jurisdiction statute, *see* 28 U.S.C. § 1332(a) (amount in controversy must exceed $75,000), and moved for summary judgment.  The District Court denied those motions and the action proceeded to trial in January 2005.

Following the completion of Burns' case-in-chief, defense counsel moved for judgment as a matter of law, and, after hearing argument, the District Court granted the motion.  The Court determined that plaintiff failed to present any credible evidence upon which a reasonable jury could premise a finding that defendant's statement regarding plaintiff's lack of good standing was false in light of uncontroverted testimony that her university account reflected unpaid bills of over $11,000 and that financial delinquency was a ground for denial of good standing.  The Court also concluded that plaintiff's claim for defamation *per se* failed as a matter of law and that she had not proffered any credible evidence of harm to her reputation or career.  In addition, the Court *sua sponte* raised the issue that plaintiff failed to meet the amount in controversy requirement because she had withdrawn her allegations of emotional injury during the trial.  The Court explained that plaintiff had consequently procured the Court's pre-trial ruling denying defendant's motion to dismiss for lack of subject matter jurisdiction "on [a] basis that was misleading at best." Trial Tr., Jan 14, 2005, at 10.  Accordingly, the Court dismissed the case and entered judgment in defendant's favor on January 18, 2005.  On February 7, 2005, plaintiff brought a motion for a new trial, which has not been adjudicated by the District Court.

---

[1] The letter at issue read as follows:

May 24, 2000

Dean Thomas Sullivan
University of Minn. Law School

VIA FAX

Dear Dean Sullivan:

Barbara Burns is a student at this law school.  She is in possession of a letter from Dean Cogan to you dated Jan. 4, 2000, stating that she is in good standing and may take up to 11 credits for transfer here.

As of this date, that is no longer the case.  She is not in good standing, nor will we accept transfer credits.  Should you have any questions, please call.

Sincerely,
/s/
David S. King
Associate Dean

On appeal, plaintiff contends that the District Court erred in the following respects: (1) ruling that she did not satisfy the amount-in-controversy requirement; (2) granting judgment as a matter of law; (3) exhibiting bias against plaintiff; (4) not permitting the jury to hear the testimony of Quinnipiac's former Bursar, Valerie Carbone; (5) improperly questioning Ann Traverso, Quinnipiac's former Director of Financial Aid; (6) refusing to admit evidence of plaintiff's performance as a student; (7) admitting evidence of prior sanctions imposed by courts in Minnesota against plaintiff for improper conduct in connection with other lawsuits and refusing to admit evidence of the alleged subsequent removal from the bench of the sanctioning judges; and (8) failing to construe plaintiff's allegations liberally and denying her leave to amend her complaint. Defendant argues that we lack jurisdiction to entertain the appeal because the District Court has yet to rule on plaintiff's outstanding motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a), *see* Fed. R. App. P. 4(a)(4)(B)(i) (if a party files a notice of appeal after judgment but before the court decides a motion for a new trial pursuant to Rule 59, "the notice becomes effective to appeal . . . when the order disposing of the . . . motion is entered"), and that plaintiff's contentions are without merit. We assume the familiarity of the parties with the arguments on appeal, as well as the underlying facts and the procedural history.

Burns failed to file her motion for a new trial within ten days of the entry of the District Court's judgment, as required by Federal Rule of Civil Procedure 59(b). The late-filed motion will not stay the effectiveness of the notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i). *See Hodge v. Hodge*, 269 F.3d 155, 157 (2d Cir. 2001) ("Where, as here, the notice of appeal is filed prior to the disposition of a postjudgment motion, the notice of appeal 'becomes effective' only upon the district court's disposition of all *timely* postjudgment motions." (emphasis added)).[2] The pending motion for a new trial does not therefore deny us jurisdiction to consider plaintiff's appeal.

The District Court did not err in concluding that it lacked subject matter jurisdiction over the action. The existence *vel non* of subject matter jurisdiction, regardless of when considered, is determined as of the time of the filing of the complaint, *see Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003), but jurisdictional issues are "not waivable and may be raised at any time by a party or by the court *sua sponte.*" *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of establishing a reasonable probability that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met. *Scherer*, 347 F.3d at 397. There is, however, a rebuttable presumption that the face of the complaint contains a good faith representation of the amount that is actually in controversy. *Id.* "To overcome [that] . . . presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (quotation marks omitted).

---

[2] As the time for filing a Rule 59 motion cannot be enlarged, Fed. R. Civ. P. 6(b), the District Court should have construed the untimely motion for a new trial as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993) (So-called "10-day motions," including those brought pursuant to Rule 59, which are filed after the ten day period has expired "no matter how styled, are to be treated as Rule 60(b) motions."). Nevertheless, according to its terms, Federal Rule of Appellate Procedure 4(a)(4) only stays the effectiveness of the notice of appeal if a pending Rule 60(b) motion was filed within ten days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 n.2 (5th Cir. 2004) (Because plaintiffs filed their Rule 60 motion more than ten days after the District Court had entered judgment, the effective date of the notice of appeal was not delayed pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i)).

Plaintiff unequivocally withdrew her emotional damages allegations at trial even though, as the District Court explained, she had "opposed the motion to dismiss for lack of jurisdiction . . . by emphasizing her emotional distress damages." Trial Tr., Jan. 14, 2005, at 9. The District Court stated that the jurisdictional amount could not have rested on her other purported injuries because it would have been "frivolous for the plaintiff to contend that but for the defendant's statement she would have been employed at a prestigious law firm as a summer associate. I don't think anyone could make that claim in good faith." *Id.* at 9-10. Accordingly, the Court determined that plaintiff had "procure[d] the Court's jurisdiction on the basis of misrepresentations." *Id.* at 10. Plaintiff's misrepresentations were sufficient to "'negat[e] [her] good faith'" in alleging the amount in controversy in the complaint. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785-86 (2d Cir. 1994) (first alteration in original)). The face-of-the-complaint presumption was therefore overcome and it was evident "to a legal certainty" that the District Court was deprived of jurisdiction because the amount recoverable fell below the statutory requirement. *Scherer*, 347 F.3d at 397.

Even assuming *arguendo* that the District Court had possessed subject matter jurisdiction over the action, we would nonetheless be required to affirm on the merits, as we find no error in the alternative grounds for dismissal the District Court provided on the record. In addition, despite plaintiff's contentions, the District Court did not abuse its discretion in its evidentiary rulings. *See United States v. Taubman*, 297 F.3d 161, 164 (2d Cir. 2002) (abuse of discretion standard for reviewing evidentiary determinations). Plaintiff's conclusory allegations that the presiding District Judge was "biased and unfit to sit," Appellant's Br. at 24, are unsupported by the record. Moreover, plaintiff has pointed to nothing in the record suggesting that the District Court failed to construe her complaint liberally, *see Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005) (*pro se* pleadings to be construed liberally), or that she ever sought, let alone was denied, leave to amend her complaint.

In sum, we find all of plaintiff's contentions on appeal to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By *Oliva M. George*

Oliva M. George, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, **CLERK**

by___*Stegler*___
**DEPUTY CLERK**

4